## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| STEPHEN PHILLIPS and MARY TOURVILLE-PHILLIPS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CALIBER HOME LOANS, INC.<br><br>Defendant. | Case No.: 19-cv-02711-WMW-LIB<br><br><br>**AMENDED CLASS ACTION COMPLAINT** |

## NATURE OF THE ACTION

1. Defendant Caliber Home Loans, Inc. ("Caliber"), one of the largest servicers of residential mortgages in the country, routinely breaches uniform terms in Federal Housing Administration ("FHA") mortgages by assessing and collecting fees from borrowers that are prohibited by both the mortgage and FHA rules.

2. A mortgage servicer such as Caliber works pursuant to an assignment of servicing rights agreement with the mortgage lender or holder. Under such an agreement, the servicer performs the everyday tasks of managing the loan, such as collecting payments and allowable fees, applying payments, managing escrow accounts, and, in the event of a default, enforcing the mortgage through foreclosure.

3. The assignment of servicing rights agreement transfers the lender's servicing rights under the mortgage, as well is its obligations. Servicers are bound by the terms of the mortgage.

4. The FHA requires all loan servicers, including Caliber, to be approved by the

FHA before servicing any loans. Loan servicers, like Caliber, are paid loan servicing fees out of the interest paid by FHA borrowers. In exchange for the regular loan servicing fees paid for by borrowers' monthly interest payments, Caliber and other FHA approved loan servicers agree to follow the FHA's rules regarding loan servicing, as implemented by the Secretary of Housing and Urban Development ("HUD").

5.  FHA approved loan servicers, like Caliber, may collect additional revenue for additional work performed for the borrower. But the uniform FHA mortgage agreement explicitly limits additional fees only to those specific fees authorized by the Secretary of HUD. Exhibit 1, Mortgage, ¶ 8.

6.  Caliber abuses its position as mortgage servicer by charging FHA borrowers a fee to make their mortgage payments online or over the phone ("Pay-to-Pay fees"). Pay-to-Pay fees are set by Caliber, not the FHA or the HUD Secretary. In fact, HUD has never authorized any Pay-to-Pay fee.

7.  Plaintiffs Stephen Phillips and Mary Tourville-Phillips have incurred more than ten fees of $3.50 per transaction for making a mortgage payment online or over the Caliber app using an automated clearing house ("ACH"). An ACH is a computer-based clearing house that automatically transfers funds between banks.

8.  Members of the Class Plaintiffs seek to represent have paid between $3.50 – $15.00 per Pay-to-Pay fee. In addition to the $3.50 ACH fee, Caliber also charges Class Members $15.00 per transaction made through Speedpay, an automated telephone system operated by Western Union.

9.  In addition to being unauthorized, a substantial amount of the $3.50 or more of the fees paid by Plaintiffs and Class Members is unearned profit by Caliber. The cost of actual

work performed, e.g., the cost to Caliber, is either nothing because Western Union processes the Pay-to-Pay transactions for Caliber, or substantially less than the fee Caliber collects. The typical cost for an ACH or phone transaction is approximately $0.50 per transaction.

10. Here, Caliber pockets the difference between the actual cost of the Pay-to-Pay transaction and the amount it pays Western Union to process the Pay-to-Pay transaction. This is as much as $3.00 to $14.50 per transaction paid by Class Members.

11. On behalf of themselves and all others similarly situated, Plaintiffs seek injunctive, declaratory, and compensatory relief against Caliber for its breaches of contract.

## PARTIES

12. Plaintiffs Stephen Phillips and Mary Tourville-Phillips are citizens of the State of Minnesota.

13. Defendant Caliber Home Loans, Inc., is incorporated in the State of Delaware and maintains its principal place of business in the State of Texas.

## JURISDICTION AND VENUE

14. Pursuant to Defendant's removal notice, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C § 1332(d), the Class Action Fairness Act of 2005.

## COMMON FACTUAL ALLEGATIONS

*The FHA And FHA Servicers*

15. The Federal Housing Administration insures mortgages made by FHA-approved lenders throughout the United States.[1] FHA insurance protects lenders against losses resulting

---

[1] *See* HUD.gov – The Federal Housing Administration History, https://www.hud.gov/program_offices/housing/fhahistory (last visited on April 2, 2019).

3

from borrower default, paying a claim to the lender in the event of a borrower's default.[2]

16.     In this way, FHA insurance serves as an incentive to private lenders to make loans to would-be homebuyers whose credit score and inability to pay a significant down payment make it difficult for them to obtain a home loan on reasonable terms.

17.     And, at the same time, FHA borrowers are given additional protections because their loans are subject to FHA lending and servicing rules.

