UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Stephen Phillips and Mary Tourville-Phillips, *on behalf of themselves and all others similarly situated*,

Plaintiffs,

v.

Caliber Home Loans, Inc.,

Defendant.

Case No. 19-cv-2711 (WMW/LIB)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

---

This matter is before the Court on Defendant Caliber Home Loans, Inc.'s (Caliber) motion to dismiss Plaintiffs' amended complaint. (Dkt. 27.) For the reasons addressed below, Caliber's motion to dismiss is granted in part and denied in part.

**BACKGROUND**

Plaintiffs Stephen Phillips and Mary Tourville-Phillips commenced this class-action lawsuit by filing a complaint alleging that Caliber routinely breaches uniform terms in Federal Housing Administration (FHA) mortgages by assessing and collecting from borrowers fees that are prohibited by both the mortgage and FHA rules.

The FHA insures mortgages made by FHA-approved lenders and protects lenders against losses resulting from borrower default, thereby creating an incentive for private lenders to make loans to homebuyers who otherwise would have difficulty obtaining a loan on reasonable terms. Borrowers are offered additional protections because their loans are subject to FHA lending and servicing rules. Only an FHA-approved mortgagee can service

an FHA mortgage. And an FHA mortgage must comport with the United States Department of Housing and Urban Development's (HUD) Model Mortgage Form.

Plaintiffs executed a standard form FHA Uniform Mortgage in connection with their purchase of property in Minnesota. The mortgage identifies Plaintiffs as the borrowers and Flagstar Bank, FSB, a Federally Chartered Savings Bank, as the lender. The right to service Plaintiffs' mortgage was assigned to Caliber. Plaintiffs' mortgage provides that the "covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower." As an FHA-approved mortgage servicer, Caliber agreed to service FHA mortgages in accordance with all FHA requirements implemented by the Secretary of HUD and all applicable laws.

In its entirety, paragraph 8 of Plaintiffs' mortgage is titled "Fees" and provides that "Lender may collect fees and charges authorized by the Secretary." The FHA Handbook permits the mortgagee to collect certain reasonable and customary fees and charges, as authorized by HUD, and states that "[a]ll fees must be . . . reasonable and customary for the local jurisdiction; based on actual cost of the work performed or actual out-of-pocket expenses and not a percentage of either the face amount or the unpaid principal balance of the Mortgage; and within the maximum amount allowed by HUD."

Plaintiffs allege that they have incurred more than 10 fees of $3.50 per transaction when making mortgage payments either online or through the Caliber mobile application that uses an automated clearing house. Members of the class that Plaintiffs seek to represent have paid similar fees, Plaintiffs allege, in addition to the $15 fee that Caliber charges for each transaction made through an automated telephone system operated by

2

CASE 0:19-cv-02711-WMW-LIB   Doc. 48   Filed 09/15/20   Page 3 of 12

Western Union. Plaintiffs allege that these fees are not authorized by the Secretary of HUD and that a substantial amount of the fees Plaintiffs paid represents unearned profits because the actual cost incurred by Caliber for each of these transactions is approximately $0.50.

Plaintiffs assert three claims in their amended complaint. Count I alleges that Caliber breached Plaintiffs' and alleged class members' mortgage agreements by charging "Pay-to-Pay fees," which is contrary to the express terms of the mortgage agreements because such fees were not authorized by the Secretary of HUD and "exceed Caliber's out-of-pocket costs by several hundred percent." Count II alleges that Caliber breached the duty of good faith and fair dealing when it charged Pay-to-Pay fees. And Count III alleges a claim of unjust enrichment arising from the benefit Plaintiffs conferred on Caliber in the form of Pay-to-Pay fees, which Caliber knowingly accepted even though such fees are prohibited by the terms of the mortgage agreements. Caliber moves to dismiss each count of Plaintiffs' amended complaint.

## ANALYSIS

A complaint must be dismissed if it fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). When determining the merit of a Rule 12(b)(6) motion to dismiss, a court must accept as true a complaint's factual allegations and draw all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). Although factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

3

When assessing a claim's plausibility, a court may disregard any legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Ordinarily, when a movant presents matters outside the pleadings and they are considered by the court, the legal standard for summary judgment must be applied. Fed. R. Civ. P. 12(d). But a court may consider exhibits attached to the complaint as well as documents that are necessarily embraced by the complaint without converting the motion to dismiss into a motion for summary judgment. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003). Here, Caliber's motion may properly be regarded as a motion to dismiss under Rule 12(b)(6) because the mortgage agreement and FHA Handbook are attached to—and necessarily embraced by—the complaint, and no party challenges the authenticity of these documents. *See Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017).

