## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| STEPHEN PHILLIPS and MARY TOURVILLE-PHILLIPS, on behalf of themselves and all others similarly situated, | Case No.: 19-cv-02711-WMW-LIB |
| Plaintiffs, | **DEFENDANT CALIBER HOME LOANS, INC.'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT** |
| v. | |
| CALIBER HOME LOANS, INC. | |
| Defendant. | |

Defendant Caliber Home Loans, Inc., (hereinafter, "Caliber"), by and through the undersigned counsel, hereby states for its Answer and Affirmative Defenses to Plaintiffs' Amended Class Action Complaint ("Complaint") the following:

## I.   PRELIMINARY STATEMENT

Caliber responds to the Complaint based on the current information available to it and after a reasonable investigation. Caliber reserves the right to amend this Answer and Affirmative Defenses based on information made available through discovery or further investigation. Unless specifically admitted below, Caliber denies each and every allegation, claim, and prayer for relief in the Complaint.

## II.   RESPONSE TO COMPLAINT

### NATURE OF THE ACTION

1.     To the extent Paragraph 1 of the Complaint consists of conclusions of law, no response is required. To the extent an answer is required, Caliber admits only that it is

a mortgage lender operating nationwide. Caliber denies the remaining allegations in Paragraph 1.

2.      To the extent Paragraph 2 of the Complaint consists of conclusions of law, no response is required. Caliber lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, denies the same.

3.      To the extent Paragraph 3 of the Complaint consists of conclusions of law, no response is required. To the extent an answer is required, Caliber denies the remaining allegations in Paragraph 3.

4.      To the extent Paragraph 4 of the Complaint consists of conclusions of law, no response is required. To the extent an answer is required, Caliber denies that Paragraph 4 fully and accurately describes the FHA servicing rules and refers plaintiffs and the Court to the FHA servicing rules for its full and complete terms. Caliber denies the remaining allegations in Paragraph 4.

5.      To the extent Paragraph 5 of the Complaint consists of conclusions of law, no response is required. To the extent an answer is required, Caliber denies that Paragraph 5 fully and accurately describes the FHA servicing rules and refers plaintiffs and the Court to the FHA servicing rules for its full and complete terms. Caliber denies the remaining allegations in Paragraph 4.

6.      To the extent Paragraph 6 of the Complaint consists of conclusions of law, no response is required. To the extent an answer is required, Caliber denies the remaining allegations in Paragraph 6.

7.     Caliber admits that Plaintiffs Stephen Phillips and Mary Tourville-Phillips have paid for the use of non-standard payment methods on at least ten occasions in connection with the mortgage loan at issue in the Complaint. Caliber denies all other allegations in Paragraph 7.

8.     The allegations in Paragraph 8 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

9.     The allegations in Paragraph 9 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

10.     The allegations in Paragraph 10 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

11.     The allegations in Paragraph 11 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

## PARTIES

12.     Caliber lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies the same.

13.     Caliber admits the allegations in Paragraph 13 of the Complaint.

149683569.2

## JURISDICTION AND VENUE

14.     To the extent Paragraph 14 of the Complaint consists of conclusions of law, no response is required. To the extent an answer is required, Caliber admits the allegations in Paragraph 14 of the Complaint.

## COMMON FACTUAL ALLEGATIONS

**The FHA And FHA Servicers**

15.     To the extent Paragraph 15 of the Complaint consists of conclusions of law, no response is required. To the extent an answer is required, Caliber denies that Paragraph 15 fully and accurately describes the FHA and refers plaintiffs and the Court to the FHA rules for its full and complete terms. Caliber denies the remaining allegations in Paragraph 15.

16.     To the extent Paragraph 16 of the Complaint consists of conclusions of law, no response is required. To the extent an answer is required, Caliber denies that Paragraph 16 fully and accurately describes the FHA and refers plaintiffs and the Court to the FHA rules for its full and complete terms. Caliber denies the remaining allegations in Paragraph 16.

