**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| STEPHEN PHILLIPS and MARY TOURVILLE-PHILLIPS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CALIBER HOME LOANS, INC.<br><br>Defendant. | Case No.: 19-cv-02711-WMW-LIB<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT** |

**NATURE OF THE ACTION**

1. Defendant Caliber Home Loans, Inc. ("Caliber"), one of the largest servicers of residential mortgages in the country, routinely breaches uniform terms in Federal Housing Administration ("FHA") mortgages and violates the Fair Debt Collection Practices Act ("FDCPA") by assessing and collecting fees from borrowers that are not expressly authorized by the terms of their mortgage agreements or permitted by applicable law.

2. A mortgage servicer such as Caliber works pursuant to an assignment of servicing rights agreement with the mortgage lender or holder. Under such an agreement, the servicer performs the everyday tasks of managing the loan, such as collecting payments and allowable fees, applying payments, managing escrow accounts, and, in the event of a default, enforcing the mortgage through foreclosure.

3. The assignment of servicing rights agreement transfers the lender's servicing rights under the mortgage, as well is its obligations. Servicers are bound by the terms of the mortgage. The FHA requires all loan servicers, including Caliber, to be approved by the FHA

before servicing any loans. Loan servicers, like Caliber, are paid loan servicing fees out of the interest paid by FHA borrowers. In exchange for the regular loan servicing fees paid for by borrowers' monthly interest payments, Caliber and other FHA approved loan servicers agree to follow the FHA's rules regarding loan servicing, as implemented by the Secretary of Housing and Urban Development ("HUD").

4. FHA approved loan servicers, like Caliber, may collect additional revenue for additional work performed for the borrower. But the uniform FHA mortgage agreement explicitly limits additional fees only to those specific fees authorized by the Secretary of HUD. Exhibit 1, Mortgage, ¶ 8.

5. Caliber abuses its position as mortgage servicer by charging FHA borrowers a fee to make their mortgage payments online or over the phone ("Pay-to-Pay fees"). Pay-to-Pay fees are set by Caliber, not the FHA or the HUD Secretary. In fact, HUD has never authorized any Pay-to-Pay fee.

6. Plaintiffs Stephen Phillips and Mary Tourville-Phillips have incurred more than ten fees of $3.50 per transaction for making a mortgage payment online or over the Caliber app using an automated clearing house ("ACH"). An ACH is a computer-based clearing house that automatically transfers funds between banks.

7. Members of the Class Plaintiffs seek to represent have paid between $3.50 – $15.00 per Pay-to-Pay fee. In addition to the $3.50 ACH fee, Caliber also charges Class Members $15.00 per transaction made through Speedpay, an automated telephone system operated by Western Union.

8. In addition to being unauthorized, a substantial amount of the $3.50 or more of the fees paid by Plaintiffs and Class Members is unearned profit by Caliber. The cost of actual

work performed, e.g., the cost to Caliber, is either nothing because Western Union processes the Pay-to-Pay transactions for Caliber, or substantially less than the fee Caliber collects. The typical cost for an ACH or phone transaction is approximately $0.50 per transaction.

9. Here, Caliber pockets the difference between the actual cost of the Pay-to-Pay transaction and the amount it pays Western Union to process the Pay-to-Pay transaction. This is as much as $3.00 to $14.50 per transaction paid by Class Members.

10. Moreover, when Caliber acquired the servicing rights to Plaintiffs' loan in April 2014, "[t]he loan was in default" and "has been in default between 2014 and the present[.]" (ECF No. 51 at 3 – Caliber's Statement of the Case.)

11. Therefore, Caliber is a debt collector under the FDCPA and is prohibited from collecting any fee, such as Pay-to-Pay fees, that are not expressly authorized by Plaintiffs' mortgage agreement or affirmatively permitted by applicable law.

12. On behalf of themselves and all others similarly situated, Plaintiffs seek injunctive, declaratory, and compensatory relief against Caliber for its breaches of contract and violations of the FDCPA.

