**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| STEPHEN PHILLIPS, MARY TOURVILLE-PHILLIPS, SANDI BARNETT, GREGORY BENJAMIN, TYRUS DAVIS, and CHRISTOPHER BINGHAM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CALIBER HOME LOANS, INC.<br><br>Defendant. | Case No.: 0:19-cv-02711-WMW-LIB<br><br>**THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>**Amended Complaint filed with written consent of Defendant pursuant to Fed. R. Civ. P. 15(a)(2)** |

**NATURE OF THE ACTION**

1.     Defendant Caliber Home Loans, Inc. ("Caliber"), one of the largest lenders and servicers of residential mortgages in the country, breached the uniform terms in Federal Housing Administration ("FHA") and Fannie Mae/Freddie Mac ("FNMA") mortgages and violated the Fair Debt Collection Practices Act ("FDCPA") and the laws of the various states that regulate debt collection practices and mortgage servicing activities, which prohibit, among other things, the assessment and collection of fees from borrowers that are not expressly authorized by the terms of their mortgage agreements or permitted by applicable law.

2.     A mortgage servicer such as Caliber works pursuant to an assignment of servicing rights agreement with the mortgage lender or noteholder. Under such an agreement, the servicer performs the everyday tasks of managing the loan, such as collecting monthly payments, applying payments, managing escrow accounts, and, in the event of a default, enforcing the mortgage through foreclosure.

3.     The assignment of servicing rights agreement transfers the lender's servicing

rights under the mortgage, as well is its obligations. Servicers are bound by the terms of the mortgages. In exchange for the regular loan servicing fees paid for by borrowers' monthly interest payments, Caliber and other FHA/FNMA approved mortgage servicers agree to be bound by FHA/FNMA's rules regarding loan servicing.

4.     Caliber abuses its position as mortgage servicer by charging FHA borrowers a fee to make their mortgage payments online or over the phone ("Pay-to-Pay fees"). Pay-to-Pay fees are set by Caliber, not the FHA or the HUD Secretary or by FNMA.

5.     Plaintiffs Stephen Phillips, Mary Tourville-Phillips, Sandi Barnett, Gregory Benjamin, Tyrus Davis and Christopher Bingham have each paid fees for making a mortgage payment by phone, online, or over the Caliber app using an automated clearing house ("ACH"). Plaintiffs and Members of the Class have paid fees between $3.50–$15.00 for each transaction.

6.     When Caliber acquired the servicing rights to Plaintiff Stephen Phillips' and Mary Tourville-Phillips' loan in April 2014, "[t]he loan was in default" and "has been in default between 2014 and the present[.]" (ECF No. 51 at 3 – Caliber's Statement of the Case.)

7.     On behalf of themselves and all others similarly situated, Plaintiffs seek injunctive and compensatory relief against Caliber for its breaches of contract and violations of the FDCPA and state debt collection statutes.

**PARTIES**

8.     Plaintiffs Stephen Phillips and Mary Tourville-Phillips are citizens of the State of Minnesota.

9.     Plaintiffs Sandi Barnett and Gregory Benjamin are citizens of the State of Texas.

10.    Plaintiff Tyrus Davis is a citizen of the State of North Carolina.

11.    Plaintiff Christopher Bingham is a citizen of the State of Maryland.

12.     Defendant Caliber Home Loans, Inc., is incorporated in the State of Delaware and maintains its principal place of business in the State of Texas.

## JURISDICTION AND VENUE

13.     Pursuant to Defendant's removal notice, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C § 1332(d), the Class Action Fairness Act of 2005. The Court also has jurisdiction pursuant to 28 U.S.C § 1331 because this action also arises under the FDCPA, 15 U.S.C. §1692f(1).

## COMMON FACTUAL ALLEGATIONS

### *The Mortgage Servicing Industry*

14.     Mortgage lenders rarely service their own loans. In many cases, lenders specialize in the origination of the loan, but they choose not to handle the day-to-day administrative tasks that come with a mortgage. Instead of managing these duties in-house, lenders assign the servicing rights of their loans to a designated servicer—a company that specializes in the actual management and administration of mortgages.

15.     There are two main, assignable rights under a Deed of Trust and Note.  There are ownership rights as the lender under the agreement.  Separately, there are mortgage servicing rights that entitle the Lender to enforce the Deed of Trust, collect mortgage loan payments, and charge fees allowed by the Note and Deed of Trust.

16.     Caliber is a mortgage servicer that handles the day-to-day administrative tasks of a mortgage loan, including collecting  monthly payments, sending monthly statements, and managing escrow accounts. Caliber exercises these rights when it is a lender servicing its own loans and where there is a valid assignment of servicing rights to Caliber.