18.     Only FHA-approved mortgagees can service FHA mortgages. Ex. 2, FHA Single Family Housing Policy Handbook 4000.1 ("FHA Handbook"), at 3, § III.A.1.[3] Caliber is an FHA-approved mortgagee that can make and service FHA mortgages.

19.     As an FHA-approved mortgage servicer, Caliber agreed to service FHA mortgages in accordance with FHA requirements and all applicable laws. *Id.* at 3, § III.A.1.a.ii.[4]

20.     Caliber must annually acknowledge that it is now, and was at all times throughout the Certification Period, subject to all applicable HUD regulations, Handbooks, Guidebooks, Mortgagee Letters, Title I Letters, policies and requirements, as well as Fair Housing regulations and laws.[5]

21.     The only way for Caliber to be able to service Plaintiffs' and Class Members' loans is to be an approved FHA servicer. Therefore, when Caliber acquired the servicing rights

---

[2] *Id.*

[3] The pagination for pinpoint citations will be to the page numbers assigned by the CM/ECF system at the top of each page.

[4] The FHA Single Family Housing Policy Handbook 4000.1, is available at https://www.hud.gov/sites/dfiles/OCHCO/documents/4000.1hsgh.pdf (last visited November 26, 2019).

[5] *See*, FHA Lender Annual Certifications: Supervised and Nonsupervised Mortgagees, Changes Implemented 8/1/2016, https://www.hud.gov/sites/documents/SFH_COMP_SUPERNONSUPER.PDF (last accessed on November 27, 2019).

to the mortgages of the Phillips and other Class Members, it agreed to service the mortgages in accordance with all "applicable requirements," which included: (1) the terms of the mortgages, and (2) the requirements of any applicable federal, state and local laws, rules, regulations, and guidelines.

***FHA Uniform Mortgages Restrict Fees That Can Be Collected By Lenders And Servicers***

22. FHA mortgages must use the HUD Model Mortgage Form ("Uniform Mortgage"). HUD Handbook, 4155.2, § 12.A.2.a.[6]

23. The Uniform Mortgage requires that its covenants bind successors and assigns. Ex.1, ¶ 12 ("The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender.").

24. The Uniform Mortgage contains a uniform provision limiting fees and charges, stating that "Lender may collect fees and charges authorized by the Secretary [of HUD]." Ex. 1, ¶ 8.

25. The FHA Handbook contains a list of fees and charges that are authorized and may be collected, to the extent they are reasonable and customary and meet other criteria. Ex. 2 at 5, § III.A.1.f.ii.(A) ("[t]he Mortgagee may collect certain reasonable and customary fees and charges from the Borrower after the Mortgage is insured and *as authorized by HUD below*").

26. The list of authorized fees and charges is at Appendix 3 to the Handbook. *Id.* at 7–13.

27. Pay-to-Pay fees are not on the list of authorized fees and charges.

28. According to the Handbook, authorized fees and charges must also meet other requirements, in addition to being HUD-authorized, including that they be "based on *actual cost*

---

[6] https://www.hud.gov/sites/documents/41552HSGH.PDF (last accessed on November 23, 2019)

*of the work performed or actual out-of-pocket expenses* and not a percentage of either the face amount or the unpaid principal balance of the Mortgage; and within the maximum amount allowed by HUD." *Id.* at 5–6, § III.A.1.f.ii.(A).

29.     Pay-to-Pay fees do not meet this requirement because the fees charged by Caliber vastly exceed the actual cost of the work performed by Caliber or Western Union.

30.     The Uniform Mortgage explicitly incorporates by reference the FHA rules regarding authorized fees and charges.

31.     As an assignee, Caliber is bound by terms of the Uniform Mortgage, including the limitation on fees and charges that can be collected, and the obligation to abide by the terms of the Uniform Mortgage. As an assignee, Caliber assumed the obligations of the assignor.

32.     Alternatively, as an agent of the lender, acting on behalf of the lender and at its direction and under its control, Caliber is bound by the Uniform Mortgage's limitation on fees and charges that can be collected.

### ALLEGATIONS AS TO PLAINTIFFS' TRANSACTIONS

33.     Plaintiffs executed a standard form FHA Uniform Mortgage to purchase their property in Two Harbors, Minnesota. Ex. 1.

34.     The rights to service the Plaintiffs' mortgage was assigned to Caliber, along with the lender's obligations under the mortgage.

35.     Section 8 of their form FHA-insured mortgage, entitled "Fees," states, "Lender may collect fees and charges *authorized by the Secretary* [of HUD]." *Id.* at ¶ 8. (emphasis added).