## I.     Breach of Contract (Count I)

Caliber argues that Plaintiffs' breach-of-contract claim is barred by the voluntary-payment doctrine. Alternatively, Caliber contends that Plaintiffs have failed to state a claim for breach of contract.

### A.     Voluntary-Payment Doctrine

Under the voluntary-payment doctrine, "one who makes a payment voluntarily cannot recover it on the ground that he was under no legal obligation to make the payment." *Best Buy Stores, L.P. v. Benderson-Wainberg Assocs., L.P.*, 668 F.3d 1019, 1030 (8th Cir. 2012) (internal quotation marks omitted). But because the voluntary-payment doctrine contains a knowledge component, a fact issue may exist such that summary judgment is

inappropriate. *Id.* at 1030–31 (citing *Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 367 (Minn. 2009)); *see also Minn. Pipe & Equip. Co. v. Ameron Int'l Corp.*, 938 F. Supp. 2d 862, 874 (D. Minn. 2013) (explaining that voluntary-payment doctrine applies to "one who has knowledge of the material facts").

Caliber argues that Plaintiffs' claims are barred by the voluntary payment doctrine because Plaintiffs voluntarily paid the cost for the convenience of making mortgage payments online or over the phone. Plaintiffs acknowledge that they were aware of the fees that Caliber charged. But Plaintiffs contend "that Caliber failed to disclose the material facts necessary for Plaintiffs' payments of Pay-to-Pay fees to be considered 'voluntary' under the law." More specifically, Plaintiffs maintain that the nature of the fees was not fully apparent as Plaintiffs did not know that the "fees Caliber charged exceed[ed] Caliber's out-of-pocket costs by several hundred percent." Plaintiffs concede that such fees may be charged if they are "based on actual cost of the work performed or actual out-of-pocket expenses." But when, as here, Plaintiffs did not know that the fees grossly exceeded Caliber's actual costs, the voluntary-payment doctrine is inapposite. *Cf. Viele Contracting, Inc. v. Performance Pipelining, Inc.*, No A15–0875, 2016 WL 1724135, at *2 (Minn. Ct. App. May 2, 2016) (explaining that district court did not err in rejecting voluntary payment defense when plaintiff was unaware defendant was not billing in the accordance with the parties' contract).

Moreover, the voluntary-payment doctrine is an affirmative defense. *Stuart v. Glob. Tel\*Link Corp.*, 956 F.3d 555, 561 (8th Cir. 2020). And it is well settled that an affirmative defense "generally [is] not a basis for a motion to dismiss under [Rule] 12(b)(6) but rather

5

a matter to be pleaded as an affirmative defense." *United States v. Xcel Energy, Inc.*, 759 F. Supp. 2d 1106, 1118 (D. Minn. 2010) (internal quotation marks omitted). Because it is an affirmative defense, the voluntary-payment doctrine may serve as a basis for a motion to dismiss only if "the complaint *clearly* shows the existence of [the] defense." *Id.* (internal quotation marks omitted). That is not the circumstance here. At a minimum, the parties dispute whether Plaintiffs had full knowledge of the material facts. In light of this dispute, the voluntary-payment doctrine is not a proper basis for dismissal. *See Fiebelkorn v. IKON Office Sols., Inc.*, 668 F. Supp. 2d 1178, 1191 (D. Minn. 2009) (payments made under a mistake of fact are not voluntary payments).

### B. Failure to State a Claim

Under Minnesota law, which governs here,[1] the elements of a breach-of-contract claim are (1) contract formation, (2) the plaintiff's performance of any conditions precedent to the right to demand performance by the defendant, and (3) breach of the contract by the defendant. *Lyon Fin. Servs., Inc. v. Ill. Paper & Copier Co.*, 848 N.W.2d 539, 543 (Minn. 2014).

Caliber argues that Plaintiffs fail to state a claim for breach of contract because Caliber is not a party to any contract with Plaintiffs. It is the general rule under Minnesota law that only the parties to a contract acquire rights or obligations under the contract. *Mon-Ray, Inc. v. Granite Re, Inc.*, 677 N.W.2d 434, 439 (Minn. Ct. App. 2004); *see also In re*

---

[1] Plaintiffs' mortgage agreement provides that it "shall be governed by Federal law and the law of the jurisdiction in which the Property is located." The parties do not dispute that the property that is the subject of the mortgage agreement is located in Minnesota.