17.     To the extent Paragraph 17 of the Complaint consists of conclusions of law, no response is required. To the extent an answer is required, Caliber denies that Paragraph 17 fully and accurately describes the FHA and refers plaintiffs and the Court to the FHA rules for its full and complete terms. Caliber denies the remaining allegations in

Paragraph 16.

18.     To the extent Paragraph 18 of the Complaint consists of conclusions of law, no response is required. To the extent an answer is required, Caliber denies that Paragraph 18 fully and accurately describes the FHA servicing rules and refers plaintiffs and the Court to the FHA servicing rules for its full and complete terms. Caliber admits only that it is an FHA-approved mortgagee that can make and service FHA mortgages. Caliber denies the remaining allegations in Paragraph 18.

19.     To the extent Paragraph 19 of the Complaint consists of conclusions of law, no response is required. To the extent an answer is required, Caliber denies that Paragraph 19 fully and accurately describes the FHA servicing rules and refers plaintiffs and the Court to the FHA servicing rules for its full and complete terms. Caliber denies the remaining allegations in Paragraph 19.

20.     To the extent Paragraph 20 of the Complaint consists of conclusions of law, no response is required. To the extent an answer is required, Caliber denies that Paragraph 20 fully and accurately describes the FHA servicing rules and refers plaintiffs and the Court to the FHA servicing rules for its full and complete terms. Caliber denies the remaining allegations in Paragraph 20.

21.     The allegations in Paragraph 21 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent an answer is required, Caliber denies that Paragraph 21 fully and accurately describes the FHA servicing rules and refers plaintiffs and the Court to the FHA servicing rules for its full

and complete terms. Caliber denies the remaining allegations in Paragraph 21.

**FHA Uniform Mortgages Restrict Fees That Can Be Collected By Lenders and Servicers**

22.     To the extent Paragraph 22 of the Complaint consists of conclusions of law, no response is required. To the extent an answer is required, Caliber denies that Paragraph 22 fully and accurately describes the FHA lending and servicing rules and refers plaintiffs and the Court to the FHA lending and servicing rules for its full and complete terms. Caliber denies the remaining allegations in Paragraph 22.

23.     Caliber admits that a copy of a document purporting to be Plaintiffs Stephen Phillips and Mary Tourville-Phillips' FHA-insured mortgage is attached to the Complaint as Exhibit 1. Caliber denies that Paragraph 23 fully and accurately describes Plaintiffs Stephen Phillips and Mary Tourville-Phillips' mortgage and refers plaintiffs and the Court to the mortgage for its full and complete terms. Caliber denies the remaining allegations in Paragraph 23.

24.     Caliber admits that a copy of a document purporting to be Plaintiffs Stephen Phillips and Mary Tourville-Phillips' FHA-insured mortgage is attached to the Complaint as Exhibit 1. Caliber denies that Paragraph 24 fully and accurately describes Plaintiffs Stephen Phillips and Mary Tourville-Phillips' mortgage and refers plaintiffs and the Court to the mortgage for its full and complete terms. Caliber denies the remaining allegations in Paragraph 24.

25.     Caliber admits that an incomplete copy of portions of the FHA Single

Family Housing Policy Handbook 4000.1 ("FHA Handbook") is attached to the Complaint as Exhibit 2. To the extent Paragraph 25 of the Complaint consists of conclusions of law, no response is required. To the extent an answer is required, Caliber denies that Paragraph 25 fully and accurately describes the FHA servicing rules and refers plaintiffs and the Court to the FHA servicing rules for its full and complete terms. Caliber denies the remaining allegations in Paragraph 25.

26.     Caliber admits that an incomplete copy of portions of the FHA Single Family Housing Policy Handbook 4000.1 ("FHA Handbook") is attached to the Complaint as Exhibit 2. To the extent Paragraph 26 of the Complaint consists of conclusions of law, no response is required. To the extent an answer is required, Caliber denies that Paragraph 26 fully and accurately describes the FHA servicing rules and refers plaintiffs and the Court to the FHA servicing rules for its full and complete terms. Caliber denies the remaining allegations in Paragraph 26.