**PARTIES**

13. Plaintiffs Stephen Phillips and Mary Tourville-Phillips are citizens of the State of Minnesota.

14. Defendant Caliber Home Loans, Inc., is incorporated in the State of Delaware and maintains its principal place of business in the State of Texas.

**JURISDICTION AND VENUE**

15. Pursuant to Defendant's removal notice, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C § 1332(d), the Class Action Fairness Act of

2005. The Court also has jurisdiction pursuant to 28 U.S.C § 1331 because this action also arises under the FDCPA, 15 U.S.C. §1692f(1).

## COMMON FACTUAL ALLEGATIONS

*The FHA And FHA Servicers*

16. The Federal Housing Administration insures mortgages made by FHA-approved lenders throughout the United States.[1] FHA insurance protects lenders against losses resulting from borrower default, paying a claim to the lender in the event of a borrower's default.[2]

17. In this way, FHA insurance serves as an incentive to private lenders to make loans to would-be homebuyers whose credit score and inability to pay a significant down payment make it difficult for them to obtain a home loan on reasonable terms.

18. And, at the same time, FHA borrowers are given additional protections because their loans are subject to FHA lending and servicing rules.

19. Only FHA-approved mortgagees can service FHA mortgages. Ex. 2, FHA Single Family Housing Policy Handbook 4000.1 ("FHA Handbook"), at 3, § III.A.1.[3] Caliber is an FHA-approved mortgagee that can make and service FHA mortgages.

20. As an FHA-approved mortgage servicer, Caliber agreed to service FHA mortgages in accordance with FHA requirements and all applicable laws. *Id.* at 3, § III.A.1.a.ii.[4]

21. Caliber must annually acknowledge that it is now, and was at all times throughout the Certification Period, subject to all applicable HUD regulations, Handbooks, Guidebooks,

---

[1] *See* HUD.gov – The Federal Housing Administration History, https://www.hud.gov/program_offices/housing/fhahistory (last visited on April 2, 2019).
[2] *Id.*
[3] The pagination for pinpoint citations will be to the page numbers assigned by the CM/ECF system at the top of each page.
[4] The FHA Single Family Housing Policy Handbook 4000.1, is available at https://www.hud.gov/sites/dfiles/OCHCO/documents/4000.1hsgh.pdf (last visited November 26, 2019).

4

Mortgagee Letters, Title I Letters, policies and requirements, as well as Fair Housing regulations and laws.[5]

22. The only way for Caliber to be able to service Plaintiffs' and Class Members' loans is to be an approved FHA servicer. Therefore, when Caliber acquired the servicing rights to the mortgages of the Phillips and other Class Members, it agreed to service the mortgages in accordance with all "applicable requirements," which included: (1) the terms of the mortgages, and (2) the requirements of any applicable federal, state and local laws, rules, regulations, and guidelines.

*FHA Uniform Mortgages Restrict Fees That Can Be Collected By Lenders And Servicers*

23. FHA mortgages must use the HUD Model Mortgage Form ("Uniform Mortgage"). HUD Handbook, 4155.2, § 12.A.2.a.[6]

24. The Uniform Mortgage requires that its covenants bind successors and assigns. Ex.1, ¶ 12 ("The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender.").

25. The Uniform Mortgage contains a uniform provision limiting fees and charges, stating that "Lender may collect fees and charges authorized by the Secretary [of HUD]." Ex. 1, ¶ 8.

26. The FHA Handbook contains a list of fees and charges that are authorized and may be collected, to the extent they are reasonable and customary and meet other criteria. Ex. 2 at 5, § III.A.1.f.ii.(A) ("[t]he Mortgagee may collect certain reasonable and customary fees and

---

[5] *See*, FHA Lender Annual Certifications: Supervised and Nonsupervised Mortgagees, Changes Implemented 8/1/2016, https://www.hud.gov/sites/documents/SFH_COMP_SUPERNONSUPER.PDF (last accessed on November 27, 2019).
[6] https://www.hud.gov/sites/documents/41552HSGH.PDF (last accessed on November 23, 2019)

5

charges from the Borrower after the Mortgage is insured and *as authorized by HUD below*").