17.     Plaintiffs have mortgages guaranteed by agencies including the Federal Housing Administration and Fannie Mae/Freddie Mac, that include form Security Instruments, including Deeds of Trust.  Plaintiffs' Deeds of Trust do not authorize the collection of Pay-to-Pay fees.

## ALLEGATIONS AS TO PLAINTIFFS' TRANSACTIONS

*Stephen Phillips and Mary Tourville-Phillips*

18.     Stephen Phillips and Mary Tourville-Phillips ("the Phillips") executed a standard form FHA Uniform Mortgage to purchase their home in Two Harbors, Minnesota. Ex. 1.

19.     The rights to service the Phillips' mortgage were assigned to Caliber, along with the lender's obligations under the mortgage.

20.     When Caliber acquired the servicing rights to the Phillips' mortgage in April 2014, the loan was in default. (ECF No. 51 at 3.)

21.     Nowhere in the Phillips' FHA-insured mortgage are Pay-to-Pay fees expressly authorized, nor does any applicable law affirmatively permit Caliber to collect them.

22.     Caliber has collected Pay-to-Pay fees from the Phillips in numerous months, including in August 2019.

*Sandi Barnett*

23.     On or about August 3, 2015, Ms. Barnett executed a note to purchase her home in Corpus Christi, Texas, and secured it with a Deed of Trust, which is attached to this Complaint as Exhibit 2.

24.     The rights to service Ms. Barnett's mortgage were assigned to Caliber, along with the lender's obligations under the mortgage.

25.     Nowhere in the Ms. Barnett's FNMA mortgage are Pay-to-Pay fees expressly authorized, nor does any applicable law affirmatively permit Caliber to collect them.

26.     Caliber has collected Pay-to-Pay fees from Ms. Barnett in numerous months, including in February 2019.

***Gregory Benjamin***

27.    Mr. Benjamin executed a standard form FHA Uniform Mortgage to purchase his home in Texas.  Exhibit 3.

28.    The rights to service Mr. Benjamin's mortgage were assigned to Caliber, along with the lender's obligations under the mortgage.

29.    Nowhere in Mr. Benjamin's FHA-insured mortgage are Pay-to-Pay fees expressly authorized, nor does any applicable law affirmatively permit Caliber to collect them.

30.    Caliber has collected Pay-to-Pay fees from Mr. Benjamin in numerous months, including in September 2019.

***Tyrus Davis***

31.    Mr. Davis executed a standard form FNMA Uniform Mortgage to purchase his home in North Carolina.  Exhibit 4.

32.    The rights to service Mr. Davis's mortgage were assigned to Caliber, along with the lender's obligations under the mortgage.

33.    Nowhere in Mr. Davis's FNMA mortgage are Pay-to-Pay fees expressly authorized, nor does any applicable law affirmatively permit Caliber to collect them.

34.    Caliber has collected Pay-to-Pay fees from Mr. Davis in numerous months, including in December 2019.

***Christopher Bingham***

35.    Mr. Bingham executed a standard form FNMA Uniform Mortgage to purchase his home in Maryland.  Exhibit 5.

36.    The rights to service Mr. Bingham's mortgage were assigned to Caliber, along with the lender's obligations under the mortgage.

37.     Nowhere in Mr. Bingham's FNMA mortgage are Pay-to-Pay fees expressly authorized, nor does any applicable law affirmatively permit Caliber to collect them.

38.     Caliber has collected Pay-to-Pay fees from Mr. Bingham in numerous months, including in December 2019.

## CLASS ALLEGATIONS

39.     Plaintiffs bring this action on behalf of themselves and all others similarly situated pursuant to Fed. R. Civ. P. 23, *et seq*. This action satisfies the numerosity, commonality, typicality, adequacy, and predominance requirements of Rule 23(a) and 23(b)(3).

40.     Plaintiffs seek certification of the following Class:

All persons in the United States (1) with a mortgage (2) serviced by Caliber and (3) who paid any Pay-to-Pay fee to Caliber from January 1, 2013 to present.

41.     Excluded from the Class are Defendant, and Defendant's parents, subsidiaries, affiliates, officers and directors, any entity in which Defendant has a controlling interest, all mortgagors who make a timely election to be excluded, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and members of the staffs of the judges to whom this case should be assigned.

42.     The members of the Class are so numerous that joinder is impractical.

43.     The claims of the representative Plaintiffs are typical of the claims of the Class in that the representative Plaintiffs, like all class members, have a mortgage serviced by Defendant and were charged Pay-to-Pay fees. As such, the factual basis of Caliber's misconduct is common to all members of the Class.