36.     As alleged above, the Secretary has not authorized Pay-to-Pay fees.

37.     As alleged above, even if they were authorized, the Pay-to-Pay fees exceeded Caliber's out-of-pocket costs for providing the service.

6

38. On information and belief, which can be confirmed through review of Defendant's records, Caliber incurs a cost or pays Western Union only about $0.50 or less per Pay-to-Pay transaction processed for making a mortgage payment.

39. The $3.50–$15.00 fees Caliber charges its borrowers in Pay-to-Pay fees violates FHA rules, which are incorporated by reference into Plaintiffs' Uniform Mortgage.

40. Plaintiffs Stephen Phillips and Mary Tourville-Phillips have paid $3.50 in unauthorized Pay-to-Pay fees in numerous months, including as recently as August 2019.

41. Caliber did not disclose to the Phillips or other Class Members that its Pay-to-Pay fees were not allowed under their mortgage, were not authorized under FHA rules, and exceeded the actual cost to Caliber by a wide margin.

## CLASS ALLEGATIONS

42. Plaintiffs bring this action on behalf of themselves and all others similarly situated pursuant to Fed. R. Civ. P. 23, *et seq*. This action satisfies the numerosity, commonality, typicality, adequacy, and predominance requirements of Rule 23(a) and 23(b)(3).

43. Plaintiffs seek certification of the following class:

All persons in the United States (1) with an FHA-insured mortgage (2) serviced by Caliber (3) who were charged one or more Pay-to-Pay fees and (4) whose mortgages contained language the same as or substantially similar to the uniform covenants in the Security Instrument.

44. Plaintiffs reserve the right to modify or amend the proposed class definition before the Court determines whether certification is appropriate.

45. Excluded from the Class are Defendant, and Defendant's parents, subsidiaries, affiliates, officers and directors, any entity in which Defendant has a controlling interest, all mortgagors who make a timely election to be excluded, governmental entities, and all judges

assigned to hear any aspect of this litigation, as well as their immediate family members, and members of the staffs of the judges to whom this case should be assigned.

46. The members of the Class are so numerous that joinder is impractical. While the exact number of Class Members cannot be determined without discovery, Plaintiffs believe that the Class consists of at least thousands of members, the identity of whom, upon information and belief, can be readily determined upon review of records maintained by Defendant.

47. The claims of the representative Plaintiffs are typical of the claims of the Class in that the representative Plaintiffs, like all members of the Class, have an FHA-insured mortgage serviced by Defendant and were charged Pay-to-Pay fees that violate the FHA rules and regulations and the express terms of the mortgage contracts. As such, the factual basis of Caliber's misconduct is common to all members of the Class.

48. There are numerous questions of law and fact common to the Class and those common questions predominate over any questions affecting only individual members of the Class.

49. The predominating common questions of law and fact include:

    i. Whether, and in what amount, Caliber may charge Pay-to-Pay fees to borrowers with FHA-insured Security Instruments;

    ii. Whether charging such fees violates HUD rules and regulations;

    iii. Whether charging such fees violates provisions of a standard FHA Security Instrument;

    iv. What is the proper method or methods by which to measure damages caused by Caliber's breaches of the standard terms of FHA Security Instruments; and

    v. Whether the charging of Pay-to-Pay fees constitutes unjust enrichment.

50. Plaintiffs' claims are typical of the claims of other members of the Class, in that they arise out of the same acts, namely Caliber assessing fees to borrowers that are not permitted

by contract. Plaintiffs have suffered the harms alleged and have no interests antagonistic to the interests of any other member of the Class.

51. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers and against financial institutions. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the members of the Class.

52. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the amount of each Class Member's claims are small relative to the complexity of the litigation, and due to the financial resources of Caliber, no member of the Class could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the members of the Class will continue to suffer losses and Caliber's misconduct will proceed without remedy.

53. Even if members of the Class could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

54. Alternatively, certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because it is clear that declaratory and injunctive relief is appropriate respecting the Class as a whole.

## CLAIMS FOR RELIEF

### COUNT I: Breach of Contract

55. Plaintiffs incorporate paragraphs 1 through 54.

56. Plaintiffs have an FHA-insured mortgage that is serviced by Caliber pursuant to an assignment from the lender. The assignment of servicing rights also transferred the lender's corresponding obligations under the mortgage.

57. Members of the Class have or had FHA-insured mortgages that were serviced by Caliber either as the holder of the loan or pursuant to an assignment from the lender.

58. FHA rules and regulations concerning what fees a mortgage servicer may charge are incorporated by reference into Plaintiffs' and Class Members' mortgages.