*Annexation of Certain Real Prop. to City of Proctor from Midway Twp.*, 925 N.W.2d 216, 219 (Minn. 2019) (observing that "a contract does not generally bind non-parties"). "One who is not a party or not in privity with a party to an agreement cannot be bound by it." *Norwest Bank Minn., N.A. v. Ode*, 615 N.W.2d 91, 95 (Minn. Ct. App. 2000). Privity is a legal relationship that arises from rights and obligations. *Id.*

Because the mortgage agreement is between Plaintiffs and the lender, Caliber contends that, as a servicer, Caliber has no contractual obligations. But Plaintiffs counter that Caliber is an assignee of Plaintiffs' mortgage and, as such, Caliber assumed the duties under the mortgage and is in privity with Plaintiffs. Courts that have addressed whether a loan servicer has contractual obligations to the borrower under these circumstances have reached divergent answers. For example, courts "have held that a loan servicer, as a lender's agent, has no contractual relationship or privity with the borrower and therefore cannot be sued for a breach of contract." *Edwards v. Ocwen Loan Servicing, LLC*, 24 F. Supp. 3d 21, 28 (D.D.C. 2014) (collecting cases); *see, e.g.*, *Cannon v. Wells Fargo Bank N.A.*, 917 F. Supp. 2d 1025, 1052 (N.D. Cal. 2013) (same). But other courts have reached the converse conclusion. *See, e.g.*, *In re Ocwen Loan Servicing, LLC Mortg. Servicing Litig.*, 491 F.3d 638, 645 (7th Cir. 2007) ("If an original mortgagee can be sued under state law for breach of contract, so may the partial assignee if [that party] violates the terms of the part of the mortgage contract that has been assigned to [that party]."); *Alshaibani v. Litton Loan Servicing, LP*, 528 F. App'x 462, 464–65 (6th Cir. 2013) (concluding that loan servicer assuming loan servicing obligations is bound by the note and mortgage); *Nat'l Union Fire Ins. Co. v. Riggs Nat'l Bank*, 5 F.3d 554, 556 (D.C. Cir. 1993) ("District of

Columbia law establishes the general rule that all claims are freely assignable, and permits the assignee to stand in the same position as the assignor."). Collectively, the cases addressing this issue make it clear that a loan servicer is not automatically in privity with a borrower when the servicer is not the original lender. *Mazzei v. Money Store*, 308 F.R.D. 92, 110 (S.D.N.Y. 2015). Rather, a borrower who sues a loan servicer for breach of contract must establish both the existence of their relationship and that the lender validly assigned some or all of its contractual obligations to the loan servicer.[2] *Id.*

Plaintiffs' breach-of-contract claim is viable. To succeed on the merits, however, Plaintiffs must establish their relationship with Caliber and the occurrence of a valid assignment of contractual duties. But at this stage of the proceedings, the Court declines to adopt a categorical rule that a loan servicer that is not a party to the loan agreement may never be in privity with a borrower. Such a rule would be inconsistent with Minnesota law when the loan servicer has expressly assumed such duties and liabilities under the agreement. *C.f. Meyers v. Postal Fin. Co.*, 287 N.W.2d 614, 617 (Minn. 1979) ("The law in Minnesota, as in most jurisdictions, holds that the assignment of a contract does not impose upon the assignee the duties or liabilities imposed by the contract on the assignor in the absence of the assignee's specific assumption of such liabilities.").

---

[2] Neither party cites a controlling decision applying Minnesota law. In a related context, the Minnesota Court of Appeals rejected the respondents' argument that they were entitled to judgment because they lacked privity with appellants, observing that "Norwest Bank owned appellants' mortgage and Norwest Mortgage acted as Norwest Bank's agent." *Kochlin v. Norwest Mortg., Inc.*, C3-01-136, 2001 WL 856206, at *5 (Minn. Ct. App. July 31, 2001).

Caliber also contends that the terms of the mortgage agreement fail to specify, implicitly or explicitly, that the fees Caliber charged were prohibited. Federal law authorizes and directs the Secretary of HUD to make rules and regulations pertaining to federally insured mortgages. 12 U.S.C. § 1715b. Here, the mortgage agreement provides that the lender "may collect fees and charges authorized by the Secretary" of HUD. Caliber, however, does not identify any HUD authorization to collect "pay-to-pay" fees, other than those fees that represent actual costs.

In summary, because Plaintiffs have stated a plausible breach-of-contract claim, Caliber's motion to dismiss is denied as to Count I.