27.     To the extent Paragraph 27 of the Complaint consists of conclusions of law, no response is required. To the extent an answer is required, Caliber denies that Paragraph 27 fully and accurately describes the FHA servicing rules and refers plaintiffs and the Court to the FHA servicing rules for its full and complete terms. Caliber denies the remaining allegations in Paragraph 27.

28.     Caliber admits that an incomplete copy of portions of the FHA Single Family Housing Policy Handbook 4000.1 ("FHA Handbook") is attached to the Complaint as Exhibit 2. To the extent Paragraph 28 of the Complaint consists of

conclusions of law, no response is required. To the extent an answer is required, Caliber denies that Paragraph 28 fully and accurately describes the FHA servicing rules and refers plaintiffs and the Court to the FHA servicing rules for its full and complete terms. Caliber denies the remaining allegations in Paragraph 28.

29.     To the extent Paragraph 29 of the Complaint consists of conclusions of law, no response is required. To the extent an answer is required, Caliber denies the remaining allegations in Paragraph 29.

30.     To the extent Paragraph 30 of the Complaint consists of conclusions of law, no response is required. To the extent an answer is required, Caliber denies the remaining allegations in Paragraph 30.

31.     To the extent Paragraph 31 of the Complaint consists of conclusions of law, no response is required. To the extent an answer is required, Caliber denies the remaining allegations in Paragraph 31.

32.     To the extent Paragraph 32 of the Complaint consists of conclusions of law, no response is required. To the extent an answer is required, Caliber denies the remaining allegations in Paragraph 32.

## ALLEGATIONS AS TO PLAINTIFFS' TRANSACTIONS

33.     Caliber admits that a copy of a document purporting to be Plaintiffs Stephen Phillips and Mary Tourville-Phillips' FHA-insured mortgage is attached to the Complaint as Exhibit 1. Caliber denies that Paragraph 33 fully and accurately describes

Plaintiffs Stephen Phillips and Mary Tourville-Phillips' mortgage and refers plaintiffs and the Court to the mortgage for its full and complete terms. Caliber denies the remaining allegations in Paragraph 33.

34.     To the extent Paragraph 34 of the Complaint consists of conclusions of law, no response is required. To the extent an answer is required, Caliber admits that at times, it has serviced Plaintiff's mortgage. Caliber denies the remaining allegations in Paragraph 34.

35.     Caliber admits that a copy of a document purporting to be Plaintiffs Stephen Phillips and Mary Tourville-Phillips' FHA-insured mortgage is attached to the Complaint as Exhibit 1. Caliber denies that Paragraph 35 fully and accurately describes Plaintiffs Stephen Phillips and Mary Tourville-Phillips' mortgage and refers plaintiffs and the Court to the mortgage for its full and complete terms. Caliber denies the remaining allegations in Paragraph 35.

36.     To the extent Paragraph 36 of the Complaint consists of conclusions of law, no response is required. To the extent an answer is required, Caliber denies the remaining allegations in Paragraph 36.

37.     To the extent Paragraph 37 of the Complaint consists of conclusions of law, no response is required. To the extent an answer is required, Caliber denies the remaining allegations in Paragraph 37.

38.     To the extent Paragraph 38 of the Complaint consists of conclusions of law, no response is required. To the extent an answer is required, Caliber admits it incurs a

cost for providing certain payment options and denies the remaining allegations in Paragraph 38.

39.     To the extent Paragraph 39 of the Complaint consists of conclusions of law, no response is required. To the extent an answer is required, Caliber denies the remaining allegations in Paragraph 39.

40.     To the extent Paragraph 40 of the Complaint consists of conclusions of law, no response is required. To the extent an answer is required, Caliber denies the remaining allegations in Paragraph 40.

41.     The allegations in Paragraph 41 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent an answer is required, Caliber denies the remaining allegations in Paragraph 41.