27. The list of authorized fees and charges is at Appendix 3 to the Handbook. *Id.* at 7–13.

28. Pay-to-Pay fees are not on the list of authorized fees and charges.

29. According to the Handbook, authorized fees and charges must also meet other requirements, in addition to being HUD-authorized, including that they be "based on *actual cost of the work performed or actual out-of-pocket expenses* and not a percentage of either the face amount or the unpaid principal balance of the Mortgage; and within the maximum amount allowed by HUD." *Id.* at 5–6, § III.A.1.f.ii.(A).

30. These Handbook rules are codified in the Code of Federal Regulations in the section "Fees and charges after endorsement" with FHA loans in 24 CFR §203.552(a), which states "[t]he mortgagee may collect reasonable and customary fees and charges from mortgagor after insurance endorsement only as provided below." The federal regulations continue to identify fourteen specific types of fees that may be collected but Pay-to-Pay fees are found nowhere therein. *See* 24 CFR §203.552(a)(1)-(14). In addition, the federal regulation states "reasonable and customary fees must be predicated upon the actual cost of the work performed including out-of-pocket expenses." 24 CFR §203.552(b).

31. Pay-to-Pay fees do not meet this requirement because the fees charged by Caliber are not listed in the authorized list of fees, and vastly exceed the actual cost of the work performed by Caliber or Western Union.

32. The Uniform Mortgage explicitly incorporates by reference the FHA rules regarding authorized fees and charges, as well as forbids any fee prohibited by applicable law.

33. As an assignee, Caliber is bound by terms of the Uniform Mortgage, including the limitation on fees and charges that can be collected, and the obligation to abide by the terms of the Uniform Mortgage. As an assignee, Caliber assumed the obligations of the assignor.

34. Alternatively, as an agent of the lender, acting on behalf of the lender and at its direction and under its control, Caliber is bound by the Uniform Mortgage's limitation on fees and charges that can be collected.

*The Fair Debt Collection Practices Act*

35. The purpose of the FDCPA is "to eliminate abusive debt collection practices . . . and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.

36. The FDCPA prohibits debt collectors from "unfair or unconscionable means to collect or attempt to collect any debt," including "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id*. § 1692f(1).

37. No term in Plaintiffs' uniform FHA mortgage—or indeed in any standard mortgage—expressly authorizes the collection of Pay-to-Pay fees.

38. The FDCPA creates a private right of action under *Id.* § 1692k.

39. The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." *Id*. § 1692a(3).

40. The FDCPA defines "debt collector" as "any person who uses . . . any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debt owed . . . or asserted to be owed or due another." *Id*. § 1692a(6).

7

41. Caliber is one of the largest mortgage servicers in the United States. As a mortgage servicer, Caliber's primary responsibility is collecting payments on mortgage debts owed to noteholders.

42. Caliber's servicing portfolio consists of $150,000,000 of debt it collects on behalf of noteholders and lenders.

43. The FDCPA contains an exclusion from the term "debt collector" for "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity:… (iii) concerns a debt which was not in default at the time it was obtained by such person." *Id* (emphasis added).

44. This exclusion does not apply, as Caliber has admitted Plaintiffs' loan was in default when it obtained the servicing rights to their loan.

45. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . [that] are primarily for personal, family, or household purposes." *Id*. § 1692a(5).

### ALLEGATIONS AS TO PLAINTIFFS' TRANSACTIONS

46. Plaintiffs executed a standard form FHA Uniform Mortgage to purchase their home in Two Harbors, Minnesota. Ex. 1.

47. The rights to service the Plaintiffs' mortgage was assigned to Caliber, along with the lender's obligations under the mortgage.