44.     There are numerous questions of law and fact common to the Class and those common questions predominate over any questions affecting only individual members of the Class.

45.     Plaintiffs' claims are typical of the claims of other members of the Class, in that they arise out of the same acts, namely Caliber collecting Pay-to-Pay fees from borrowers that are not authorized by contract or by law. Plaintiffs have suffered the harms alleged and have no interests antagonistic to the interests of any other member of the Classes.

46.     Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers and against financial institutions. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the members of the Class.

47.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the amount of each Class Member's claims are small relative to the complexity of the litigation, and due to the financial resources of Caliber, no member of the Class could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the members of the Class will continue to suffer losses and Caliber's misconduct will proceed without remedy.

48.     Even if members of the Class could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

## CLAIMS FOR RELIEF

### COUNT I: Breach of Contract
(All Plaintiffs on behalf of the Class)

49.     Plaintiffs incorporate paragraphs 1 through 48.

50.     Plaintiffs each have a mortgage that is serviced by Caliber. Caliber is bound by the terms of all mortgages it services.

51.     Members of the Class have or had mortgages that were serviced by Caliber either as the holder of the loan or pursuant to an assignment from the lender.

52.     Caliber is bound by the terms of Plaintiffs' and Class Members' mortgages.

53.     Caliber improperly collected Pay-to-Pay fees contrary to the express terms of Class Members' mortgages that prohibit the charging of fees not authorized by state or federal law.

54.     As a proximate cause of that breach, Plaintiffs and members of the Class have been damaged by paying fees that should not have been assessed against them and which Caliber was not entitled to collect.

55.     On behalf of the themselves and the Class, Plaintiffs seek injunctive and compensatory relief.

### COUNT II: Violations of the FDCPA

56.     Plaintiffs Stephen Phillips and Mary Tourville-Phillips incorporate paragraphs 1 through 48.

57.     The Phillips and the class are "consumers" as defined by 15 U.S.C. § 1692a(3) because they purchased a home in Minnesota by mortgage primarily for personal, family, or household use.

58.     Caliber is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because as a servicer it regularly attempts to collect, and collects, amounts owed or asserted to be owed or due another.

59.     Caliber is a "debt collector" as defined by 15 U.S.C. § 1692a(6) on the Phillips' loan because every month, from April 2014 through the present, it collected the Phillips' loan payments on behalf of the Phillips' lender pursuant to an assignment from the lender. Caliber likewise was a "debt collector' when it collected debts from Class members.

60.     Caliber has admitted the Phillips' loan was in default when it obtained the servicing rights to their mortgage. Therefore, Caliber cannot avail itself of any FDCPA "safe harbor" protection for loan servicers.

61.     Caliber violated 15 U.S.C. § 1692f as to the Phillips' and the Class when it collected Pay-to-Pay fees that were neither expressly authorized by the agreement creating the debt nor permitted by law.

62.     As a result of Caliber's violation of 15 U.S.C. §§ 1692f, the Phillips' and the Class were harmed monetarily and are entitled to actual damages, plus statutory damages under 15 U.S.C. § 1692k, together with reasonable attorney's fees and costs.

**COUNT III: Violations of State Debt Collection and Mortgage Servicing Laws
(Plaintiffs Barnett, Gregory, Davis, and Bingham on behalf of the Class)**

63.     Plaintiffs incorporate paragraphs 1 through 48.

64.     The laws of the various states regulate debt collection practices and mortgage servicing activities, including, but not limited to, incorporating provisions of the FDCPA and making those provisions independently actionable under state law, as well prohibiting additional unfair, unconscionable, and/or deceptive acts committed in the course of collecting on consumer debt. (collectively "State Debt Collection Laws") These State Debt Collection Laws include the

laws of any and all of the fifty states and the District of Columbia that regulate the conduct of debt collectors and/or mortgage servicers in consumer transactions. Examples of these State Debt Collection Laws include, but are not limited to, California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.01 *et seq.* ; Florida's Consumer Collection Practices Act, Fla. Stat. 559.55, *et seq*.; Maryland Consumer Debt Collection Act, Md. Code, Com. L., § 14-202 *et seq.*; the North Carolina Debt Collection Act, N.C. Gen. Stat., § 75-55, *et seq.;* the North Carolina Debt Collection and Mortgage Servicing Act, N.C. Gen. Stat. § 45-91, *et seq.,* Texas Debt Collection Act, T ex. Fin. Code § 392.303, *et seq.;* and any state law that borrows or is predicated on the federal Fair Debt Collection Practices Act.