59. Caliber is bound by the terms of Class Members' mortgages.

60. Plaintiffs and Class Members performed all conditions precedent to enforcing the terms of their mortgages.

61. Caliber improperly charged Pay-to-Pay fees contrary to the express terms of Class Members' mortgages that prohibit the charging of fees not authorized by the Secretary of HUD.

62. Moreover, the Pay-to-Pay fees Caliber charged exceed Caliber's out-of-pocket costs by several hundred percent.

63. Caliber did not disclose this spread to Plaintiffs or members of the Class.

64. As a proximate cause of that breach, Plaintiffs and members of the Class have been damaged by paying fees that should not have been assessed against them and which Caliber was not entitled to collect.

65. On behalf of the themselves and the Class, Plaintiffs seek declaratory, injunctive, and compensatory relief.

### COUNT II: Breach of Implied Duty of Good Faith and Fair Dealing

66. Plaintiffs incorporate paragraphs 1 through 54.

67. A duty of good faith and fair dealing is implied in Plaintiffs' and Class Members' mortgages, and Caliber is bound by this duty.

68. Caliber breached the duty of good faith and fair dealing by its actions described above, including: when it did not act reasonably and consistently with the parties' reasonable expectations under the mortgage by imposing Pay-to-Pay fees on online or telephone payments that exceeded its costs by a wide margin; when it failed to disclose to borrowers that such fees were not allowed under their mortgages; when it failed to disclose that such fees were not authorized by the Secretary of HUD; when it failed to service mortgages in accordance with their terms; and when it failed to disclose to borrowers that such fees greatly exceeded its own costs.

69. Plaintiffs and Class Members were damaged by Caliber's breach of its duties by paying fees that were not owed.

### COUNT III: Unjust Enrichment

70. Plaintiffs incorporate paragraphs 1 through 54.

71. Plaintiffs and Class Members conferred a benefit on Caliber in the form of fees paid to make mortgage payments online or by telephone.

72. Caliber knowingly accepted that benefit.

73. Caliber's acceptance and retention of the benefit is unjust because the fees are prohibited by the terms of the applicable uniform mortgages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and others similarly situated, respectfully request that this Court:

1. Determine that this action may be maintained as a class action under Fed. R. Civ. P. 23, *et seq.*, that Plaintiffs are proper class representatives and that their counsel are appointed Class Counsel;

2. Award compensatory damages and restitution in the amount of all Pay-to-Pay fees, and interest on those fees, improperly charged to members of the Class;

3. Award equitable relief on their unjust-enrichment claim;

4. Award actual damages in an amount according to proof;

5. Award injunctive relief requiring Defendant to cease collection of all improperly charged fees that have not yet been paid by Plaintiffs and members of the Class;

6. Award injunctive relief to enjoin Defendant's wrongful acts and further violations of Plaintiffs' and the Class Members' rights, including but not limited to requiring Defendant to implement procedures to ensure it ceases charging the improper fees identified in this Complaint;

7. Award pre-judgment interest at the maximum rate permitted by applicable law;

8. Enter a declaratory judgment that Defendant, through its wrongful actions, has kept and continues to keep for itself, benefits that are due and owed to Plaintiffs and members of the Class;

9. Award reasonable attorneys' fees and costs pursuant to applicable law; and

10. Award such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs and the Class hereby request a trial by jury.

Dated: November 27, 2019                    Respectfully submitted,

*/s/ Lee Lowther*
**CARNEY BATES & PULLIAM, PLLC**
E. Lee Lowther III – llowther@cbplaw.com
Randall K. Pulliam – rpulliam@cbplaw.com
Hank Bates – hbates@cbplaw.com
519 W. 7th St.
Little Rock, AR 72201
Telephone: (501) 312-8500
Facsimile: (501) 312-8505

Daniel E. Gustafson (#202241)
David Goodwin (#386715)
Mickey Stevens (#398549)
**GUSTAFSON GLUEK PLLC**
220 South Sixth Street #2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
mstevens@gustafsongluek.com

***Counsel for Plaintiffs***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of November, 2019, I electronically filed the foregoing with the Clerk of Court by using CM/ECF system which will send notice of electronic filing to all counsel of record.

Christopher J. Knapp
**BARNES & THORNBURG LLP**
225 South 6th Street, Suite 2800
Minneapolis, MN 55402-4662

Kristine E. Kruger
**PERKINS COIE LLP**
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099

Thomas Abbott
**PERKINS COIE LLP**
505 Howard Street Suite 1000
San Francisco, CA 94105

                                     */s/ Lee Lowther*
                                     E. LEE LOWTHER