## II. Breach of Implied Duty of Good Faith and Fair Dealing (Count II)

"Under Minnesota law, every contract includes an implied covenant of good faith and fair dealing requiring that one party not unjustifiably hinder the other party's performance of the contract." *In re Hennepin Cty. 1986 Recycling Bond Litig.*, 540 N.W.2d 494, 502 (Minn. 1995) (internal quotation marks omitted). A claim for breach of the implied covenant of good faith and fair dealing "implicitly assumes the parties did not expressly articulate the covenant allegedly breached." *Cox v. Mortg. Elec. Registration Sys., Inc.*, 685 F.3d 663, 670 (8th Cir. 2012) (quoting *In re Hennepin Cty.*, 540 N.W.2d at 503).

Caliber argues that Plaintiffs fail to state a claim for breach of the implied duty of good faith and fair dealing. Plaintiffs' amended complaint merely repackages their breach-of-contract allegations to support their claim for breach of the implied duty of good faith and fair dealing. Absent from the amended complaint, however, are any facts alleging that

Caliber unjustifiably hindered Plaintiffs' performance or that Caliber breached any other *implied* term. Simply put, Plaintiffs do not allege that Caliber acted in bad faith or took any actions that unjustifiably hindered Plaintiffs' performance of the mortgage agreement. *See Sterling Cap. Advisors, Inc. v. Herzog*, 575 N.W.2d 121, 125 (Minn. Ct. App. 1998) (" 'Bad faith' is defined as a party's refusal to fulfill some duty or contractual obligation based on an ulterior motive, not an honest mistake regarding one's rights or duties.").

Because Plaintiffs fail to state a plausible claim for breach of the implied covenant of good faith and fair dealing, Caliber's motion to dismiss Count II is granted.

### III.   Unjust Enrichment (Count III)

Under the equitable doctrine of unjust enrichment, a plaintiff can recover a benefit conferred on a defendant when the defendant's retention of the benefit is not legally justifiable. *Caldas v. Affordable Granite & Stone, Inc.*, 820 N.W.2d 826, 838 (Minn. 2012). To state a claim of unjust enrichment, Plaintiffs must allege an "implied-in-law or quasi-contract" in which Caliber received a benefit of value that unjustly enriched Caliber in a manner that is unlawful. *Ventura v. Kyle*, 825 F.3d 876, 887 (8th Cir. 2016) (internal quotation marks omitted). An unjust-enrichment claim may be founded on the failure of consideration, fraud, mistake, or a circumstance in which it would be morally wrong for one party to enrich itself at the expense of another. *Hollman v. CPT Corp.*, 457 N.W.2d 740, 745 (Minn. Ct. App. 1990). An unjust-enrichment claim fails when "there is an enforceable contract that is applicable." *Caldas*, 820 N.W.2d at 838. But a plaintiff may plead an unjust-enrichment claim in the alternative to a breach-of-contract claim. *Motley*

*v. Homecomings Fin., LLC*, 557 F. Supp. 2d 1005, 1014 (D. Minn. 2008) (citing Fed. R. Civ. P. 8(d)(2)).

Caliber argues that Plaintiffs fail to state a claim for unjust enrichment because (1) Plaintiffs do not plead circumstances that make it unjust for Caliber to retain voluntary payments; (2) Caliber is not a party to the mortgage and owes no duty to Plaintiffs; and (3) as an equitable theory of relief, unjust enrichment is not a viable claim because there is an adequate remedy at law. But Plaintiffs have pleaded the basic elements and factual support for an unjust-enrichment claim, namely, that Caliber accepted and retained a benefit to which it was not entitled. *See Hollman*, 457 N.W.2d at 745. If Caliber is not a party to the mortgage agreement, as Caliber argues, that is precisely the circumstance in which unjust enrichment applies. *Caldas*, 820 N.W.2d at 838. Finally, Plaintiffs may plead an unjust-enrichment claim in the alternative to a contract claim. *E.g., Mono Advert., LLC v. Vera Bradley Designs, Inc.*, 285 F. Supp. 3d 1087, 1091 (D. Minn. 2018). Because Caliber challenges the plausibility of Plaintiffs' unjust-enrichment claim only on the aforementioned grounds, the Court need not address any other aspect of the claim. *Cf. Genz-Ryan Plumbing & Heating Co. v. Weyerhaeuser NR Co.*, 352 F. Supp. 3d 901, 906 (D. Minn. 2018). Caliber's motion to dismiss is denied as to Count III.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Caliber's motion to dismiss, (Dkt. 27), is **GRANTED** as to Count II and **DENIED** as to Counts I and III.


Dated:  September 15, 2020	s/Wilhelmina M. Wright
	Wilhelmina M. Wright
	United States District Judge