## CLASS ALLEGATIONS

42.     The allegations in Paragraph 42 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

43.     The allegations in Paragraph 43 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

44.     The allegations in Paragraph 44 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is

required, Caliber denies the allegations.

45.     The allegations in Paragraph 45 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

46.     The allegations in Paragraph 46 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

47.     The allegations in Paragraph 47 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

48.     The allegations in Paragraph 48 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

49.     The allegations in Paragraph 49, including subsections i through v, require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

50.     The allegations in Paragraph 50 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

51.     The allegations in Paragraph 51 require no response because they contain

Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

52.     The allegations in Paragraph 52 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

53.     The allegations in Paragraph 53 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

54.     The allegations in Paragraph 54 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

**CLAIMS FOR RELIEF**

**COUNT I: Breach of Contract**

55.     Caliber incorporates by reference its responses to Paragraphs 1 through 54 above.

56.     To the extent Paragraph 56 of the Complaint consists of conclusions of law, no response is required. To the extent an answer is required, Caliber admits that Plaintiffs have an FHA-insured mortgage that is currently serviced by Caliber. Caliber denies the remaining allegations in Paragraph 56.

57.     The allegations in Paragraph 57 require no response because they contain

Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

58.     The allegations in Paragraph 58 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

59.     The allegations in Paragraph 59 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

60.     The allegations in Paragraph 60 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

61.     The allegations in Paragraph 61 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

62.     The allegations in Paragraph 62 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

63.     The allegations in Paragraph 63 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

64.     The allegations in Paragraph 64 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

65.     The allegations in Paragraph 65 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

**COUNT II: Breach of Implied Duty of Good Faith and Fair Dealing**

66.     Caliber incorporates by reference its responses to Paragraphs 1 through 65 above.

67.     The allegations in Paragraph 67 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

68.     The allegations in Paragraph 68 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

69.     The allegations in Paragraph 69 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

**COUNT III: Unjust Enrichment**

70.     Caliber incorporates by reference its responses to Paragraphs 1 through 69

above.

71.    The allegations in Paragraph 71 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

72.    The allegations in Paragraph 72 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

73.    The allegations in Paragraph 73 require no response because they contain Plaintiffs' legal conclusions or allegations as to Class. To the extent a response is required, Caliber denies the allegations.

## PRAYER FOR RELIEF

Caliber denies that Plaintiffs are entitled to any of the grounds for relief enumerated in their Complaint and respectfully requests that the Court enter judgment against Plaintiffs on all of their claims against Caliber.

## <u>AFFIRMATIVE DEFENSES</u>

In further response to the Complaint and as affirmative defenses, Caliber alleges as follows:

<u>FIRST AFFIRMATIVE DEFENSE</u>

(Failure to State a Claim)

The Complaint, and each and every cause of action alleged therein, fails to state

facts that, if proven, are sufficient to constitute a cause of action upon which the requested relief may be granted against Caliber.

## SECOND AFFIRMATIVE DEFENSE

### (Express and Implied Consent/Failure to Revoke Consent)

Plaintiffs, and any putative class member, had actual, implied, and/or constructive knowledge of all acts and/or omissions alleged in the Complaint and, while conscious of those acts and/or omissions, Plaintiffs and the putative class member gave express or implied consent to all such alleged acts and/or omissions and failed to revoke the consent.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint, and each and every purported cause of action alleged therein, is barred by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

### (No Breach of Duty)

Caliber did not directly or indirectly perform or fail to perform any acts which constitute a violation of any duty or obligation, if any, owed to Plaintiffs or any putative class member.

## FIFTH AFFIRMATIVE DEFENSE

### (Justification)

Caliber was justified in doing and/or omitting to do any and/or all of the acts and/or omissions alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

(Good Faith)

The Complaint, and each and every cause of action alleged therein, is barred because Caliber acted at all times in good faith and with good cause.  Caliber's conduct was within the reasonable expectations of the parties, and Caliber at no time acted so as to deprive Plaintiffs or any putative class member of any rights or to cause Plaintiffs, or any putative class member, the injuries described in the Complaint, if any exist.

## SEVENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Caliber alleges that the Complaint, or certain claims therein, is barred by the applicable Statute of Limitations.

## EIGHTH AFFIRMATIVE DEFENSE

(No Damages)

Caliber alleges that any recovery based on the allegations in the Complaint will not result in a recovery of damages.

## NINTH AFFIRMATIVE DEFENSE

(No Willful Misconduct)

Caliber alleges that none of the alleged wrongful conduct was done willfully or intentionally by Caliber.

## TENTH AFFIRMATIVE DEFENSE

(Attorneys' Fees Not Permissible)

Plaintiffs, and any purported putative class member, are not entitled to recover

attorneys' fees because Plaintiffs, and any purported putative class member, have not set forth sufficient factual or legal basis for the recovery of attorneys' fees.

## ELEVENTH AFFIRMATIVE DEFENSE

(Business Relationship)

Plaintiffs' claims, and those claims of any putative class member are barred to the extent that Plaintiffs, the actual debtor, and/or the purported class member, had an established business relationship with Caliber.

## TWELFTH AFFIRMATIVE DEFENSE

(No Malice or Harassing Intent)

The actions complained of by Plaintiffs or any purported putative class member were made without malice or wrongful intent to harass on the part of Caliber.

## THIRTEENTH AFFIRMATIVE DEFENSE

(No Standing To Sue)

Plaintiffs lack standing to sue because, among other things, Plaintiffs have not suffered any injury in fact.

## FOURTEENTH AFFIRMATIVE DEFENSE

(No Class Standing)

Plaintiffs are an inadequate representative of the purported class, their claims are not common or typical of those of any members of the class, and/or their claims are not

appropriate for class treatment.  Thus, Plaintiffs lack standing to raise some or all of the claims of the putative class.

FIFTEENTH AFFIRMATIVE DEFENSE

(Voluntary Payment)

Plaintiffs may not seek to disgorge any amounts that it paid Caliber because Plaintiffs paid such amounts voluntarily with knowledge of the basis for such payments and did not make such payments under protest.

**REQUEST FOR RELIEF**

WHEREFORE, Caliber prays as follows:

1.      That the Court enter judgment in Caliber's favor and order that Plaintiffs take nothing by the Complaint,

2.      That Caliber be awarded costs of suit incurred herein, including reasonable attorneys' fees if allowed by contract or statute, and

3.      For any such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Caliber demands a trial by jury on all issues so triable.

Dated: September 29, 2020                    **BARNES & THORNBURG LLP**

                                             By: */s/ Christopher J. Knapp*
                                             Christopher J. Knapp, No. 0344412
                                             225 South 6th Street, Suite 2800
                                             Minneapolis, MN 55402-4662
                                             Telephone: 612.367.8774
                                             Email: Christopher.Knapp@btlaw.com

149683569.2

**PERKINS COIE LLP**
Kristine E. Kruger, *Admitted Pro Hac Vice*
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-3111
KKruger@perkinscoie.com

Thomas Abbott, *Admitted Pro Hac Vice*
505 Howard Street Suite 1000
San Francisco, CA 94105
Telephone: (415) 344-7099
TAbbott@perkinscoie.com

***Attorneys for Defendant***
***Caliber Home Loans, Inc.***

149683569.2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of September, 2020, I electronically filed the foregoing with the Clerk of Court by using CM/ECF system which will send notice of electronic filing to all counsel of record.

E. Lee Lowther III
Randall K. Pulliam
Hank Bates
**CARNEY BATES & PULLIAM, PLLC**
519 W. 7th St.
Little Rock, AR 72201

Daniel E. Gustafson (#202241)
David Goodwin (#386715)
Mickey Stevens (#398549)
**GUSTAFSON GLUEK PLLC**
220 South Sixth Street #2600
Minneapolis, MN 55402

*/s/ Christopher J. Knapp*
Christopher J. Knapp

149683569.2