48. When Caliber acquired the servicing rights to Plaintiffs' mortgage in April 2014, the loan was in default. (ECF No. 51 at 3.)

49. Nowhere in Plaintiffs' FHA-insured mortgage are Pay-to-Pay fees expressly authorized, nor does any applicable law affirmatively permit Caliber to collect them.

50.     Indeed, Pay-to-Pay fees are prohibited under the uniform covenants in FHA-insured mortgages.

51.     Section 8 of Plaintiffs' form FHA-insured mortgage, entitled "Fees," states, "Lender may collect fees and charges *authorized by the Secretary* [of HUD]." *Id.* at ¶ 8. (emphasis added).

52.     As alleged above, the Secretary has not authorized Pay-to-Pay fees.

53.     As alleged above, even if they were authorized, the Pay-to-Pay fees exceeded Caliber's out-of-pocket costs for providing the service.

54.     On information and belief, which can be confirmed through review of Defendant's records, Caliber incurs a cost or pays Western Union only about $0.50 or less per Pay-to-Pay transaction processed for making a mortgage payment.

55.     The $3.50–$15.00 fees Caliber charges its borrowers in Pay-to-Pay fees violates FHA rules, which are incorporated by reference into Plaintiffs' Uniform Mortgage.

56.     Plaintiffs Stephen Phillips and Mary Tourville-Phillips have paid $3.50 in unauthorized Pay-to-Pay fees in numerous months, including as recently as August 2019.

57.     Caliber did not disclose to the Phillips or other Class Members that its Pay-to-Pay fees were not allowed under their mortgage, were not authorized under FHA rules, and exceeded the actual cost to Caliber by a wide margin.

## CLASS ALLEGATIONS

58.     Plaintiffs bring this action on behalf of themselves and all others similarly situated pursuant to Fed. R. Civ. P. 23, *et seq*. This action satisfies the numerosity, commonality, typicality, adequacy, and predominance requirements of Rule 23(a) and 23(b)(3).

59.     Plaintiffs seek certification of the following classes:

**FHA Pay-to-Pay Class**

All persons in the United States (1) with an FHA-insured mortgage (2) serviced by Caliber (3) who were charged one or more Pay-to-Pay fees and (4) whose mortgages contained language the same as or substantially similar to the uniform covenants in the Security Instrument.

**FDCPA Class**

All persons who were borrowers on residential mortgage loans that were not owned by Caliber and to which Caliber acquired servicing rights when such loans were in default on their loan payment obligations, and paid a fee to Caliber for making a loan payment by telephone, IVR, or the internet, during the applicable statute of limitations for Plaintiffs' FDCPA claim through the date a class is certified.

60. Plaintiffs reserve the right to modify or amend the proposed class definitions before the Court determines whether certification is appropriate.

61. Excluded from the Classes are Defendant, and Defendant's parents, subsidiaries, affiliates, officers and directors, any entity in which Defendant has a controlling interest, all mortgagors who make a timely election to be excluded, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and members of the staffs of the judges to whom this case should be assigned.

62. The members of the Classes are so numerous that joinder is impractical. While the exact number of Class Members cannot be determined without discovery, Plaintiffs believe that the Classes consist of at least thousands of members, the identity of whom, upon information and belief, can be readily determined upon review of records maintained by Defendant.

63. The claims of the representative Plaintiffs are typical of the claims of the Classes in that the representative Plaintiffs, like all members of the FHA Pay-to-Pay Class, have an FHA-insured mortgage serviced by Defendant and were charged Pay-to-Pay fees that violate the FHA rules and regulations and the express terms of the mortgage contracts. As such, the factual basis of Caliber's misconduct is common to all members of the FHA Pay-to-Pay Class.