65.     Plaintiffs and the class are consumers who engaged in consumer debt transactions when they took out mortgage loans secured by their homes for personal and household use within the meaning of the State Debt Collection Laws.

66.     Caliber is a debt collector that collects debts incurred for personal and household use within the meaning of the State Debt Collection Laws.

67.     Caliber's collection of monthly mortgage payments are attempts to collect debts arising out of consumer transactions within the meaning of the State Debt Collection Laws. .

68.     Pay-to-Pay Fees are prohibited under State Debt Collection Laws, because, they are: (a) fees incidental to the principal debt when such a fee is not express authorized by the agreement creating the debt or applicable law; (b) a portion of the debt collector's fee that is passed on to the consumer in violation of applicable law; (c) not authorized by the Secretary of HUD and/or any other relevant governmental authority; and/or (d) otherwise an unfair, unconscionable, and/or deceptive means of collecting a consumer debt under the State Debt Collection Laws.

69.     As a result of Caliber's collection of Pay-to-Pay fees, Plaintiffs and the class have suffered financial damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and others similarly situated, respectfully request that this Court:

1.     Determine that this action may be maintained as a class action under Fed. R. Civ. P. 23, *et seq.*, that Plaintiffs are proper class representatives and that their counsel are appointed Class Counsel;

2.     Award compensatory damages and restitution in the amount of all Pay-to-Pay fees, and interest on those fees, improperly charged to members of the Class;

3.     Award actual damages in an amount according to proof;

4.     Award statutory damages under the FDCPA;

5.     Award injunctive relief requiring Defendant to cease collection of all improperly charged fees that have not yet been paid by Plaintiffs and members of the Class;

6.     Award injunctive relief to enjoin Defendant's wrongful acts and further violations of Plaintiffs' and the Class Members' rights, including but not limited to requiring Defendant to implement procedures to ensure it ceases charging the improper fees identified in this Complaint;

7.     Award pre-judgment interest at the maximum rate permitted by applicable law;

8.     Award reasonable attorneys' fees and costs pursuant to applicable law; and

9.     Award such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs and the Class hereby request a trial by jury.

Dated: April 16, 2020                    Respectfully submitted,

                                         */s/ Lee Lowther*
                                         E. Lee Lowther III
                                         Randall K. Pulliam
                                         Hank Bates
                                         **CARNEY BATES & PULLIAM, PLLC**
                                         519 W. 7th Street
                                         Little Rock, AR 72201
                                         Telephone: (501) 312-8500
                                         Facsimile: (501) 312-8505
                                         llowther@cbplaw.com
                                         rpulliam@cbplaw.com
                                         hbates@cbplaw.com

                                         Daniel E. Gustafson (#202241)
                                         David Goodwin (#386715)
                                         Mickey Stevens (#398549)
                                         **GUSTAFSON GLUEK PLLC**
                                         220 South Sixth Street #2600
                                         Minneapolis, MN 55402
                                         Telephone: (612) 333-8844
                                         dgustafson@gustafsongluek.com
                                         dgoodwin@gustafsongluek.com
                                         mstevens@gustafsongluek.com

                                         Hassan A. Zavareei
                                         Kristen G. Simplicio
                                         **TYCKO & ZAVAREEI LLP**
                                         1828 L Street NW, Suite 1000
                                         Washington, D.C. 20036
                                         Phone: (202) 973-0900
                                         Fax: (202) 973-0950
                                         hzavareei@tzlegal.com
                                         ksimplicio@tzlegal.com

                                         James L. Kauffman
                                         **BAILEY & GLASSER LLP**
                                         1055 Thomas Jefferson St. NW Suite 540
                                         Washington, DC 20007
                                         Telephone: (202) 463-2101
                                         Facsimile: (202) 463-2103
                                         jkauffman@baileyglasser.com

Elizabeth Ryan
**BAILEY & GLASSER LLP**
176 Federal Street, 5th Floor
Boston, MA 02110
Telephone: (617) 439-6730
Facsimile: (617) 951-3954
eryan@baileyglasser.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of April 2021, I electronically filed the

foregoing with the Clerk of Court by using CM/ECF system which will send notice of electronic

filing to all counsel of record.

Christopher J. Knapp
**BARNES & THORNBURG LLP**
225 South 6th Street, Suite 2800
Minneapolis, MN 55402-4662

Kristine E. Kruger
**PERKINS COIE LLP**
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099

Thomas Abbott
**PERKINS COIE LLP**
505 Howard Street Suite 1000
San Francisco, CA 94105

*/s/ Lee Lowther*
E. LEE LOWTHER