64. The claims of the representative Plaintiffs are typical of the claims of the FDCPA Class in that the representative Plaintiffs, like all members of the FDCPA Class, had mortgages that were in default when Defendant acquired the servicing right to their loan and Defendant collected one or more Pay-to-Pay fee from them despite lacking express authorization in the mortgage agreement or having affirmative permission under law.

65. There are numerous questions of law and fact common to the Classes and those common questions predominate over any questions affecting only individual members of the Class.

66. The predominating common questions of law and fact include:

　　i. Whether, and in what amount, Caliber may collect Pay-to-Pay fees to borrowers with FHA-insured Security Instruments;

　　ii. Whether charging such fees violates HUD rules and regulations;

　　iii. Whether charging such fees violates provisions of a standard FHA Security Instrument;

　　iv. What is the proper method or methods by which to measure damages caused by Caliber's breaches of the standard terms of FHA Security Instruments;

　　v. Whether the collection Pay-to-Pay fees violates the FDCPA;

　　vi. Whether Plaintiffs and members of the FDCPA class are entitled to statutory damages; and

　　vii. Whether the charging of Pay-to-Pay fees constitutes unjust enrichment.

67. Plaintiffs' claims are typical of the claims of other members of the Classes, in that they arise out of the same acts, namely Caliber collecting fees to borrowers that are not authorized by contract or by law. Plaintiffs have suffered the harms alleged and have no interests antagonistic to the interests of any other member of the Classes.

68. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers and against financial institutions. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the members of the Classes.

69. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the amount of each Class Member's claims are small relative to the complexity of the litigation, and due to the financial resources of Caliber, no member of the Classes could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the members of the Classes will continue to suffer losses and Caliber's misconduct will proceed without remedy.

70. Even if members of the Classes could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

71. Alternatively, certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because it is clear that declaratory and injunctive relief is appropriate respecting the Class as a whole.

## CLAIMS FOR RELIEF

## COUNT I: Breach of Contract

### (On behalf of the FHA Pay-to-Pay Class)

72. Plaintiffs incorporate paragraphs 1 through 71.

73. Plaintiffs have an FHA-insured mortgage that is serviced by Caliber pursuant to an assignment from the lender. The assignment of servicing rights also transferred the lender's corresponding obligations under the mortgage.

74. Members of the Class have or had FHA-insured mortgages that were serviced by Caliber either as the holder of the loan or pursuant to an assignment from the lender.

75. FHA rules and regulations concerning what fees a mortgage servicer may charge are incorporated by reference into Plaintiffs' and Class Members' mortgages.

76. Caliber is bound by the terms of Class Members' mortgages.

77. Plaintiffs and Class Members performed all conditions precedent to enforcing the terms of their mortgages.

78. Caliber improperly charged Pay-to-Pay fees contrary to the express terms of Class Members' mortgages that prohibit the charging of fees not authorized by the Secretary of HUD.

79. Moreover, the Pay-to-Pay fees Caliber charged exceed Caliber's out-of-pocket costs by several hundred percent.

80. Caliber did not disclose this spread to Plaintiffs or members of the Class.

81. As a proximate cause of that breach, Plaintiffs and members of the Class have been damaged by paying fees that should not have been assessed against them and which Caliber was not entitled to collect.

82. On behalf of the themselves and the Class, Plaintiffs seek declaratory, injunctive, and compensatory relief.

## COUNT II: Unjust Enrichment

### (On behalf of the FHA Pay-to-Pay Class)

83. Plaintiffs incorporate paragraphs 1 through 71.

84. Plaintiffs and Class Members conferred a benefit on Caliber in the form of fees paid to make mortgage payments online or by telephone.

85. Caliber knowingly accepted that benefit.

86. Caliber's acceptance and retention of the benefit is unjust because the fees are prohibited by the terms of the applicable uniform mortgages.

## COUNT III: Violations of the FDCPA

### (On behalf of the FDCPA Class)

87. Plaintiffs incorporate paragraphs 1 through 71.

88. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) because they purchased a home in Minnesota by mortgage primarily for personal, family, or household use.

89. Caliber is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because as a servicer it regularly attempts to collect, and collects, amounts owed or asserted to be owed or due another. Also, Caliber began servicing Plaintiffs' mortgage while it was in default, according to the terms of Plaintiffs' note and mortgage, so none of the exceptions under 15 U.S.C. § 1692a applies.

90. Caliber is a "debt collector" as defined by 15 U.S.C. § 1692a(6) on Plaintiffs' loan because every month, from April 2014 through the present, it collected Plaintiffs' loan payments on behalf of the Plaintiffs' lender pursuant to an assignment from the lender.

91. Caliber has admitted Plaintiffs' loan was in default when it obtained the servicing rights to their mortgage. Therefore, Caliber cannot avail itself of any FDCPA "safe harbor" protection for loan servicers.

92.     Caliber violated 15 U.S.C. § 1692f when it collected Pay-to-Pay fees not owed and not expressly authorized by the agreement creating the debt and in excess of the amount disbursed, inuring a benefit to Caliber.

93.     As a result of Caliber's violation of 15 U.S.C. §§ 1692f, Plaintiffs were harmed monetarily and are entitled to actual damages, plus statutory damages under 15 U.S.C. § 1692k, together with reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and others similarly situated, respectfully request that this Court:

1.      Determine that this action may be maintained as a class action under Fed. R. Civ. P. 23, *et seq.*, that Plaintiffs are proper class representatives and that their counsel are appointed Class Counsel;

2.      Award compensatory damages and restitution in the amount of all Pay-to-Pay fees, and interest on those fees, improperly charged to members of the Class;

3.      Award equitable relief on their unjust-enrichment claim;

4.      Award actual damages in an amount according to proof;

5.      Award statutory damages under the FDCPA;

6.      Award injunctive relief requiring Defendant to cease collection of all improperly charged fees that have not yet been paid by Plaintiffs and members of the Class;

7.      Award injunctive relief to enjoin Defendant's wrongful acts and further violations of Plaintiffs' and the Class Members' rights, including but not limited to requiring Defendant to implement procedures to ensure it ceases charging the improper fees identified in this Complaint;

8.      Award pre-judgment interest at the maximum rate permitted by applicable law;

9. Enter a declaratory judgment that Defendant, through its wrongful actions, has kept and continues to keep for itself, benefits that are due and owed to Plaintiffs and members of the Class;

10. Award reasonable attorneys' fees and costs pursuant to applicable law; and

11. Award such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs and the Class hereby request a trial by jury.

Dated: November 13, 2020                    Respectfully submitted,

*/s/ Lee Lowther*
**CARNEY BATES & PULLIAM, PLLC**
E. Lee Lowther III – llowther@cbplaw.com
Randall K. Pulliam – rpulliam@cbplaw.com
Hank Bates – hbates@cbplaw.com
519 W. 7th St.
Little Rock, AR 72201
Telephone: (501) 312-8500
Facsimile: (501) 312-8505

Daniel E. Gustafson (#202241)
David Goodwin (#386715)
Mickey Stevens (#398549)
**GUSTAFSON GLUEK PLLC**
220 South Sixth Street #2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
mstevens@gustafsongluek.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 13, 2020, I electronically filed the foregoing with the Clerk of Court by using CM/ECF system which will send notice of electronic filing to all counsel of record.

Christopher J. Knapp
**BARNES & THORNBURG LLP**
225 South 6th Street, Suite 2800
Minneapolis, MN 55402-4662

Kristine E. Kruger
**PERKINS COIE LLP**
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099

Thomas Abbott
**PERKINS COIE LLP**
505 Howard Street Suite 1000
San Francisco, CA 94105

Autumn Gear
**BARNES & THORNBURG LLP**
225 South Sixth Street
Suite 2800
Minneapolis, MN 55402-4662

                                              */s/ Lee Lowther*
                                              LEE LOWTHER