**EXHIBIT 1**

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release, subject to approval by the Court, is made between Stephen Phillips, Mary Tourville-Phillips, Sandi Barnett, Gregory Benjamin, Tyrus Davis, and Christopher Bingham (collectively, "Plaintiffs"), as the proposed representatives of the Settlement Class, and Defendant Caliber Home Loans, Inc. ("Caliber") (collectively, "the Parties").

## I.    RECITALS

**A.**    On September 9, 2019, Stephen Phillips and Mary Tourville-Phillips, individually and on behalf of a purported class, filed a lawsuit in Lake County District Court which was removed to the United States District Court for the District of Minnesota on October 14, 2019, and captioned *Phillips, et al. v. Caliber Home Loans, Inc.,* Case No. 0:19-cv-02711-WMW-LIB (the "Phillips Lawsuit"). Mr. and Ms. Phillips alleged that Caliber breached its contracts with borrowers by charging and collecting additional processing fees when borrowers paid their monthly mortgage by telephone, interactive voice response ("IVR") or the internet ("Pay-to-Pay Fees"). On November 12, 2020, the court granted Mr. and Ms. Phillips's motion for leave to file an amended complaint to additionally allege that in engaging in these practices, Caliber violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* On November 13, 2020, Mr. and Mrs. Phillips filed their Second Amended Class Action Complaint against Caliber.

On October 17, 2019, Sandi Barnett and Gregory Benjamin, individually and on behalf of a purported class, filed a lawsuit in the Southern District of Texas, captioned *Barnett, et al. v. Caliber Home Loans, Inc.,* Case No. 2:19-cv-309 (the "Barnett Lawsuit"). Ms. Barnett and Mr. Benjamin alleged Caliber violated the Texas Debt Collection Act, Tex. Fin. Code § 392, and constituted a breach of contract, by charging and collecting Pay-to-Pay Fees.

On April 15, 2020, Plaintiffs Tyrus Davis and Christopher Bingham, individually and on behalf of a purported class, filed a lawsuit in the United States District Court for the Middle District of North

Carolina captioned *Davis, et al. v. Caliber Home Loans, Inc.,*, Case No. 1:20-cv-00338 (the "Davis Lawsuit"). Mr. Davis alleged Caliber violated three North Carolina statutes, the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-55(2), the North Carolina Mortgage Debt Collection and Servicing Act, § 45-91(4), the North Carolina Unfair and Deceptive Trade Practices Act, § 75-1.1, and constituted a breach of contract, by charging and collecting Pay-to-Pay Fees. Mr. Bingham alleged that Caliber violated the Maryland Consumer Debt Collection Act, Md. Code, Com. L. § 14-202(8), constituted a breach of contract, and constituted unjust enrichment, by charging and collecting Pay-to-Pay Fees.

The Parties exchanged information necessary to mediate, and after more than six months of negotiation, the Parties reached an agreement to resolve the Action.

      **B.**     Class Counsel have fully analyzed and evaluated the merits of all Parties' contentions and this Settlement as it impacts all Parties, including the individual members of the Settlement Class. After taking into account the substantial risks of continued litigation, and the likelihood that the Action, if not settled now, will be protracted and expensive, Class Counsel are satisfied that the terms and conditions of the Settlement Agreement are fair, reasonable, adequate, and equitable, and that a settlement of the Action is in the best interests of the Settlement Class.

      **C.**     By entering into this Agreement, Defendant does not admit that it is liable to Plaintiffs or the Settlement Class, nor does Defendant concede that, absent a settlement, Plaintiffs' putative classes may properly be certified under the Federal Rules of Civil Procedure. Defendant desires to settle the claims brought solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims which have or could have been asserted by Plaintiffs against Defendant relating to Defendant's alleged wrongful actions or omissions. Defendant denies all liability to Plaintiffs and the Settlement Class.

**D.**     Plaintiffs, individually and on behalf of the Settlement Class, desire to settle their claims alleged against Defendant in the Action, having taken into account through Plaintiffs' counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this Settlement and the likelihood that the Action will be further protracted and expensive.

**E.**     Plaintiffs' counsel has conducted an extensive investigation of the facts and applicable law, including, but not limited to, obtaining discovery on issues pertaining to class size and damages. Defendants have provided plaintiffs' counsel with all information sufficient for plaintiffs' counsel to fully evaluate this settlement and to reach an agreement in the best interest of the Class, including complete information on the number of borrowers and fees charged. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiffs' counsel considers it to be in the best interest of the Settlement Class to enter into this Agreement.

**F.**     This Agreement reflects a compromise between the Parties, and shall in no event be construed as or be deemed an admission or concession by any Party of the truth of any allegation or the validity of any purported claim or defense asserted in any of the pleadings in the Action, or of any fault on the part of Defendant, and all such allegations are expressly denied. Nothing in this Agreement shall constitute an admission of liability or be used as evidence of liability, by or against any Party hereto.

**G.**     In consideration of the foregoing and other valuable consideration, Plaintiffs, Plaintiffs' counsel, Defendant, and Defendant's Counsel agree collectively to settle the claims of the Plaintiffs and the Settlement Class arising from Defendant's collection of Pay-to-Pay Fees as alleged in the Action, subject to the Court's approval, on the following terms and conditions.

## II.     DEFINITIONS

**A.**     "Action" means collectively the Phillips Lawsuit, the Barnett Lawsuit, and the Davis Lawsuit.

**B.**     "Administrative Costs" means all costs and expenses associated with and incurred in connection with providing Class Notice to the Proposed Class, payment of Settlement Payments; costs of locating Settlement Class members whose current address is not reflected in existing records of Defendant, and any other costs of, or associated with, administration of the Settlement Class. It does not include any fees, costs or expenses incurred by Class Counsel or any Settlement Class members.

**C.**     "Agreement" or "Settlement Agreement" means this Proposed Class Action Settlement Agreement.

**D.**     "Class Counsel" means James L. Kauffman and Elizabeth Ryan of Bailey & Glasser LLP; Randall K. Pulliam and Lee Lowther of Carney Bates & Pulliam, PLLC; and Hassan A. Zavareei and Kristen G. Simplicio of Tycko & Zavareei LLP.

**E.**     "Class Notice" means the Email Notice, the Postcard Notice, and the Long Form Notice.

**F.**     "Class Period" means January 1, 2013 to the present.

**G.**     "Class Representatives" or "Plaintiffs" means Stephen Phillips, Mary Tourville-Phillips, Sandi Barnett, Gregory Benjamin, Tyrus Davis, and Christopher Bingham.

**H.**     The "Court" means the United States District Court for the District of Minnesota.

**I.**     "*Cy Pres* Recipient" means Habitat for Humanity.

**J.**     "Defendant" or "Caliber" means Caliber Home Loans, Inc.

**K.**     "Defendant's Counsel" means David T. Biderman of Perkins Coie LLP.

**L.**     "MasterCard Mailer" means the mailing to Class Members that will include the MasterCard gift card with Settlement Payment and instructions on how to use the card, substantially in the form of **Exhibit A4**, provided that the Preliminary and Final Approval Order prescribes Class Notice by email.

**M.**     "Effective Date" means the later of: (i) 31 days after the docketing and entry of the Final Approval Order which is also the day after the last date for filing a Notice of Appeal, or (ii) the day after any order on appeal becomes final and non-appealable and there are no further proceedings on remand, including no further appeal of orders issued on remand.

**N.**     "Email Notice" means the notice to be emailed to Settlement Class members by the Settlement Administrator, substantially in the form of **Exhibit A1**, provided that the Preliminary Approval Order prescribes Class Notice by email.

**O.**     "Fee and Expense Award" means the amount awarded to Class Counsel by the Court to compensate Class Counsel for attorneys' fees and expenses in prosecuting the Actions, to be paid from the Settlement Fund.

**P.**     "Fee and Service Award Application" means Class Counsel's application for a Fee and Expense Award and Service Awards.

**Q.**     "Final Approval Hearing" or "Final Fairness Hearing" mean the hearing at or after which the Court will determine whether to finally approve the Settlement.

**R.**     "Final Approval Order" means an order of the Court finally approving the Settlement. A copy of a proposed Final Approval Order is attached as **Exhibit C.**

**S.**     "Gross Settlement Fund" or "Common Fund" means a payment by Defendant in the amount of $5,000,000, which constitutes approximately 29.39% of the total $17,010,702.94 in Pay-to-Pay fees the Settlement Class paid to Caliber during the Class Period. The Gross Settlement Fund shall be used to make Settlement Payments, any Fee and Expense Award, any Service Awards, and all Administrative Costs.

**T.**     "Long Form Notice" means the notice to be posted on the Settlement Website and mailed to Settlement Class members upon request that discloses the terms of the Settlement Agreement, substantially in the form of **Exhibit A3.**

DocuSign Envelope ID: CA84BE6E-ADF3-4A3A-8CGA-543985396A45

**U.**    "Net Settlement Fund" means the Gross Settlement Fund minus any Fee and Expense Award, any Service Awards, and all Administrative Costs.

**V.**    "Notice Program" means the procedure for providing Class Notice to the Settlement Class.

**W.**    "Parties" shall mean the Class Representatives, all Class Members, and Defendant.

**X.**    "Plan of Allocation" means the terms and procedures for allocating the Settlement Fund among, and for distributing amounts to Class Members as proposed in the Class Notice and approved by the Court.

**Y.**    "Postcard Notice" means the notice to be mailed to Settlement Class Members by the Settlement Administrator, substantially in the form of **Exhibit A2.**

**Z.**    "Preliminary Approval Order" means an order from the Court preliminarily approving the Settlement; preliminarily certifying, for settlement purposes only, the Settlement Class; and approving the Class Notice. A copy of a proposed Preliminary Approval Order is attached hereto as **Exhibit B**.

**AA.**    "Released Claims" means the actions, causes of action (in law, equity, or administratively), suits, debts, liens, or claims released by the Settlement, as provided for in Section V of the Settlement Agreement.

**BB.**    "Released Persons" means Defendant and each of its past, present and future directors, officers (whether acting in such capacity or individually), shareholders, advisors, owners, partners, joint venturers, principals, trustees, creditors, law firms, attorneys, representatives, employees, managers, parents, direct or indirect subsidiaries, divisions, subdivisions, departments, affiliates, predecessors, and successors, or any agent acting or purporting to act for them or on their behalf, as well as any stakeholder or investor on whose behalf Defendant services any loan to any Settlement Class Member, and each of their past, present and future directors, officers (whether acting

6

DocuSign Envelope ID: CAC4DE6E-ADF9-4A3A-8CGA-543395396A45

in such capacity or individually), shareholders, advisors, owners, partners, joint venturers, principals, trustees, creditors, law firms, attorneys, representatives, employees, managers, parents, direct or indirect subsidiaries, divisions, subdivisions, departments, affiliates, predecessors, and successors, or any agent acting or purporting to act for them or on their behalf.

**CC.**    "Response Deadline" means 105 days after entry of the Preliminary Approval Order.

**DD.**    "Settlement Administrator" means Kroll Business Services.  The Settlement Administrator was selected by Class Counsel, with input from Defendant, after three settlement administrators submitted proposals.

**EE.**    "Settlement Class" means

All persons who (1) were borrowers on residential mortgage loans on properties in the United States whose loans were serviced by Caliber, and (2) paid a fee to Caliber for making a loan payment by telephone, IVR, or the internet, from January 1, 2013 to January 21, 2020.

The Parties agree that the Settlement Class consists of 456,663 number of class members, who are associated with 322,404 loans. Excluded from the Settlement Class are the Court and the Court's staff, the United States District Court for the Southern District of Texas and its staff, and the United States District Court for the Middle District of North Carolina and its staff. Upon entry of the Final Approval Order, persons who would otherwise be Settlement Class Members but who submitted a timely and valid request for exclusion will be excluded from the Settlement Class.

**FF.**    "Settlement Class Members" means all members of the Settlement Class.

**GG.**    "Settlement Class Member List" means a list of persons who, according to a reasonable search of Defendant's business records, fall within the definition of the Settlement Class. The Settlement Class Member List shall include the names of all persons who, according to a reasonable search of Defendant's business records, fall within the definition of the Settlement Class; their last known mailing address; their last known email address, provided that the Preliminary

Approval Order prescribes Class Notice by email; and the dates and amounts of each Pay-to-Pay Fee paid during the Class Period.

**HH.**    "Settlement Payment" means the payment made to each Settlement Class Member pursuant to this Agreement.

**II.**    "Service Award" means such funds as may be awarded by the Court to the Plaintiffs in recognition of their time and effort expended in pursuing the Action and in fulfilling their obligations and responsibilities as Class Representatives.

**JJ.**    "Settlement Website" means an internet website to be established and maintained by the Settlement Administrator for purposes of administering the Settlement. The URL of the Settlement Website shall be www. MortgagePaytoPaySettlement.com.

## III.    SCHEDULE AND CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS

**A.**    Solely for the purpose of effectuating the Settlement set forth in this Agreement and subject to Court approval, the Parties state that they have stipulated to stay the Davis Lawsuit and Barnett Lawsuit. They shall further agree that Davis, Bingham, Barnett, and Benjamin shall be permitted to join the Phillips Lawsuit as named Plaintiffs through the conditional filing of an amended complaint, the terms of which shall be set forth in a stipulation to be filed concurrently with the Motion for Preliminary Approval. The parties further stipulate that: (1) a Settlement Class shall be certified in accordance with the definition of the Settlement Class set forth in this Agreement; (2) the Class Representatives shall represent the Settlement Class for settlement purposes; (3) Class Counsel shall represent the Settlement Class for settlement purposes; and (4) the Davis Lawsuit and Barnett Lawsuit shall be voluntarily dismissed with prejudice upon the Effective Date of this settlement.

**B.**    Plaintiffs shall file an unopposed Motion for Preliminary Approval of the Settlement, attaching this Agreement with Exhibits, on or before April 30, 2021 or such other date as is ordered

by the Court. In their Motion for Preliminary Approval, Plaintiffs shall request that the Court: (1) enter the Preliminary Approval Order; (2) certify, for settlement purposes only, the Settlement Class; (3) appoint Plaintiffs as Class Representatives; (4) appoint Class Counsel as counsel for the Settlement Class; (5) approve the Notice Program; (6) approve the procedures for objecting to and requesting exclusion from the Settlement; and (7) schedule a Final Fairness Hearing. Defendant shall not oppose the motion and may file a statement of non-opposition. Defendant agrees that the total amount of Pay-to-Pay fees the Settlement Class paid to Defendant during the Class Period and other information relevant to the Court's assessment of the fairness and adequacy of the Settlement may be filed publicly on the docket and not under seal.

Plaintiffs will also submit, by the deadline set by the Court, a motion (1) seeking entry of the Final Approval Order; (2) confirming certification of the Settlement Class for settlement purposes; approving the Settlement; (3) finding the Notice Program was the best notice practicable under the circumstances and comported with all applicable requirements of law and due process; (4) confirming the release of the Released Claims; (5) identifying those who have timely and validly requested exclusion; and (6) confirming the retention of jurisdiction relating to the administration, consummation, validity, enforcement, and interpretation of this Agreement, the Final Approval Order, and any order granting any Fee and Expense Award and Service Awards, and for any other necessary purpose. Defendant will not oppose the motion and may file a statement of non-opposition.

This Agreement, which is proposed, will become effective upon the Effective Date.

C.      In the event that this Agreement (including the Settlement provided for herein) is not finally approved, or is terminated or cancelled or fails to become effective for any reason whatsoever, the conditional class certification and conditional leave to file an amended complaint, to which the Parties have stipulated solely for the purpose of the settlement of the each of the three Lawsuits, shall be null and void, and the amended complaint in the Phillips Lawsuit shall be deemed to be withdrawn,

and each of the three Lawsuits shall revert to their status as they existed prior to the date of this Agreement.

## IV.    THE SETTLEMENT TERMS

### A.    Funding of Settlement

The Gross Settlement Fund shall be used to pay, in the following order: (1) all Administrative Costs, (2) any taxes owed by the Gross Settlement Fund (but not any taxes owed by any individual Class Counsel, Plaintiffs, or Class Members), (3) any Fee and Expense Award approved by the Court, (4) any Service Awards to the Class Representatives approved by the Court, and (4) Settlement Payments. Defendant shall not have any obligation to contribute any additional amounts to the settlement contemplated by this Agreement.

The Gross Settlement Fund shall be paid by Defendant to the Settlement Administrator within twenty-one (21) days after the entry of the final Preliminary Approval Order. The Gross Settlement Fund shall be deposited into an interest-bearing account established by the Settlement Administrator and designated as a Qualified Settlement Fund pursuant to the Internal Revenue Code (the "Escrow Account") to be held in escrow pending the Effective Date. Any interest earned shall accrue to benefit of the Settlement Class.

The principal and interest in the Escrow Account (the amount deposited plus interest) shall be returned to Defendant within five business days of any of the following events: (i) the Court determines not to enter a Final Approval Order; (ii) a Final Approval Order entered by the Court is set aside by an appellate court, unless otherwise agreed in writing by the Parties; or (iii) the Settlement does not occur for some other reason.

### B.    Settlement Payments and Distribution

Settlement Class Members are entitled to receive monetary benefits from the Net Settlement Fund on a pro rata basis during the Class Period.  Co-borrowers on a single class account shall be

entitled to a single total Settlement Payment per account. Settlement Class Members who receive a Settlement Payment shall be solely responsible for distributing or allocating such payment between or among all co-account holders.

Within fourteen (14) days of entry of the Final Approval Order, the Settlement Administrator shall calculate the Net Settlement Fund by deducting (1) the Administrative Costs incurred in connection with the Notice Program and any other Administrative Costs approved by the Parties; (2) any costs, fees, or other expenses that the Settlement Administrator expects reasonably to incur through the conclusion of the Settlement ("Projected Administrative Costs"); (3) the amount of any Court-approved Fee and Expense Award; and (4) the amount of any Court-approved Service Awards. The Settlement Administrator will provide Class Counsel and Defendant's Counsel with a document demonstrating this calculation. The Parties shall review and approve any Projected Administrative Costs, and approval shall not be unreasonably withheld. If at the conclusion of the Settlement administration not all of the Projected Administrative Costs are incurred, remaining amounts shall be distributed to the *Cy Pres* Recipient. In no event, however, shall the Settlement Administrator be paid in excess of the actual Administrative Costs, including Projected Administrative Costs.

Within thirty (30) days of entry of the Final Approval Order, the Settlement Administrator shall pay by wire any Fee and Expense Award approved by the Court, and any Service Awards approved by the Court. Wiring instructions and W-9s shall be provided by Class Counsel to the Settlement Administrator on or before this deadline.

Within fourteen (14) days of the Effective Date, the Settlement Administrator shall calculate on a percentage basis and dollar basis the allocation to each Settlement Class Member to be made from the Net Settlement Fund and disseminate to the Parties' counsel a final list identifying each Settlement Class Member, the percentage of the Net Settlement Fund to be paid to each Settlement Class Member, and the amount of payment to each Settlement Class Member.

Settlement Payments shall be made via MasterCard gift cards, paper checks, and digital payment methods. In the Email and Postcard Notice to the Class, Class Members will be told to visit the Settlement Website to select a payment option, and may select between receiving their Settlement Payments on a no-fee MasterCard gift card, in the form of a paper check, a MasterCard gift card, or via various digital payment methods such as PayPal and VenMo. The Email and Postcard Notice will further advise that if no payment option is set, the Class Member will receive their payments in the form of a MasterCard gift card.

For Settlement Class Members who select a digital payment option, the payments will be effectuated within thirty (30) days of the Effective Date. For Settlement Class Members who opted to receive a paper check, their Settlement Payments will be mailed by check within thirty (30) days of the Effective Date. For the remaining Class Members, within thirty (30) days of the Effective Date, they will be mailed a MasterCard Mailer in the form of **Exhibit A4**, which will contain the MasterCard gift card on which Settlement Payments will be loaded, and the mailer will be folded and sealed. The MasterCard gift card can be used in stores or online for purchases and will have no fees associated with domestic transactions. The MasterCard Mailer will further advise Class Members that they may visit the Settlement Website to have the balance on the MasterCard paid out via a paper check or digital payment option. The MasterCard will expire in two years, but Class Members may request that that date be continued. Prior to mailing the MasterCard Mailers, the Settlement Administrator shall attempt to update the last known addresses of Settlement Class Members through the National Change of Address database. If a check or mailer is returned and marked "Undeliverable", the Settlement Administrator shall make reasonable efforts to locate the Settlement Class Member, reissue the check and send it to a forwarding address.

Class members who elected Checks issued under this Settlement shall be negotiable for ninety (90) days after date of issuance. Individual checks that have not been negotiated within ninety (90)

days after issuance shall be void. For good cause shown, Settlement Class Members may request that the Settlement Administrator reissue a check for one additional 90-day period. After 180 days from the date of issuance of the initial checks, any remaining funds in the Net Settlement Fund shall be distributed to Settlement Class Members via a secondary distribution. If the amount of remaining funds is so minimal that a secondary distribution would be impracticable or infeasible, then the remaining funds shall be distributed to the *Cy Pres* Recipient. Any funds remaining following a secondary distribution shall be distributed to the *Cy Pres* Recipient. In no event shall such remaining funds be returned to Defendant.

The Parties agree that all Class Members who do not opt out shall be solely responsible for any and all tax obligations associated with this Settlement. Nothing in this Agreement is intended to constitute legal advice or tax advice. To the extent that this Agreement or any of its Exhibits are interpreted to contain or constitute advice regarding any United States or Federal tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding penalties under the Internal Revenue Code.

### C.    Injunctive Relief

As of January 21, 2020, Caliber has ceased charging or collecting Pay-to-Pay Fees to any Settlement Class Member and to any borrower in the country. As a result of this Settlement, Defendant agrees to refrain from the charging or collection of Pay-to-Pay Fees from borrowers for a period of at least two years after entry of the Final Approval Order.

### D.    Service Awards

On or before twenty-one (21) days prior to the Response Deadline, Class Counsel may apply to the Court for a Service Award from the Gross Settlement Fund for each Class Representative not to exceed $5,000 per Class Representative. Service Awards will be requested in recognition of the Class Representatives' service to the Settlement Class, in addition to any other relief to which they are

entitled. Defendant shall not object to the Class Representatives' request for Court approval of Service Awards.

This Settlement is not conditioned upon the Court awarding any Service Awards, and should the Court decline to approve any Service Awards, or should the Court approve Service Awards in amounts less than that sought by Class Counsel, the remaining provisions of the Settlement shall be binding and effective.

E.    **Class Counsel's Fees and Expenses**

On or before twenty-one (21) days prior to the Response Deadline, Class Counsel may apply to the Court for a Fee and Expense Award from the Gross Settlement Fund, not to exceed one third (33.33%) of the Gross Settlement Fund as reasonable attorneys' fees, plus Class Counsel's reasonable expenses incurred in the litigation. Defendant may respond to the Fee and Service Award Application as it deems appropriate, though waives its right to appeal the Fees and Expense Award made by the Court. The Parties agree that the amount of attorneys' fees ultimately paid from the Gross Settlement Fund will not in any way reduce, increase, or otherwise modify Defendant's obligation to pay the agreed-upon sum of $5,000,000 for the Gross Settlement Fund. Class Counsel Fees shall be subject to approval by the Court. Bailey & Glasser LLP shall be solely responsible for paying any monies due to any and all other counsel for Plaintiffs, out of the Fee and Expense Award. Defendant shall not be liable for any claims ensuing from distribution of attorneys' fees and expenses. The Parties did not discuss any award of attorneys' fees or expenses until the material terms of the Settlement were agreed.

In consideration of this Agreement, Class Counsel and Plaintiffs release the Released Persons from any and all claims for attorneys' fees or costs, by lien or otherwise. Class Counsel and Plaintiffs further agree that the Fee and Expense Award, if any, shall compensate them for all legal work in the Action up to and including the Effective Date, as well as for all legal work and costs that may be incurred in the Action after the Effective Date.

This Settlement is not conditioned upon the Court awarding any Fee and Expense Award, and should the Court decline to make a Fee and Expense Award, or approve a Fee and Expense Award less than that sought by Class Counsel, the remaining provisions of the Settlement shall be binding and effective.

## V.    RELEASE

Upon the Effective Date, and in consideration for the Settlement Payment and for Defendant's other promises contained herein, each Settlement Class Member, for and on behalf of their present and future spouses (and common law spouses), children, parents, relations, successors, beneficiaries, heirs, next of kin, assigns, attorneys, executors, administrators, and/or estate, or any and all other persons who could claim through them, hereby unconditionally, conclusively and irrevocably remises, releases, forever discharges and covenants not to sue Caliber and each of its past, present and future directors, officers (whether acting in such capacity or individually), shareholders, advisors, owners, partners, joint venturers, principals, trustees, creditors, law firms, attorneys, representatives, employees, managers, parents, direct or indirect subsidiaries, divisions, subdivisions, departments, affiliates, predecessors, and successors, or any agent acting or purporting to act for them or on their behalf, as well as any stakeholder or investor on whose behalf Caliber services any loan to any Settlement Class Member, and each of their past, present and future directors, officers (whether acting in such capacity or individually), shareholders, advisors, owners, partners, joint venturers, principals, trustees, creditors, law firms, attorneys, representatives, employees, managers, parents, direct or indirect subsidiaries, divisions, subdivisions, departments, affiliates, predecessors, and successors, or any agent acting or purporting to act for them or on their behalf, from any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, promises, damages, penalties, attorneys' fees and costs, liens, judgments, and demands of any kind whatsoever that each member of the Settlement Class may have on or before the Effective Date or may have had

in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been sought or alleged in the Action that relate, concern, arise from, or pertain in any way to the Released Persons' conduct, policies, or practices concerning Pay-to-Pay Fees charged by Defendant to the Settlement Class, including but not limited to claims related to charges for making payments to Defendant over the phone or internet and claims or causes of action under the federal Fair Debt Collection Practices Act and Texas Debt Collection Act, Tex. Fin. Code § 392, or similar Debt Collection laws of other states  (the "Released Claims"). Nothing in this Release or in the Agreement otherwise alters or affects the rights or obligations of any Settlement Class Member and Caliber with respect to any relationship with Caliber, nor does this Release or Agreement in any way change any Settlement Class Member's continuing obligations on his or her residential mortgage loan serviced by Caliber, or in any way limit Caliber's rights with respect to such loan.

## VI.   NOTICE TO THE SETTLEMENT CLASS

No later than thirty (30) days after entry of the Preliminary Approval Order, Defendant shall provide Plaintiffs' counsel and the Settlement Administrator the Settlement Class Member List in an electronic format.

As soon as practicable, but starting no later than thirty (30) days after the date that the Defendant provides the Settlement Class Member List to the Settlement Administrator, the Settlement Administrator shall cause the Email Notice to be sent to all Settlement Class Members for whom the Settlement Class Member List includes an email address, provided that the Preliminary Approval Order prescribes Class Notice by email. Defendant makes no representations as to the accuracy of any emails included in the Settlement Class Member List.

DocuSign Envelope ID: CAC4DE65-ADE9-4A2A-8CCA-642895396A45

As soon as practicable, but starting no later than thirty (30) days after the date that the Defendant provides the Settlement Class Member List to the Settlement Administrator, the Settlement Administrator shall cause the Postcard Notice to be sent to all Settlement Class Members for whom no email address appears on the Settlement Class Member List. Prior to mailing Class Notice, the Settlement Administrator will update the last known addresses of the members of the Settlement Class using the National Change of Address database. Within a reasonable time prior to the Response Deadline, the Settlement Administrator shall also cause the Postcard Notice to be sent to all Settlement Class Members whose Email Notices are returned undeliverable, after running those Settlement Class Members' last known addresses through the National Change of Address database. If the Postcard Notice is returned with a forwarding address, the Settlement Administrator shall make one attempt to remail the Postcard Notice to that forwarding address, as soon as possible before the Response Deadline. If the Postcard Notice is returned undeliverable without a forwarding address, the Settlement Administrator shall make a reasonable attempt to locate an updated address and make one attempt to remail the Postcard Notice to the updated address, as soon as possible before the Response Deadline.

The Settlement Administrator shall mail or email the Long Form Notice to any Settlement Class member who requests a copy.

Prior to the date on which the Settlement Administrator mails the Postcard Notice, the Settlement Administrator shall establish the Settlement Website. The Settlement website shall contain: (1) the Long Form Notice in downloadable PDF format in both English and Spanish; (2) the Long Form Notice in HTML format with a clickable table of contents, described as answers to frequently asked questions; (3) a contact information page with contact information for the Settlement Administrator, and addresses and telephone numbers for Class Counsel and Defendant's Counsel; (4) the Settlement Agreement; (5) the signed Preliminary Approval Order and publicly filed motion papers

17

and declarations in support thereof; (6) the operative complaints in each of the Actions; and (6) when they become available, the Fee and Service Award Application, the motion for entry of the Final Approval Order, and any motion papers and declarations filed publicly in support thereof. The Settlement Website shall remain accessible until thirty (30) days after the Settlement Administrator has completed its obligations under the Settlement Agreement.

The Settlement Administrator shall also establish a 24-hour toll-free telephone line with information about frequently asked questions about the Settlement. The number shall be included in the Class Notice and posted on the Settlement Website.

The Settlement Administrator shall ensure that timely notice is provided to any state and federal officials as required by the Class Action Fairness Act (28 U.S.C. § 1715).

## VII. OBJECTIONS AND OPTING OUT OF THE SETTLEMENT

**Request for Exclusion**. Settlement Class members have the right to request exclusion from the Settlement. The Class Notice shall advise Settlement Class Members of this right and the requirements for doing so.

Any Settlement Class Member may seek to be excluded from the Settlement Class by opting out by the Response Deadline. A request for exclusion must be in writing, postmarked on or before the Response Deadline, and include the name of the case. The request must also include the name, address, phone number and signature of the borrowers(s) seeking exclusion, as well as language clearly indicating a request for exclusion, such as "I wish to be excluded from the Settlement in *Caliber Home Loans, Inc.*" If there are co-borrowers on the loan, all co-borrowers must sign the request for exclusion. The request must be mailed to the address provided in the Class Notice. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than one designated in the Class Notice, or that is not received within the time specified shall be invalid and the person(s) serving such request shall remain a Settlement Class Member and shall be bound as a

Settlement Class Member to the Agreement, if approved. The Settlement Administrator shall forward copies of all requests for exclusion to all counsel of record no later than seven days after receipt. Any Settlement Class Member who opts out of the Settlement Class and the Agreement shall not be bound by any prior court order or the terms of the Agreement. Any person who opts out of this Settlement is prohibited from objecting to the Settlement.

**Objecting to the Settlement**. Settlement Class Members have the right to object to the Settlement and/or the Fee and Service Awards Application. The Class Notice shall advise Settlement Class Members of this right and the requirements for doing so.

Any Settlement Class Member may object to this Agreement by mailing a written objection, postmarked on or before the Response Deadline, to the Clerk of the Court  or by filing it in person on or before the Response Deadline. Copies of any written objection shall be sent to both Class Counsel and Defense Counsel via mail, hand, or overnight delivery. All objections must be in writing and personally signed by the Settlement Class Member and include: (1) the objector's name, address, email address if any, and telephone number; (2) the case caption; (3) the specific factual basis and legal grounds for the objection; (4) a list of all cases in which the objector has objected to a class action settlement, including case name, court, and docket number; (5) if the objector is represented by counsel, a list of all cases in which the objector's counsel has represented an objector in objecting to a class action settlement, case name, court, and docket number; (6) a statement indicating whether the Settlement Class Member and/or their lawyer(s) intend to appear at the Final Fairness Hearing; (7) a list of witnesses, if any, that the objecting Settlement Class Member intends to call; and (8) whether the objection relates only to the objector, or to a subset of the Settlement Class, or to the entire Settlement Class. The objector should also comply with Local Rule 3-15 and promptly file a Certification of Interested Entities or Persons in the docket.

Any Settlement Class Member who has not submitted a timely request for exclusion may appear at the Final Fairness Hearing either in person or through an attorney. However, if the Settlement Class Member intends to appear through counsel, the Settlement Class Member must have submitted a written objection pursuant to this section. Any lawyer who intends to appear at the Final Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the Response Deadline. Any Settlement Class Member who intends to request the Court to allow him or her to call witnesses at the Final Fairness Hearing must make such a request in a written brief, which contains a list of such witnesses and a summary of their requested testimony.

No person who has opted out of the Settlement may object to it. Any Settlement Class Member who does not provide a timely written objection or who does not make a record of his or her objection at the Final Approval Hearing shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, Fee and Service Awards Application, or the Fee and Expense Award or Service Awards.

The Class Representatives, Class Counsel, and/or Defendant may file responses to any timely written objections no later than 7 days prior to the Final Fairness Hearing.

## VIII.    OBLIGATIONS OF THE SETTLEMENT ADMINISTRATOR

As discussed in more detail elsewhere in the Agreement, the Settlement Administrator shall execute a retainer agreement that shall provide, among other things, that the Settlement Administrator shall perform the duties, tasks, and responsibilities associated with providing notice and administering the Settlement, including the following: (1) preparing and disseminating the Class Notice; (2) maintaining the Settlement Website to allow class members to elect electronic payments; (3) keeping track of any requests for exclusion from and objections to the Settlement, including maintaining the original envelope in which they were mailed; (4) delivering to Class Counsel and Defense Counsel

copies of any request for exclusion, objection, or, upon request, any other written or electronic communications from the Settlement Class; (5) making Settlement Payments; (6) performing any tax reporting duties required by this Agreement or any applicable law; (7) maintaining adequate records of its activities, including dates of transmission of the Postcard Notice and Email Notice, returned mail, and other communications and attempted communications with the Settlement Class; (8) confirming in writing its completion of the administration of the Settlement; and (9) such other tasks as Class Counsel and Defendant's Counsel mutually agree.

The retainer agreement shall provide that Settlement Administrator understands and agrees that it will be provided with certain personal identifying information relating to the Settlement Class and agrees to keep the information secure utilizing security measures that, at a minimum, comply with all applicable laws, rules, and regulations, not disclose or disseminate it, and use the information solely for purposes of effectuating the Settlement. The Settlement Administrator shall agree that it shall be subject to the jurisdiction of the Court with respect to the administration of this Settlement.

The Settlement Administrator shall also be required to sign a Confidentiality Agreement, which sets forth, among other things, a timeline for the Settlement Administrator to destroy all email addresses. The Settlement Administrator shall not utilize Settlement Class members' email addresses for any purpose other than effectuating this settlement.

Starting one week after the deadline to begin the Notice Program, the Settlement Administrator shall also provide weekly reports to Defendant's Counsel and Class Counsel concerning requests for exclusion and objections received during the prior week and to date.

Within five days of the Response Deadline, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel with a report containing the information regarding requests for exclusion and objection, including timely and untimely requests for exclusion and objection. The Settlement Administrator shall provide a declaration to be submitted in support of the motion for

entry of the Final Approval Order detailing the Notice Program and the number of valid requests for exclusion and objections received.

The Settlement Administrator shall also provide Class Counsel and Defendant's Counsel with a reconciliation and accounting of the Gross Settlement Fund at each of the following times: (1) no later than ten days after the Settlement Payments are made; and (2) no later than 180 days after the Settlement Payments are made.

All data created and/or obtained and maintained by the Settlement Administrator pursuant to this Agreement shall be destroyed twelve (12) months after the Final Report is submitted to the Court, provided that Class Counsel and Defendant's Counsel, or either of them, at their own cost, shall receive a complete copy of the Settlement Administrator's records (excluding specific account information), together with a declaration establishing completeness and authenticity, which they may maintain consistent with their own document retention policies. To the extent Class Counsel receives a copy of the class list, it shall be subject to the Stipulation and Confidentiality Agreement signed by Class Counsel in this case and shall not be used for any purposes other than the implementation of this Agreement.

## IX.    BINDING EFFECT OF AGREEMENT

This Agreement is binding upon and shall inure to the benefit of any Settlement Class Member who did not properly exclude himself or herself from the Settlement Class, as well as their heirs, successors, executors, personal or legal representatives, administrators, trustees, or anyone else claiming to have rights derived from or through the Settlement Class Member.

## X.    NOTICES

Any communication, verification, or notice sent by any Party in connection with this Agreement shall be sent by email and overnight mail as follows:

To Class Counsel:

James L. Kauffman
Bailey & Glasser LLP
1055 Thomas Jefferson St. NW
Suite 540
Washington, DC 20007
jkauffman@baileyglasser.com

To Defendant's Counsel:

David T. Biderman
Perkins Coie LLP
1888 Century Park East
Suite 1700
Los Angeles, CA 90067
dbiderman@perkinscoie.com

## XI.    ENTIRE AGREEMENT

The Parties agree that this Agreement sets forth the entire understanding between the Parties. This statement is intended to satisfy all disclosure requirements of Rule 23 of the Federal Rules of Civil Procedure.

## XII.    CHOICE OF LAW

Except to the extent federal law applies, this Agreement and ancillary agreements shall be governed by and construed in accordance with the laws of the state of Minnesota without respect to its choice of law principles.

## XIII.    REPRESENTATIONS

Plaintiffs represent and warrant that they are the sole and exclusive owner of the Released Claims and that they have not assigned or otherwise transferred any interest in any of the Released Claims against any of the Released Persons, and further covenant that they will not assign or otherwise transfer any interest in any of the Released Claims.

Plaintiffs represent and warrant that they have no surviving claim or cause of action against any of the Released Persons with respect to any of the Released Claims.

The Parties, and each of them on his, her, or its own behalf only, represent and warrant that they are voluntarily entering into the Settlement Agreement as a result of arm's-length negotiations among their counsel, that in executing the Settlement Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing the Settlement Agreement by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any party to the Settlement Agreement. Each of the Settling Parties assumes the risk of mistake as to facts or law.

## XIV.   VOIDING OF AGREEMENT AND RIGHT TO WITHDRAW

If the Court declines to approve the Agreement and procedures contemplated herein, then the Agreement is automatically null, void, and of no force and effect. If the Court imposes any additional or increased burden, condition, or obligation upon a Party and that entity finds it to be unacceptable, that entity will have fourteen (14) days after written notice of such order becoming final to withdraw from this Agreement, in which case the Agreement shall be null, void, and of no force and effect.

However, in the event the Court determines any proposed Class Representative payment or Class Counsel's Fees, Costs, and Expenses should be reduced, it is expressly agreed and understood that such a decision by the Court shall not operate as a means by which a Party can withdraw from this Agreement.

## XV.   NO ADMISSION OF LIABILITY

This Agreement constitutes a compromise of disputed claims for purposes of achieving an amicable and efficient settlement.  Nothing in this Agreement or any of the procedures carried out pursuant thereto shall constitute or be construed as an admission of liability or wrongdoing on the

part of the Released Persons. Nothing in this Agreement shall constitute an admission by the Released Persons that the Action was properly brought as a class or representative action other than for settlement purposes or an admission by the Released Persons of the propriety of the Action.

It is agreed that neither the existence of this Agreement, its contents, nor communications or negotiations culminating in this Agreement, may be used as evidence of liability or fault on the part of the Released Persons or any person or entity associated in any way with the Released Persons.

## XVI.   MISCELLANEOUS

This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by Defendant's Counsel and Class Counsel, and with Court approval.

This Agreement may be executed in multiple counterparts; in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or electronic copies of executed copies of this Agreement may be treated as originals.

Each of the Parties hereto has jointly participated in the negotiation and drafting of this Agreement and each Party was represented by counsel of his or her own choosing throughout the negotiations. In the event an ambiguity or a question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by each of the Parties hereto and no presumptions or burdens of proof shall arise favoring any party by virtue of the authorship of any provisions of this Agreement

AGREED TO ON THE LATEST OF THE DATES SET FORTH BELOW.

Stephen Phillips: *Stephen Phillips* (May 13, 2021 11:58 CDT) _____        DATE: May 13, 2021 _____

Mary Tourville-Phillips: _____        DATE: _____

Sandi Barnett: _____        DATE: _____

part of the Released Persons. Nothing in this Agreement shall constitute an admission by the Released Persons that the Action was properly brought as a class or representative action other than for settlement purposes or an admission by the Released Persons of the propriety of the Action.

It is agreed that neither the existence of this Agreement, its contents, nor communications or negotiations culminating in this Agreement, may be used as evidence of liability or fault on the part of the Released Persons or any person or entity associated in any way with the Released Persons.

## XVI.    MISCELLANEOUS

This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by Defendant's Counsel and Class Counsel, and with Court approval.

This Agreement may be executed in multiple counterparts; in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or electronic copies of executed copies of this Agreement may be treated as originals.

Each of the Parties hereto has jointly participated in the negotiation and drafting of this Agreement and each Party was represented by counsel of his or her own choosing throughout the negotiations. In the event an ambiguity or a question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by each of the Parties hereto and no presumptions or burdens of proof shall arise favoring any party by virtue of the authorship of any provisions of this Agreement

AGREED TO ON THE LATEST OF THE DATES SET FORTH BELOW.

Stephen Phillips:_____    DATE: _____

Mary Tourville-Phillips:_____*Mary L Tourville-Phillips*_____    DATE: ___May 13, 2021___
Mary L Tourville-Phillips (May 13, 2021 12:05 CDT)

Sandi Barnett: _____    DATE: _____

part of the Released Persons. Nothing in this Agreement shall constitute an admission by the Released Persons that the Action was properly brought as a class or representative action other than for settlement purposes or an admission by the Released Persons of the propriety of the Action.

It is agreed that neither the existence of this Agreement, its contents, nor communications or negotiations culminating in this Agreement, may be used as evidence of liability or fault on the part of the Released Persons or any person or entity associated in any way with the Released Persons.

## XVI.    MISCELLANEOUS

This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by Defendant's Counsel and Class Counsel, and with Court approval.

This Agreement may be executed in multiple counterparts; in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or electronic copies of executed copies of this Agreement may be treated as originals.

Each of the Parties hereto has jointly participated in the negotiation and drafting of this Agreement and each Party was represented by counsel of his or her own choosing throughout the negotiations. In the event an ambiguity or a question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by each of the Parties hereto and no presumptions or burdens of proof shall arise favoring any party by virtue of the authorship of any provisions of this Agreement

AGREED TO ON THE LATEST OF THE DATES SET FORTH BELOW.

Stephen Phillips: _____    DATE: _____

Mary Tourville-Phillips: _____    DATE: _____

Sandi Barnett: *SandiBarnett*    DATE: May 13, 2021
Sandi Barnett (May 13, 2021 08:43 CDT)

Gregory Benjamin: _____     DATE: May 12, 2021
Gregory Benjamin (May 12, 2021 15:08 CDT)                                        _____

Tyrus Davis: _____     DATE: _____

Christopher Bingham: _____     DATE: _____


Caliber Home Loans, Inc.

Name: _____     DATE: _____

Signed: _____


APPROVED AS TO FORM AND CONTENT:


BAILEY GLASSER LLP


By: _____     Date: ___May 14, 2021_____
        James L. Kauffman


TYCKO & ZAVAREEI LLP


By: _____     Date: _____
        Hassan A. Zavareei
        Kristen G. Simplicio


CARNEY BATES & PULLIAM PLLC


By: _____     Date: _____
        Randy Pulliam


PERKINS COIE LLP


By: _____     Date: _____
        David T. Biderman


26

Gregory Benjamin: _____    DATE: _____

Tyrus Da _____    DATE: 5/13/2021
_____

Christopher Bingh _____    DATE: 5/12/2021
_____

Caliber Home Loans, Inc.

Name: _____    DATE: _____

Signed: _____


APPROVED AS TO FORM AND CONTENT:


BAILEY GLASSER LLP


By: _____    Date: _____
James L. Kauffman


TYCKO & ZAVAREEI LLP


By: _____    Date: 05/12/2021
_____
Hassan A. Zavareei
Kristen G. Simplicio


CARNEY BATES & PULLIAM PLLC


By: _____    Date: _____
Randy Pulliam


PERKINS COIE LLP


By: _____    Date: _____
David T. Biderman

Gregory Benjamin: _____     DATE: _____

Tyrus Davis: _____     DATE: _____

Christopher Bingham: _____     DATE: _____


Caliber Home Loans, Inc.

Name: _____     DATE: _____

Signed: _____


APPROVED AS TO FORM AND CONTENT:

BAILEY GLASSER LLP


By: _____     Date: _____
      James L. Kauffman


TYCKO & ZAVAREEI LLP


By: _____     Date: _____
      Hassan A. Zavareei
      Kristen G. Simplicio


CARNEY BATES & PULLIAM PLLC


By: _____     Date: _05/13/2021_
      Randy Pulliam


PERKINS COIE LLP


By: _____     Date: _____
      David T. Biderman

Gregory Benjamin: _____    DATE:_____

Tyrus Davis: _____    DATE:_____

Christopher Bingham: _____    DATE: _____


Caliber Home Loans, Inc.

Name: _____Christopher Bass, SVP_____    DATE: __5-12-2021__

Signed: _____


APPROVED AS TO FORM AND CONTENT:


BAILEY GLASSER LLP


By:_____    Date: _____
    James L. Kauffman


TYCKO & ZAVAREEI LLP


By:_____    Date: _____
    Hassan A. Zavareei
    Kristen G. Simplicio


CARNEY BATES & PULLIAM PLLC


By:_____    Date: _____
    Randy Pulliam


PERKINS COIE LLP


    Date: _5/14/2021_____

By:_____
    David T. Biderman


26

EXHIBIT A1

**(Email Notice)**

**From:** Caliber Home Loans Pay-to-Pay Fee Litigation Settlement Administrator

**Subject Line:** Caliber Home Loans Pay-to-Pay Fee Settlement

Content:

**A federal court authorized this notice. This is not a solicitation from a lawyer, and you are not being sued.**

You are receiving this notice because you could be affected by a class action lawsuit against Caliber Home Loans, Inc. ("Caliber" or "Defendant") involving its assessment of Pay-to-Pay Fees to make mortgage payments online or over the phone, including through the use of the telephonic automated "IVR" (interactive voice response) system.

A Settlement has been reached in a class action lawsuit alleging that Caliber's practice of charging such fees, among other things, violated the federal Fair Debt Collection Practices Act, the debt collection practices laws of the various states, and breached the terms of the borrowers' loan agreements. Caliber denies the allegations asserted in the actions. The court has not decided who is right. Plaintiffs and the Defendant have agreed to settle the lawsuit to avoid the cost and uncertainty of litigation. You can read the Complaints, Settlement Agreement, and other case documents on the Settlement Website:

<b>http://www.PaytoPayFeeSettlement.com</b>

**Who's Included?** Caliber's records show you are a member of the Settlement Class. The Settlement Class includes all persons All persons who (1) were borrowers on residential mortgage loans on properties in the United States whose loans were serviced by Caliber, and (2) paid a fee to Caliber for making a loan payment by telephone, IVR, or the internet, from January 1, 2013 to the present.

**What are the Settlement terms?** Caliber has agreed to establish a cash Common Fund of $5,000,000.00 from which Settlement Class Members will receive payments by check. Pursuant to the Court's approval, the Gross Settlement Fund will also be used to pay Settlement Notice and Administration Costs, Attorneys' Fees and Expenses to Class Counsel, and Service Awards for the Class Representatives. The Net Settlement Fund, net of any Settlement Administration Costs, Service Awards, and attorneys' fees and expenses award by the Court, will be distributed *pro rata* based on the number of times a Settlement Class Member paid a Pay-to-Pay Fee during the Class Period as determined by Defendant's records. If the Court awards all Administrative Costs, attorneys' fees and expenses, and Service Awards requested by the Parties, the Net Settlement Fund will be approximately $3,125,299.

In connection with the litigation, Caliber stopped charging the fees on January 21, 2020, and has agreed to stop charging fees for online, telephone, and IVR payments for an additional two years after the final approval of this settlement.

Settlement Class Members will automatically receive monetary payments from the Net Settlement Fund based on the amount of fees that the Settlement Class Member paid. Settlement Class Members are solely responsible for distributing or allocating Settlement Payments between or among all co-account holders.

You have the option to visit the Settlement Website at www. MortgagePaytoPaySettlement.com to select the format in which would like to receive your Settlement Payment. You may choose to receive your payment on a MasterCard gift card, in the form of a a paper check, or via various digital payment options. If no payment method is selected by [DATE], you will receive your payment in the form of a MasterCard gift card, which will be mailed to you. The MasterCard can be used without a cost to you at all domestic merchants that accept MasterCard. Upon receipt of the MasterCard, you will have the option of visiting the Settlement Website and electing that the balance thereon be paid out to you via paper check or an alternate digital payment option. **If you wish to receive your Settlement Payment in another format, including via check, you must visit www. MortgagePaytoPaySettlement.com by [DATE] and to select your preferred option.**

The MasterCard gift cards will not expire. If you elect to receive your funds via checks, checks will be valid for 90 days. Settlement Class Members may request that the Settlement Administrator reissue a check for one additional 90-day period for good cause shown. If there is any amount in the Net Settlement Fund that remains following the distribution of checks to Settlement Class Members as a result of checks being returned undeliverable or which are not cashed within 90 days, those funds will be distributed on a *pro rata* basis to Settlement Class Members who cashed their checks. Within 180 days after the Settlement Administrator mails the first Settlement Class Member Payments, the administrator will decide whether Residual Funds should be distributed to the Settlement Class Members through a secondary distribution. If the amount of the remaining funds is so minimal that a secondary distribution would be impracticable or infeasible, then, subject to the Court's approval, the remaining funds shall be distributed to Habitat for Humanity, a 501(c)(3) charitable organization that works with community organizations to support initiatives that help homeowners.

**Your Other Options:** If you do not want to be bound by the Settlement, you must exclude yourself by [Response deadline].  If you exclude yourself, you cannot get money from this Settlement. If you do not exclude yourself, you will release your claims against Caliber for the claims at issue in this lawsuit. Specifically, you will not be able to sue for any claim relating to Pay-to-Pay Fees for phone, internet, and IVR mortgage payments between January 1, 2013 and January 21, 2020. The Long Form Notice available at www. MortgagePaytoPaySettlement.com contains instructions for how to exclude yourself.

If you do not exclude yourself, you may object to the Settlement by [Response Deadline]. The Long Form Notice available at www. MortgagePaytoPaySettlement.com contains instructions for how to object.

**Final Fairness Hearing:** The Court will hold a Final Fairness Hearing on [DATE]. Further information about how to attend that hearing, including whether the hearing will be held in person at the courthouse or online via Zoom videoconferencing, will be available on the settlement website at www. MortgagePaytoPaySettlement.com. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website  for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.

At the Final Fairness Hearing, Class Counsel will ask the Court to award attorneys' fees in an amount not to exceed one third (33.33%) of the Gross Settlement Fund, or $1,666,500, plus litigation costs and expenses.  Class Counsel will also request Court approval of Service Awards to the Class Representatives in the amount of $5,000 each.  Class Counsel will file that request,

along with all supporting documents, at least 21 days prior to the deadline to opt-out from or object to the Settlement.  The Fee and Service Award Application and all supporting papers will be available for your review on the settlement website at www. MortgagePaytoPaySettlement.com. The Court will determine the appropriate amount of the attorneys' fees and awards to be paid. The Settlement is not conditioned upon approval of any of the attorneys' fees, costs, or service award amounts.

If there are objections, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the Settlement. You may appear at the hearing, but you don't have to. You may hire your own attorney, at your own expense, to appear or speak for you at the hearing.

**If you do not take any action, you will be legally bound by the Settlement and any orders or Judgments entered in the Action, and will fully, finally, and forever give up any rights to prosecute certain claims against Caliber.**

This notice provides limited information about the Settlement.  For more information call
1----[---] [---] [-----]
or visit  www. MortgagePaytoPaySettlement.com

# EXHIBIT A2

DocuSign Envelope ID: CAC4DE6E-ADF9-4A2A-8CCA-54299F396A45

**t or Phone, including through the automated "IVR" (interactive voice response) system, You May Be Eligible for a Payment from a Class Action Settlement.**

A $5,000,000 Settlement has been reached in a class action lawsuit alleging that Caliber Home Loans, Inc. improperly assessed fees arising from account holders who made mortgage payments via internet or telephone, including through the telephonic automated "IVR" (interactive voice response) system ("Pay-to-Pay Fees"). Caliber denies any wrongdoing. The Court has not decided who is right.

**Who's Included? Caliber's records show you are a likely member of the Settlement Class.** The Court decided that the Settlement Class includes all persons who (1) were borrowers on residential mortgage loans on properties in the United States whose loans were serviced by Caliber, and (2) paid a fee to Caliber for making a loan payment by telephone, IVR, or the internet, from January 1, 2013 to January 21, 2020.

**What Are the Settlement Terms?** Caliber has agreed to establish a Common Fund of $5,000,000 from which Settlement Class Members will receive payments. Caliber also agreed to stop charging the fees for two years after the approval of the settlement. Once the Court approves the Settlement, each Settlement Class Member will *automatically* receive a payment for his or her pro rata share of the Net Settlement Fund. There is no need to file a claim, however, **you may visit www. MortgagePayToPaySettlement.com by Month Day 2021 to select your preferred payment method. If you do not select a method, you will receive your Settlement Payment on a MasterCard gift card, which will be mailed to you.** The Net Settlement Fund will be paid to the Settlement Class Members *pro rata*. The Net Settlement Fund is the amount after attorneys' fees, costs, service awards to the Class Representatives, and Administrative Expenses are paid from the Gross Settlement Fund, and is estimated to be $3,125,299. The Settlement provides that Class Counsel may seek up to 33.33% of the Gross Settlement Fund, to reimburse Class Counsel for attorneys' fees, along with their reasonable expenses, and that the Class Representatives may each seek $5,000 as Service Awards.

**Your Rights May Be Affected.** If you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement Class by **Month Day, 2021**. If you do not timely exclude yourself, you will not be able to sue for any claim relating to Pay-to-Pay Fees for phone, internet, and IVR mortgage payments between **January [ ], 2013** and January 21, 2020. If you exclude yourself or "opt out" of the Class, you won't get an automatic payment. If you stay in the Settlement Class, you may object to the Settlement in writing by **Month Day, 2021**. The Long Form Notice, available at www. MortgagePayToPaySettlement.com, contains instructions for how to exclude yourself from or object to the Settlement.

**The Fairness Hearing.** The Court will hold a hearing at ___ .m **Month Day, 2021**. Further information about how to attend the hearing, including whether it will be held in person at the courthouse or online via Zoom videoconferencing, will be available at www. MortgagePayToPaySettlement.com. At the hearing, the Court will consider whether to approve the Settlement and Class Counsel's request for attorneys' fees, plus expenses and the Class Representatives' Service Award. Unless you opt-out of the Settlement, you may appear, but you are not required to attend. You may also hire your own attorney, at your own expense, to appear or speak for you at the hearing.

**How Can I Get More Information?** If you have questions or want more information about this lawsuit and your rights, visit [URL TBD]. You may obtain a detailed notice that explains how to exclude yourself from or object to the Settlement by visiting [URL TBD] by calling [number], or by writing to the Settlement Administrator, [Address].

152180937.1

DocuSign Envelope ID: CAC4DE6E-ADF9-4A2A-8CCA-54299F396A45

Settlement Administrator

PO Box XXXX
City,State-XXXXX

## <u>Legal Notice about a Class Action Settlement</u>

**If you were charged a fee by Caliber Home Loans, Inc. for a phone, internet, or IVR mortgage payment, You may be eligible for a payment from a class action settlement.**

Read this notice carefully.

You can also visit: **www. MortgagePaytoPaySettlement.com** or call [number]

*Para una notificación en Español,*

*visite nuestro sitio de Web, [Settlement Website]*

152180937.1

DocuSign Envelope ID: CAC4DE6E-ADE9-4A2A-8CCA-542895396A45

EXHIBIT A3

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA

**A class action settlement may affect your rights if you paid Caliber Home Loans, Inc. a fee to make a residential loan payment by telephone, including through the use of the telephonic automated "IVR" (interactive voice response) system, or the internet between January 1, 2013 and January 21, 2021.**

### THIS NOTICE COULD AFFECT YOUR RIGHTS – PLEASE READ IT CAREFULLY

*A court authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

The United States District Court for the District of Minnesota (the "Court") authorized this Notice. This Notice is a summary of a proposed settlement of three class action lawsuits titled *Phillips, et al. v. Caliber Home Loans, Inc.,* Case No. 0:19-cv-02711 (D. Minn.), *Barnett, et al. v. Caliber Home Loans, Inc.,* Case No. 2:19-cv-309 (S.D. Tex.), and *Davis, et al. v. Caliber Home Loans, Inc.., Case No. 1:20-cv-00338* (M.D. N.C.). The three cases have been consolidated for settlement before the U.S. District Court for the District of Minnesota. Stephen Phillips, Mary Tourville-Phillips, Sandi Barnett, Gregory Benjamin, Tyrus Davis, and Christopher Bingham ("Plaintiffs") sued Caliber Home Loans, Inc., alleging that Caliber charged borrowers fees to make mortgage payments online or over the phone, including through the use of the telephonic automated "IVR" (interactive voice response) system ("Pay-to-Pay fees"). The Action asserts that Caliber's practice of charging such fees, among other things, violated the federal Fair Debt Collection Practices Act, 16 U.S.C. § 1692f(1), various state debt collection laws, and breached the terms of the borrowers' loan agreements. Caliber denies the allegations asserted in the Actions. The Court has not decided who is right.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| Do Nothing And Receive A Payment | If you are entitled under the Settlement to payment, you do not have to do anything to receive it. If the Court approves the Settlement and it becomes final and effective, and you remain in the Settlement Class (*i.e.*, you do nothing and do not otherwise exclude yourself from the Settlement), you will automatically receive a payment. |
| Exclude Yourself From The Settlement<br><br>Deadline: [Date] | Instead of doing nothing, you may ask to be excluded from the lawsuit. If you do so, you will receive no benefit from the Settlement, but you retain your right to sue on your own. |
| Object<br><br>Deadline: [Date] | You may object to the terms of the Settlement Agreement and have your objections heard at the [date] Final Approval Hearing. |
| Do Nothing | You will receive any payment to which you are entitled and will give up your right to bring your own lawsuit against Caliber about the claims in this case. |

Questions? Call [number] or visit **www. MortgagePaytoPaySettlement.com.**

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at www. MortgagePaytoPaySettlement.com, by contacting class counsel at the addresses listed in Part below, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.mnd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for District of Minnesota, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, Suite 100, St. Paul, MN 55101, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.

The following is a summary of the Settlement and of your rights.

**1. Why is there a Notice?**

A Court authorized this notice because you have a right to know about the proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give Final Approval to the Settlement. This notice explains the lawsuit, the Settlement and your legal rights.

Judge Wilhelmina M. Wright, of the U.S. District Court for the District of Minnesota, is overseeing this case. The case is known as *Phillips, et al. v. Caliber Home Loans, Inc.,* Case No. 0:19-cv-02711. The people who sued are called the "Plaintiffs." The Defendant is Caliber Home Loans, Inc.

**2. What is this lawsuit about?**

The lawsuit claims that Caliber charged borrowers fees to make mortgage payments online, or over the phone, including through the use of the telephonic automated "IVR" (interactive voice response) system ("Pay-to-Pay fees"). The Action asserts that Caliber's practice of charging such fees, among other things, violated the federal Fair Debt Collection Practices Act, 16 U.S.C. § 1692f(1), various state debt collection laws, and breached the terms of the borrowers' loan agreements. Caliber denies the allegations asserted in the Actions. The Court has not decided who is right.

The Amended Complaint in this Action is posted on www. MortgagePaytoPaySettlement.com and contains all of the allegations and claims asserted against Caliber.

**3. Why is this a class action?**

In a class action, one or more people, called class representatives (in this one, mortgage borrowers whose mortgages were serviced by Caliber and who paid Pay-to-Pay fees), sued on behalf of people who have similar claims.

Questions? Call [number] or visit www. MortgagePaytoPaySettlement.com.

All of the people who have claims similar to the Class Representative are members of the Settlement Class, except for those who exclude themselves from the class.

### 4. Who is a Class Member?

The Court has determined that every person who fits the following description is a Class Member:

> All persons who (1) were borrowers on residential mortgage loans on properties in the United States whose loans were serviced by Caliber, and (2) paid a fee to Caliber for making a loan payment by telephone, IVR, or the internet, from January 1, 2013 to January 21, 2020.

**Caliber's records reflect that you may be a Class Member.**

### 5. Why is there a Settlement?

Both sides agreed to the Settlement. By agreeing to the Settlement, the Parties avoid the costs and uncertainty of a trial, and Settlement Class Members receive the benefits described in this notice. The Class Representatives and their attorneys think the Settlement is best for everyone who is affected.

### 6. What are the terms of the proposed Settlement?

The complete terms of the proposed Settlement are set forth in a formal Settlement Agreement (the "Agreement") which is on file with the Court, and which is also available on the settlement website at: **www. MortgagePaytoPaySettlement.com**. This Notice is only a summary of the Settlement, and in case of any conflict between this Notice and the Agreement, the terms of the Agreement will control.

In the proposed Settlement, Caliber has agreed to create a $5,000,000.00 Common Fund. All Administrative Costs, any Court-awarded attorneys' fees and expenses to Class Counsel, and any Service Awards to the Class Representatives will be paid out of the Gross Settlement Fund first. The remaining balance of the settlement fund (the "Net Settlement Fund") will be distributed among the Class Representative and all Class Members who are not excluded from the class, as set forth below (the "Settlement Class Members"). If the Court awards all Administrative Costs, attorneys' fees and expenses, and Service Awards requested by the Parties, the Net Settlement Fund will be approximately $3,125,299.

Also, as part of the Settlement, Caliber has agreed to stop charging fees for payments made online or by telephone, including through the use of the telephonic automated "IVR" (interactive voice response) system for three years.

Allocations of the Net Settlement Fund will be calculated on a borrower-by-borrower basis, such that each Class Member will receive an equal pro rata share of the monetary benefits. Settlement Class Members who receive a Settlement Payment are solely responsible for distributing or allocating their payment between or among all co-account holders.

Questions? Call [number] or visit **www. MortgagePaytoPaySettlement.com.**

**Attorneys' Fees and Expenses, and Service Award.** Class Counsel will ask the Court to award attorneys' fees in an amount not to exceed one third (33.33%) of the Settlement Fund, or $1,666,500, plus litigation costs and expenses. Class Counsel will also request Court approval of Service Awards to the Class Representatives in the amount of $5,000 each. Class Counsel will file that request, along with all supporting documents, at least 21 days prior to the deadline to opt-out from or object to the Settlement. The Fee and Service Award Application and all supporting papers will be available for your review on the settlement website at www. MortgagePaytoPaySettlement.com. The Court will determine the appropriate amount of the attorneys' fees and awards to be paid. The Settlement is not conditioned upon approval of any of the attorneys' fees, costs, or service award amounts.

**You are not required to make any payments to Class Counsel in this action.**

## 7. How Can I Get the Relief?

As long as you do not exclude yourself from the Settlement, you will automatically receive cash benefits from the Settlement, and you do not need to take further action. You are encouraged to visit the Settlement Website at www. MortgagePaytoPaySettlement.com/[URL to select] to select the format in which would like to receive your cash benefits. You may select between receiving your Settlement Payment on a MasterCard gift card, in the form of a paper check, or via various digital payment options, such as PayPal or VenMo. If no payment method is selected by [DATE], you will receive your payment in the form of a MasterCard gift card, which can be used without a cost to you at all domestic merchants that accept MasterCard. Upon receipt of the MasterCard, you will have the option of visiting the Settlement Website and electing that the balance thereon be paid out to you via paper check or an alternate digital payment option. **If you wish to receive your Settlement Payment in another format, including via check, you must visit** www. MortgagePaytoPaySettlement.com/paymentoptions **by [DATE] to select your preferred option.**

The MasterCard gift cards will expire in two years, but may be extended upon request. If you elect to receive your funds via checks, checks will be valid for 90 days. Settlement Class Members may request that the Settlement Administrator reissue a check for one additional 90-day period for good cause shown. If there is any amount in the Settlement Fund that remains following the distribution of checks to Settlement Class Members as a result of checks being returned undeliverable or which are not cashed within 90 days, those funds will be distributed on a *pro rata* basis to Settlement Class Members who cashed their checks. Within 180 days after the Settlement Administrator mails the first Settlement Class Member Payments, the administrator will decide whether Residual Funds should be distributed to the Settlement Class Members through a secondary distribution. If the amount of the remaining funds is so minimal that a secondary distribution would be impracticable or infeasible, then, subject to the Court's approval, the remaining funds shall be distributed to Habitat for Humanity, a 501(c)(3) charitable organization that works with nonprofits around the country on housing issues.

## 8. When Will I Get the Relief?

Questions? Call [number] or visit **www. MortgagePaytoPaySettlement.com.**

As described below, the Court will hold a Fairness Hearing on [date] to decide whether to grant final approval of the Settlement.  The Court must finally approve the Settlement before any relief will be distributed, and it will only do so after finding that the Settlement is fair, reasonable, and adequate.  In addition, any final approval order the Court may enter may be subject to appeal.  If there are any such appeals, resolving them takes time.  Payments to Settlement Class Members will only be made after the time for any appeals expires. **Please be patient.**

## 9. <u>Who Represents Me?</u>

The Court has appointed James L. Kauffman of Bailey & Glasser LLP, Randy Pulliam of Carney Bates & Pulliam, PLLC, and Hassan A. Zavareei and Kristen G. Simplicio of Tycko & Zavareei LLP to represent you and other Class Members in this Action and for purposes of this Settlement, and for no other purpose.  These attorneys are called "Class Counsel."  You will not be charged for these lawyers.  If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

You may contact Class Counsel at:

James Kauffman
Bailey & Glasser LLP
1055 Thomas Jefferson Street NW
Suite 540
Washington, DC 20007

Randy Pulliam
Carney Bates & Pulliam, PLLC
519 W 7th Street
Little Rock, AR 72201

Hassan Zavareei
Kristen G. Simplicio
Tycko & Zavareei LLP
1828 L Street, NW – Suite 100
Washington, DC 20036

## 10. How will the lawyers be paid?

Class Counsel will ask the Court to award attorneys' fees in an amount not to exceed one third (33.33%) of the Settlement Fund, or $1,666,500, plus litigation costs and expenses.  Class Counsel will also request Court approval of Service Awards to the Class Representatives in the amount of $5,000 each.  Class Counsel will file that request, along with all supporting documents, at least 21 days prior to the deadline to opt-out from or object to the Settlement.  The Fee and Service Award Application and all supporting papers will be available for your review on the settlement website at www. MortgagePaytoPaySettlement.com. The Court will determine the appropriate amount of the attorneys' fees and awards to be paid. The Settlement is not conditioned upon approval of any of the attorneys' fees, costs, or service award amounts.

Questions? Call [number] or visit www. MortgagePaytoPaySettlement.com.

5

**11. How do I exclude myself from the Settlement?**

If you do not want benefits from the Settlement and you want to keep the right to sue or continue to sue Caliber on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement. This is called "opting out" of the Settlement Class.

If you choose to opt out of the Settlement, you must send a written statement to the Settlement Administrator that includes name, address, phone number and signature of the borrowers(s) seeking exclusion, as well as language clearly indicating a request for exclusion, such as "I wish to be excluded from the Settlement in *Phillips v. Caliber Home Loans, Inc.*". If there are co-borrowers on the loan, all co-borrowers must sign the request for exclusion.

You must mail your request for exclusion by no later than [Response deadline] to:

[SA address]

If you are a co-borrower or joint borrower on a loan covered by the Settlement and you opt out of the Settlement, all co-borrowers and/or joint borrowers on the loan must sign the request for exclusion and will also be excluded from the Settlement.  Similarly, if you are a co-borrower or joint borrower on a loan covered by the Settlement and another borrower on that loan is a Class Member who opts out of the Settlement, you must also sign the opt out and will also be excluded from the Settlement. If you do not opt out, and no co-borrower or joint borrower on your loan opts out, you (and your co-borrower(s) and/or joint borrower(s), if any) will be bound by this Settlement.

**12. If I do not exclude myself, can I sue Caliber for the same thing later?**

No. Unless you exclude yourself, you give up the right to sue Caliber for the claims that the Settlement resolves. You must exclude yourself from the Settlement Class in order to try to pursue your own lawsuit.

**13. If I exclude myself, will I receive a payment?**

No. You will not receive a payment if you exclude yourself from the Settlement.

**14. How do I tell the Court that I don't like the Settlement?**

If you are a Settlement Class Member and have not requested to be excluded from the Settlement Class, you can object to any part of the Settlement, the Settlement as a whole, Class Counsel's requests for fees and expenses, and/or Class Counsel's request for Service Awards for the Class Representatives.

You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Questions? Call [number] or visit **www. MortgagePaytoPaySettlement.com**.

The Court will accept objections that substantially comply with the objection requirements set forth below, and the submission of the following may be excused upon a showing of good cause. In particular, Your objection must include the following:

- Your name, address, email address (if any), and phone number;
- The case caption, *Phillips v. Caliber Home Loans, Inc.,* Case No. 0:19-cv-02711 (D. Minn.);
- The specific legal and factual bases for your objection;
- A list of all cases in which you have objected to a class action settlement, including case name, court, and docket number;
- If you are represented by counsel, a list of all cases in which your counsel has represented an objector in objecting to a class action settlement, including the case name, court, and docket number;
- A statement indicating whether you and/or your counsel intend to appear at the Final Fairness Hearing;
- A list of witnesses, if any, that you intend to call;
- Whether the objection relates only to you, to a subset of the Settlement Class, or to the entire Settlement Class; and
- Your signature.

Any Settlement Class Member who has not submitted a timely request for exclusion may appear at the Final Fairness Hearing either in person or through an attorney. However, if the Settlement Class Member intends to appear through counsel, the Settlement Class Member must have submitted a written objection pursuant to this section. Any lawyer who intends to appear at the Final Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the Response Deadline. Any Settlement Class Member who intends to request the Court to allow him or her to call witnesses at the Final Fairness Hearing must make such a request in a written brief, which contains a list of such witnesses and a summary of their requested testimony.

Your objection must be postmarked no later than [Response Deadline] and must be mailed to the Court c/o the Clerk of the Court for the United States District Court for District of Minnesota, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, Suite 100, St. Paul, MN 55101 or filed in person on or before [Response Deadline] at any location of the United States District Court for the District of Minnesota.

### 15. **What am I agreeing to by remaining in the class in this case?**

If the Settlement receives final approval from the Court, the Settlement will be legally binding on all Settlement Class Members, including Settlement Class Members who object. If you, or someone acting on your behalf, are currently litigating claims against Caliber or other released parties that are the same as or similar to those addressed here, you will be barred from pursuing the claims released by the Settlement unless you validly opt out, as described above. Under the terms of the release, you will not be able to sue for any claim relating to Pay-to-Pay Fees for mortgage payments made over the internet, and or by phone, including those made using the telephonic automated "IVR" (interactive voice response) system, between January 1, 2013 and

Questions? Call [number] or visit **www. MortgagePaytoPaySettlement.com**.

January 21, 2020.

The full terms of the release, which will bind all Settlement Class Members as to certain claims against Caliber and certain affiliates and related entities ("Released Parties"), are set forth in the Settlement Agreement, which is on file with the Court, and which is available on the settlement website at: www. MortgagePaytoPaySettlement.com. Unless you exclude yourself, you will be a Settlement Class Member, and that means that any claims you have regarding fees Pay-to-Pay fees you paid to Caliber will be fully and completely resolved, and that you cannot sue, continue to sue, or be part of any other lawsuit against Caliber about Caliber's collection of Pay-to-Pay fees.  It also means that the Court's Orders approving the Settlement and the judgment in this case will apply to you and legally bind you.

If you want to keep the right to sue or continue to sue Caliber, on your own, about Caliber's collection of Pay-to-Pay fees, you must exclude yourself from the Settlement in this case.  If you exclude yourself, as set forth above, you will not receive any of the benefits of the Settlement, as described above.

**16. What Happens Next?**

The Court will hold a "Final Fairness Hearing" on _____, 20___, at _____ _.m. to hear any objections and to consider whether to give final approval to the Settlement.  Further information about how to attend that hearing, including whether the hearing will be held in person at the courthouse or online via Zoom videoconferencing, will be available on the settlement website at www. MortgagePaytoPaySettlement.com. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website for updates.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will hear objections at the hearing only from those who timely object to the Settlement, as described below.  You may participate in the Fairness Hearing with or without an attorney, but if you choose to be represented by an attorney, you must do so at your own expense.

**YOU DO NOT HAVE TO APPEAR AT THE HEARING TO RECEIVE THE BENEFITS OF THE SETTLEMENT.**

You may ask the Court for permission to speak at the Final Fairness Hearing. To do so, you must send a letter saying that you intend to appear and wish to be heard. Your Notice of Intention to Appear must include the following:

- Your name, address and telephone number;
- A statement that this is your "Notice of Intention to Appear" at the Final Approval Hearing for the Settlement in *Phillips, et al. v. Caliber Home Loans, Inc.,* Case No. 0:19-cv-02711 (D. Minn.);
- The reasons you want to be heard;
- Copies of any papers, exhibits, or other evidence or information that is to be presented to the Court at the Final Fairness Hearing; and

Questions? Call [number] or visit www. MortgagePaytoPaySettlement.com.

- Your signature.

You must submit your Notice of Intention to Appear no later than **[Response deadline]**, to:

James Kauffman
Bailey & Glasser LLP
1055 Thomas Jefferson Street NW
Suite 540
Washington, DC 20007

Randy Pulliam
Carney Bates & Pulliam, PLLC
519 W 7th Street
Little Rock, AR 72201

Hassan Zavareei
Kristen G. Simplicio
Tycko & Zavareei LLP
1828 L Street, NW – Suite 100
Washington, DC 20036

David T. Biderman
Perkins Coie LLP
1888 Century Park East
Suite 1700
Los Angeles, CA 90067

[Settlement Administrator]

**More Information Is Available**

This Notice is only a summary of the Settlement and the Agreement. More details can be found in the Settlement Agreement. You can obtain a copy of the Settlement Agreement, and additional court documents related to the Settlement, at www.[settlementwebsite].com.

If you have other questions regarding the Settlement, you may also contact Class Counsel at:

James Kauffman, Bailey & Glasser LLP, 1055 Thomas Jefferson Street NW, Suite 540, Washington, DC 20007, (202) 463-2105, jkauffman@baileyglasser.com.

Randy Pulliam, Carney Bates & Pulliam, PLLC, 519 W 7th Street, Little Rock, AR 72201, (501) 312-8500, rpulliam@cpblaw.com.

Hassan Zavareei and Kristen Simplicio, Tycko & Zavareei LLP, 1828 L Street, NW – Suite 100, Washington, DC 20036, (202) 973-0900, hzavareei@tzlegal.com; ksimplicio@tzlegal.com.

Questions? Call [number] or visit **www. MortgagePaytoPaySettlement.com**.

DocuSign Envelope ID: CAC4DE65-ADE9-4A2A-8CCA-642895396A45

You may also contact the Settlement Administrator at:

Settlement Administrator, c/o []

You may also review the Court's file during regular court hours at:

Clerk of the Court for the United States District Court for District of Minnesota
Warren E. Burger Federal Building and U.S. Courthouse
316 North Robert Street, Suite 100
St. Paul, MN 55101

**PLEASE <u>DO NOT</u> TELEPHONE THE COURT, THE JUDGE, OR THE CLERK OF THE COURT.**

Questions? Call [number] or visit **www. MortgagePaytoPaySettlement.com**.

EXHIBIT A4

Class Member ID: XXXX-XXXX-XXX

The attached pre-paid Mastercard represents full and final payment to you as an eligible Settlement Class Member in the Court-approved class action settlement with Caliber Home Loans, Inc. involving its assessment of Pay-to-Pay Fees to make mortgage payments online or over the phone. This card is valid for 24 months from the date of this letter.

A total of $XX.XX has been loaded onto this pre-paid Mastercard.

If you would like to transfer the current balance of your prepaid card now or at any time in the future, please visit www.PaytoPayFeeSettlement.com for a list of available options. If you choose to transfer your balance, your prepaid card will be cancelled, and the remaining balance will be paid to you using the option that you select. There is no fee to transfer your balance.

If you have any questions please visit the settlement website at: www.PaytoPayFeeSettlement.com or call Toll-Free 1-XXX-XXX-XXXX

# EXHIBIT B

DocuSign Envelope ID: CAC4DE65-ADE9-4A2A-8CCA-642895396A45

1

2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

3

4    STEPHEN PHILLIPS, MARY TOURVILLE-
     PHILLIPS, SANDI BARNETT, GREGORY

5    BENJAMIN, TYRUS DAVIS, and
     CHRISTOPHER BINGHAM, on behalf of

6    themselves and all others similarly situated,

7    Plaintiffs,

8    v.

9    CALIBER HOME LOANS, INC.

10   Defendant.

11

12

Case No. 19-cv-02711-WMW-LIB

**[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND FOR
CERTIFICATION OF SETTLEMENT
CLASS**

Date:
Time:
Courtroom:
Judge: Wilhelmina M. Wright

Date Filed:
Trial Date:

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL AND CERTIFICATION-
Case No. 19-cv-02711-WMW-LIB

DocuSign Envelope ID: CAC4DE65-ADE9-4A2A-8CCA-642895396A45

Plaintiffs Stephen Phillips, Mary Tourville-Phillips, Sandi Barnett, Gregory Benjamin, Tyrus Davis and Christopher Bingham ("Plaintiffs" or "Settlement Class Representatives"), on behalf of themselves and the proposed Settlement Class,[1] seek preliminary approval of a proposed Settlement of claims against defendant Caliber Home Loans, Inc. ("Caliber"). For the reasons set forth herein, the Court GRANTS preliminary approval and GRANTS preliminary certification of the Settlement Class for settlement purposes only.

## I.   BACKGROUND

Plaintiffs commenced separate actions in Minnesota, North Carolina, and Texas, respectively. Plaintiff Phillips and Plaintiff Tourville-Phillips initiated a class action lawsuit in Lake County District Court which was removed to this Court on October 14, 2019, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. *Phillips, et al. v. Caliber Home Loans, Inc.*, Case No. 0:19-cv-02711 (the "Phillips Lawsuit"). Plaintiff Barnett and Plaintiff Benjamin initiated a class action lawsuit in the United States District Court for the Southern District of Texas, alleging breach of contract and violations of the Texas Debt Collection Act, Tex. Fin. Code § 392. *Barnett, et al. v. Caliber Home Loans, Inc.*, Case No. 2:19-cv-309 (the "Barnett Lawsuit"). Plaintiff Davis and Plaintiff Bingham initiated a class action lawsuit in the United States District Court for the Middle District of North Carolina. *Davis, et al. v. Caliber Home Loans, Inc.*, Case No. 1:20-cv-00338 (the "Davis Lawsuit"). Plaintiff Davis alleged that Caliber violated the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-55(2), the North Carolina Mortgage Debt Collection and Servicing Act, § 45-91(4), and the North Carolina Unfair and Deceptive Trade Practices Act, § 75-1.1. Plaintiff Bingham alleged that Caliber violated the Maryland Consumer Debt Collection Act, Md. Code, Com. L. § 14-202(8). Although the three putative class actions were brought separately, each is based on one allegation: Caliber charged and collected millions of dollars in Pay-to-Pay Fees from homeowners, in addition to their regular mortgage payments, and Plaintiffs allege

---

[1] Unless otherwise specifically defined herein, all capitalized terms have the same meanings as those set forth in the parties' Settlement Agreement, attached as Exhibit 1 to the Declaration of James A. Kauffman ("Kauffman Decl.").

1  that this practice violated the laws of Minnesota, North Carolina, and Texas, and breached their mortgage

2  agreements. Caliber denies the allegations in the complaints and denies any wrongdoing.

3       On November 6, 2019, Defendant filed a Motion to Dismiss with a supporting memorandum of

4  law in the Phillips Lawsuit. On November 27, 2019, the Plaintiffs Phillips filed an Amended Class Action

5  Complaint in the Phillips Lawsuit, superseding their initial complaint and mooting Defendant's Motion to

6  Dismiss the initial complaint. On December 11, 2019, Defendant filed a Motion to Dismiss the Amended

7  Class Action Complaint with a supporting memorandum of law. On January 10, 2020, the Plaintiffs

8  Phillips filed their response in opposition to Caliber's motion. On September 15, 2020, this Court entered

9  an order denying Caliber's motion to dismiss the Plaintiffs Phillips' breach of contract claim and unjust

10  enrichment claim, but granting Caliber's motion to dismiss the Plaintiffs Phillips' claim for breach of the

11  implied covenant of good faith and fair dealing.

12       On November 12, 2020, the Plaintiffs Phillips filed a Stipulation to file a Second Amended

13  Complaint, seeking leave to file an amended complaint to additionally allege that in engaging in the

14  challenged practices, Caliber also violated the FDCPA, 15 U.S.C. § 1692, et seq. The Court entered an

15  order that same day approving the Stipulation to file a Second Amended Complaint. In accord therewith,

16  the Plaintiffs Phillips filed their Second Amended Complaint the following day, November 13, 2020. On

17  December 11, 2020, the parties filed a joint motion to vacate the scheduling order and stay all proceedings

18  pending mediation, which the Court granted on December 14, 2020, staying the proceedings through

19  February 8, 2021. On February 8, 2021, the parties filed a joint motion to continue the stay of proceedings

20  pending mediation, which had been rescheduled to March 31, 2021. The parties' motion was granted by

21  this Court on February 9, 2021.

22       On December 9, 2019, Defendant filed a Motion to Dismiss the Barnett Lawsuit with a

23  supporting memorandum of law. On January 17, 2020, Plaintiffs Barnett and Benjamin filed their

24  response in opposition to Caliber's motion. On September 10, 2020, the court entered an order in the

25  Barnett Lawsuit denying Caliber's motion to dismiss the TDCA claim, but granting Caliber's motion to

26  dismiss the breach of contract claim. On September 24, 2020, Caliber filed its Answer.

27       On November 25, 2020, Caliber filed a motion to transfer venue or, in the alternative, to stay

pursuant to the first-to-file rule. On December 11, 2020, the parties filed a joint motion to vacate the scheduling order and stay all proceedings pending mediation, which the Court granted on December 12, 2020, staying the proceedings through February 8, 2021. On February 8, 2021, the parties filed a joint motion to continue the stay of proceedings pending mediation, which had been rescheduled to March 31, 2021. The court granted the parties' joint motion on February 9, 2021.

On May 29, 2020, Defendant filed a Motion to Dismiss the Davis Lawsuit with a supporting memorandum of law, to which Plaintiffs Davis and Bingham filed a response in opposition. On November 25, 2020, Caliber filed a motion to transfer venue or, in the alternative, to stay pursuant to the first-to-file rule. On December 15, 2020, the parties filed a joint motion to vacate the scheduling order and stay all proceedings pending mediation, which the Court granted on December 12, 2020, staying the proceedings through February 8, 2021. On February 8, 2021, the parties filed a joint motion to continue the stay of proceedings pending mediation, which had been rescheduled to March 31, 2021. The court granted the parties' joint motion on February 9, 2021.

On March 31, 2020, the parties participated in a full day mediation session conducted by Jill Sperber. With the assistance of the mediator, the parties reached mutually agreeable terms of a global settlement.

On April 9, 2021, notices of settlement were filed in the Phillips Lawsuit, the Barnett Lawsuit, and the Davis Lawsuit (collectively referred to as the "Related Cases"). Each notice advised that a global settlement had been reached and as part of the Settlement, the Plaintiffs Phillips would be adding Plaintiffs Davis, Bingham, Barnett, and Benjamin as named plaintiffs to the Phillips Lawsuit.

On April 16, 2021, the Plaintiffs Phillips filed a Third Amended Complaint, which added Plaintiffs Davis, Bingham, Barnett, and Benjamin to the Phillips Lawsuit as named plaintiffs.

Finally, on May 7, 2021, the parties executed the Settlement Agreement, which memorializes the terms and conditions of the proposed Settlement and embodies all relevant exhibits thereto. A copy of the Settlement Agreement is being contemporaneously filed herewith.

DocuSign Envelope ID: CA54DE65-ADE9-4A2A-8CCA-542895396A45

## II.    SETTLEMENT TERMS

### A.    The Proposed Settlement Class

The Settlement Agreement contemplates certification of the following Settlement Class for settlement purposes only:

> All persons who (1) were borrowers on residential mortgage loans on properties in the United States whose loans were serviced by Caliber, and (2) paid a fee to Caliber for making a loan payment by telephone, IVR, or the internet, from January 1, 2013 to January 21, 2020.

### B.    Benefits to the Settlement Class

The Settlement Agreement, if approved, will create a $5,000,000 non-reversionary common fund and will resolve the claims of Plaintiffs and the Settlement Class Members deriving from Caliber's practice of charging additional processing fees when borrowers paid their monthly mortgage by telephone, interactive voice response ("IVR"), or the internet ("Pay-to-Pay Fees"). The common fund, which represents approximately 29.38% of damages, will provide cash payments to Settlement Class Members, as well as Administrative Costs to provide notice and administer the settlement, and any Fee and Expense Award and Service Awards that the Court may approve. Settlement Class Members need not submit a claim form in order to receive monetary compensation *pro rata* according to the amount of Pay-to-Pay Fees they were charged. In addition to the common fund, the Settlement includes important and valuable injunctive relief. As of January 21, 2020, Defendant has ceased charging or collecting Pay-to-Pay Fees to any Settlement Class Member and to any borrower in the country. As a result of this Settlement, Defendant agrees to refrain from the charging or collection of Pay-to-Pay Fees from borrowers for a period of at least two years after entry of the Final Approval Order.

### C.    Settlement Administrator and Administration Costs

The proposed Settlement Administrator is Kroll Business Services ("Kroll")[2], a leading class action administration firm in the United States. The Parties reviewed proposals from several prominent

---

[2] Kroll Business Services was formerly known as Heffler Claims Group.

1  settlement administrators before deciding on Kroll based on overall cost and value to the Settlement

2  Class. The Administrative Costs will be paid from the Gross Settlement Fund.

3  **D.    Class Member Release**

4  In exchange for the benefits conferred by the Settlement, all Settlement Class Members will be

5  deemed to have released the Released Entities from all claims that were or could have been asserted by the

6  Class Representatives or Settlement Class Members from the beginning of the world through the date that

7  the Court enters this Order, relating to the charging, collection, or attempted collection of Pay-to-Pay fees.

8  **E.    Proposed Plan of Notice**

9  The Parties' proposed Notice Plan consists of direct notice in the form of Email and Postcard

10  Notice, as well as a Settlement Website where Settlement Class Members may view and download a Long

11  Form Notice. Settlement Class Members may also request that the Settlement Administrator mail or email

12  them a copy of the Long Form Notice.

13  Within 14 days or such other time as provided in the Preliminary Approval Order, Caliber, at its

14  own expense, will compile the Settlement Class Member List and provide it to the Settlement

15  Administrator and Class Counsel.

16  As soon as practicable but starting no later than thirty (30) days after the date that Defendant

17  provides the Settlement Class Member List to the Settlement Administrator, the Settlement Administrator

18  shall cause the Email Notice to be sent to all Settlement Class Members for whom the Settlement Class

19  Member List includes an email address.

20  As soon as practicable but starting no later than thirty (30) days after ethe date that the Defendant

21  provides the Settlement Class Member List to the Settlement Administrator, the Settlement Administrator

22  shall cause the Postcard Notice to be sent to all Settlement Class Members for whom no email address

23  appears on the Settlement Class Member List. Prior to mailing Class Notice, the Settlement Administrator

24  will update the last known addresses of the members of the Settlement Class using the National Change of

25  Address database. Within a reasonable time before the Response Deadline, the Settlement Administrator

26  shall also cause the Postcard Notice to be sent to all Settlement Class Members whose Email Notices are

27  returned undeliverable, after running those Settlement Class Members' last known addresses through the

National Change of Address database. If the Postcard Notice is returned with a forwarding address, the Settlement Administrator shall make one attempt to remail the Postcard Notice to that forwarding address, as soon as possible before the Response Deadline. If the Postcard Notice is returned undeliverable without a forwarding address, the Settlement Administrator shall make a reasonable attempt to locate an updated address and make one attempt to remail the Postcard Notice to the updated address, as soon as possible before the Response Deadline.

The Settlement Administrator shall mail or email the Long Form Notice to any Settlement Class member who requests a copy.

Prior to the date on which the Settlement Administrator mails the Postcard Notice, the Settlement Administrator shall establish the Settlement Website. The Settlement website shall contain: (1) the Long Form Notice in downloadable PDF format; (2) the Long Form Notice in HTML format with a clickable table of contents, described as answers to frequently asked questions; (3) a contact information page with contact information for the Settlement Administrator, and addresses and telephone numbers for Class Counsel and Defendant's Counsel; (4) the Settlement Agreement; (5) the signed Preliminary Approval Order and publicly filed motion papers and declarations in support thereof; (6) the operative complaints in each of the Actions; and (6) when they become available, the Fee and Service Award Application, the motion for entry of the Final Approval Order, and any motion papers and declarations filed publicly in support thereof. The Settlement Website shall remain accessible until 30 days after the Settlement Administrator has completed its obligations under the Settlement Agreement.

The Settlement Administrator shall also establish a 24-hour toll-free telephone line with information about frequently asked questions about the Settlement. The number shall be included in the Class Notice and posted on the Settlement Website.

The Settlement Administrator will also ensure that the necessary and timely notice is provided to any state and federal officers as required by the Class Action Fairness Act, 28 U.S.C. § 1715.

**F.      Opt-Outs and Objections**

The Class Notice will advise Settlement Class Members of their right to opt out of the Settlement or to object to the Settlement and/or to Class Counsel's application for attorneys' fees, costs, and

expenses and/or Service Award to the Class Representative, and of the associated deadlines to opt out or object.

Settlement Class Members who choose to opt out must submit a written request for exclusion. Any request for exclusion must be postmarked on or before the "Response Deadline"—105 days after entry of the Preliminary Approval Order. Any request for exclusion must include the name of the case, and the name, address, phone number, and signature of the borrower or borrowers seeking exclusion and must contain language clearly indicating a request for exclusion. If there are co-borrowers on the loan all co-borrowers must sign the request for exclusion. Any Settlement Class Member who does not submit a request to opt out in accordance with the deadlines and other requirements will be bound by the Settlement absent a court order to the contrary.

Settlement Class Members who wish to object to the Settlement must mail a written objection, postmarked on or before the Response Deadline, to the Clerk of the Court or by filing it in person before the Response Deadline. Copies of any written objection shall be sent to both Class Counsel and Defense Counsel via mail, hand, or overnight delivery. All objections must be in writing and personally signed by the Settlement Class Member and include: (1) the objector's name, address, email address if any, and telephone number; (2) the case caption; (3) the specific factual basis and legal grounds for the objection; (4) a list of all cases in which the objector has objected to a class action settlement, including case name, court, and docket number; (5) if the objector is represented by counsel, a list of all cases in which the objector's counsel has represented an objector in objecting to a class action settlement, case name, court, and docket number; (6) a statement indicating whether the Settlement Class Member and/or their lawyer(s) intend to appear at the Final Fairness Hearing; (7) a list of witnesses, if any, that the objecting Settlement Class Member intends to call; and (8) whether the objection relates only to the objector, or to a subset of the Settlement Class, or to the entire Settlement Class. The objector should also comply with Local Rule 3-15 and promptly file a Certification of Interested Entities or Persons in the docket.

Any Settlement Class Member who has not submitted a timely request for exclusion may appear at the Final Fairness Hearing either in person or through an attorney. However, if the Settlement Class Member intends to appear through counsel, the Settlement Class Member must have submitted a written

DocuSign Envelope ID: CAC4DE65-ADE9-4A2A-8CCA-542895396A45

1  objection pursuant to this section. Any lawyer who intends to appear at the Final Fairness Hearing also

2  must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the

3  Response Deadline. Any Settlement Class Member who intends to request the Court to allow him or her

4  to call witnesses at the Final Fairness Hearing must make such a request in a written brief, which contains

5  a list of such witnesses and a summary of their requested testimony.

6          No person who has opted out of the Settlement may object to it. Any Settlement Class Member

7  who does not provide a timely written objection or who does not make a record of his or her objection at

8  the Final Approval Hearing shall be deemed to have waived any objection and shall forever be foreclosed

9  from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, Fee

10  and Service Awards Application, or the Fee and Expense Award or Service Awards.

11          G.      **Attorneys' Fees and Costs and Service Award**

12          The Settlement Agreement contemplates Class Counsel petitioning the Court for attorneys' fees,

13  as well as documented, customary costs incurred by Class Counsel. The Settlement Agreement provides

14  that Class Counsel may seek attorneys' fees in an amount not to exceed one third of the Gross Settlement

15  Fund (33.33%) as well as reasonable expenses incurred in the litigation. Any approved Fee and Expense

16  Award will be paid from the Gross Settlement Fund prior to distribution to the Settlement Class

17  Members.

18          On or before 21 days prior to the Response Deadline, Class Counsel will file a petition for

19  attorneys' fees and costs explaining why the requested Fee and Expense Award is reasonable. Class

20  Counsel will provide lodestar information sufficient for the Court to perform a lodestar cross-check

21  should the Court choose to exercise its discretion to perform one. Caliber has not agreed to any award of

22  attorneys' fees or expenses and reserves the right to respond as it deems appropriate.

23          Class Counsel may also petition the Court for up to $5,000 each for Stephen Phillips, Mary

24  Tourville-Phillips, Sandi Barnett, Gregory Benjamin, Tyrus Davis, and Christopher Bingham as Service

25  Awards as compensation for their time and effort in the Action. Any approved awards will be deduced

26  from the Gross Settlement Fund prior to distribution to the Settlement Class Members. Plaintiffs will

27  submit declarations detailing their participation in the Action along with the Fee and Service Award

1    Application.

2         Neither final approval, nor the size of the Common Fund, are contingent upon approval of the

3    full amount of requested Fee and Expense Award or Service Awards.

4    **III.    LEGAL STANDARD FOR PRELIMINARY APPROVAL**

5    The settlement of complex cases greatly contributes to the efficient utilization of scarce judicial

6    resources and achieves the speedy provision of justice. Federal Rule of Civil Procedure 23 requires court

7    approval of a class action settlement, a decision that is committed to the sound discretion of the trial

8    judge.  Fed. Riv. P. 23(e). The procedure for judicial review of a proposed class action settlement

9    "proceeds in two stages: before scheduling the fairness hearing, the court makes preliminary

10   determinations with respect to the fairness of the settlement terms, approves the means of notice to class

11   members, and sets the date for that final hearing. *Schoenbaum v. E.I. Dupont De Nemours & Co.*, Case No.

12   4:05CV01108, 2009 WL 4782082, at *2 (E.D. Mo. Dec. 8, 2009) (quoting Manual for Complex Litigation

13   (Fourth) § 21.632 (2004)); *see e.g. Liles v. Del Campo,* 350 F.3d 742 (8th Cir. 2003); *In re CenturyLink Sales*

14   *Practices and Securities Litig.,* MDL No. 17-2795, 2020 WL 7133805, at *2-*3 (D. Minn. Dec. 4, 2020).

15   Importantly, "[b]ecause class members will subsequently receive notice and have an opportunity to be

16   heard on the settlement, [a] Court need not review the settlement in detail at [the preliminary approval

17   stage]; instead, preliminary approval is appropriate so long as the proposed settlement falls 'within the

18   range of possible judicial approval.'" *In re M.L. Stern Overtime Litig.,* Case No. 07-CV-0118, 2009 WL

19   995864, at *3 (S.D. Cal. April 13, 2009) (quoting A. Conte & H. B. Newberg, *Newberg on Class Actions*, §

20   11.25 (4th ed. 2002)); *see also Martin v. Cargill, Inc.,* 295 F.R.D. 380, 383 (D. Minn. 2013) ("At the preliminary

21   approval stage, 'the fair, reasonable, and adequate' standard is lowered, with emphasis only on whether the

22   settlement is within the *range* of possible approval due to an absence of any glaring substantive or

23   procedural deficiencies." (emphasis in original, citation omitted).

24        In order to grant preliminary approval and justify providing notice to the Settlement Class, the

25   Court must conclude that the proposed Settlement is "within the range of possible approval" and "does

26   not disclose grounds to doubt its fairness." *See Manual for Complex Litigation* §30.41, at 237 (3d ed. 1975).

27   Such a finding "is at most a determination that there is what might be termed 'probable cause' to submit

DocuSign Envelope ID: CAC4DE65-ADE9-4A2A-8CCA-642895396A45

1   the proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Executive Ass'n-*

2   *E. R.R.s,* 627 F.2d 631, 634 (2d Cir. 1980) (citing *Manual for Complex Litig.,* § 1.46 at 55 n.10 (1977)); *In re*

3   *Zurn Pex Plumbing Products Liability Litig.*, No. 08-MDL-1958 ADM/AJB, 2012 WL 5055810, at *5 (D.

4   Minn. Oct. 18, 2012) (finding "there is 'probable cause' to submit the proposal to class members and hold

5   a full-scale hearing to its fairness.")

6   **IV.   FINDINGS AND ORDERS**

7       **A.   The Settlement Agreement warrants preliminary approval.**

8       The Court finds, on a preliminary basis, that the Settlement Agreement appears to be within the

9   range of reasonableness of a settlement that could ultimately be given final approval by this Court.

10       1.   It appears to the Court that the Settlement was negotiated at arm's length between

11   experienced and sophisticated counsel, affording it the presumption that it is fair and reasonable. *See* 1

12   Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 11.41 at 90 (4th ed. 2002); *Grove v. Principal*

13   *Mut. Life Ins. Co.*, 200 F.R.D. 434, 445 (S.D. Iowa 2001). Based on the vigorous litigation of the issues, the

14   exchange of informal discovery, and the rigorous negotiations described in Plaintiffs' submission, it

15   appears to the Court that the Settlement was negotiated at arms' length and under circumstances

16   evidencing a lack of collusion.

17       2.   It appears to the Court that the relatively early resolution of this Action will conserve the

18   resources of the Parties and the Court, while at the same time, the Parties have vigorously litigated the

19   legal issues and Caliber provided sufficient informal discovery to permit Class Counsel and the Court to

20   intelligently evaluate the Settlement offered against the risks and benefits of continued litigation.

21       3.   It appears to the Court that the Settlement is fair, reasonable, and adequate when balanced

22   against the probable outcome of further litigation, liability, and damages issues, and potential appeals of

23   rulings. The amount offered in Settlement represents 29.38% of damages, as well as significant injunctive

24   relief. Plaintiffs' motion describes the legal issues that would be decided before this Court and before the

25   *Barnett* and *Davis* courts should the settlement not be approved, both on the merits and at class

26   certification. While litigation presents serious risks at many stages, not to mention substantial expense and

27   delay without any guarantee of additional benefit to the Settlement Class, the Settlement provides

immediate and substantial benefits to over one million Settlement Class Members. Further, continued litigation would likely take several years to resolve and involve expensive discovery. *See Holden v. Burlington Northern Inc.*, 665 F. Supp. 1398, 1413-14 (D. Minn. 1987) (noting that "many of the immediate and tangible benefits" of settlement would be lost through continued litigation, making the proposed settlement "an attractive resolution" of the case). This is especially true where, as here, the defendant vigorously denies the plaintiffs' allegations. *See Strougo v. Bassini*, 258 F. Supp. 2d 254, 259-60 (S.D.N.Y. 2003) (citing *In re Warner Comm. Sec. Litig.*, 618 F. Supp. 735, 744-45 (S.D.N.Y. 1985), *aff'd*, 798 F.2d 35 (2d Cir. 1986)).

4.    It appears to the Court that the Parties' proposed allocation of the Settlement is fair and reasonable. Payments will be made on a *pro rata* basis depending on the number of Pay-to-Pay Fees each Settlement Class Member paid. According to this allocation, Class Members are treated fairly as to one another because they are compensated according to the amount of Pay-to-Pay Fees they were charged. *See* Fed. R. Civ. P. 23(e)(2)(D); *see Valencia v. Greater Omaha Packing*, No. 8:08CV161, 2014 WL 284461, at *3 (D. Neb. Jan. 23, 2014) (finding a pro rata distribution to the class was fair and equitable).

5.    It appears to the Court that the Class Representatives and Class Counsel have adequately represented the proposed Settlement Class. *See* Fed. R. Civ. P. 23(e)(2)(A). Class Counsel are experienced and sophisticated, with years of experience in complex class action litigation and litigation involving mortgage servicers, financial institutions, and fees. The Class Representatives have also supervised the litigation by reviewing pleadings, reviewing the Settlement, and communicating with Class Counsel regarding the litigation. In advance of final approval, the Class Representatives shall submit declarations detailing their involvement in the litigation.

6.    It appears to the Court that the terms of the proposed award of attorneys' fees and expenses are fair and reasonable. However, prior to final approval, Class Counsel shall file a separate motion seeking approval of Attorneys' Fees and Expenses in an amount not to exceed one third (33.33%) of the Gross Settlement Fund, plus their reasonable expenses of litigation. In this submission, Class Counsel will set forth the specific legal and factual bases for their request for attorneys' fees and expenses, and provide lodestar information. It likewise appears to the Court that the proposed Service Awards are

1  fair and reasonable.

2  **B.    Certification of the Settlement Class for settlement purposes is appropriate.**

3      On a motion for preliminary approval, the parties must also show that the Court "will likely be

4  able to … certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1). The Court

5  finds for purposes of settlement only that Settlement Class meets all of the requirements of Fed. R. Civ.

6  P. 23(a) and (b)(3).

7      1.    It appears to the Court for purposes of settlement only that the proposed Settlement Class

8  is sufficiently numerous that joinder would be logistically impossible. The proposed Settlement Class

9  consists of approximately 456,663 Settlement Class Members, who are associated with approximately

10  322,404 loans. The numerosity requirement is satisfied.

11      2.    It appears to the Court for purposes of settlement only that there is a commonality of

12  interests between the Settlement Class Members, including both questions of law and questions of fact.

13  Plaintiffs' claims here depend on the common contentions that Pay-to-Pay Fees are neither authorized by

14  class members' mortgages or permitted by law. For the same reason, the predominance requirement of

15  Fed. R. Civ. P. 23(b)(3) is satisfied for settlement purposes.

16      3.    It appears to the Court for purposes of settlement only that the Class Representatives'

17  claims are typical of those of the Settlement Class Members. The Class Representatives' claims arise from

18  the same alleged course of conduct as those of the Settlement Class Members. The typicality requirement

19  is satisfied.

20      4.    It appears to the Court for purposes of settlement only that the Class Representatives and

21  Class Counsel are adequate representatives and have no conflicts with the proposed Settlement Class.

22      5.    It appears to the Court for purposes of settlement only that a class action is a superior

23  method of resolving the claims of the Settlement Class Members, which are of modest amounts.

24  **C.    The proposed Notice Plan is approved.**

25      Due process under Rule 23 requires that class members receive notice of the settlement and an

26  opportunity to be heard and participate in the litigation. *See* Fed. R. Civ. P. 23(c)(2)(B); *Phillips Petroleum Co.*

27  *v. Shutts*, 472 U.S. 797, 812 (1985); *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 175-76 (1974) ("[I]ndividual

1   notice must be provided to those class members who are identifiable through reasonable effort."). The

2   mechanics of the notice process are left to the discretion of the Court, subject only to the broad

3   "reasonableness" standards imposed by due process. *See Tapia v. Zale Del. Inc.*, No. 13cv1565-PCL, 2017

4   WL 1399987, at *4 (S.D. Cal. April 18, 2017); *see also Rosenburg v. I.B.M.*, No. CV06–00430PJH, 2007 WL

5   128232, *5 (N.D. Cal. Jan. 11, 2007) (stating that notice should inform class members of essential terms of

6   settlement including claims procedure and their rights to accept, object or opt-out of settlement).

7         It appears to the Court that the proposed Notice Plan, which consists of Email Notice and

8   Postcard Notice to be sent directly to Settlement Class Members, as well as a Long Form Notice,

9   Settlement Website, and toll-free phone line, comports with due process, Rule 23, and all other applicable

10  law. Given the relatively small value at stake for each class member, Court finds that email notice is the

11  best practicable notice under the circumstances and orders that Caliber provide email addresses to the

12  Settlement Administrator for each Settlement Class Member for whom it is in possession of such

13  information. The Ninth Circuit has approved class notice in the form of email and postcard notice. *See,*

14  *e.g.*, *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 946 (9th Cir. 2015) (finding notice satisfied due

15  process and Rule 23(e) where an initial email notice was supplemented by a postcard notice to those

16  whose emails bounced back).

17        Moreover, the substance of the proposed Class Notice will fully apprise class members of their

18  rights. Under Rule 23(e), notice to class members "must 'generally describe[ ] the terms of the settlement

19  in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be

20  heard.'" *Lane v. Facebook, Inc.,* 696 F. 3d 811, 826 (9th Cir. 2012) (quoting *Rodriguez v. West Publ'g Corp.,* 563

21  F. 3d 948, 962 (9th Cir. 2009)) (alteration in original). The Notice contains all the critical information

22  required to apprise Class Members of their rights under the settlement, directs them to the settlement

23  website, where they can obtain more detailed information, and provides a toll-free number for Class

24  Members to call with questions. This approach to notice is adequate. *See e.g. Sarabri v. Weltman, Weinberg &*

25  *Reis Co., L.P.A,* No. 10cv1777 AJB (NLS), 2012 WL 3809123, at *2 (S.D. Cal. Sept. 4, 2012) (approving

26  mailed notice where notice would include the settlement website with a full settlement details and the

27  claim administrator's toll free number); *Knutson v. Schwan's Home Serv., Inc.,* No. 3:12-cv-00964-GPC-DHB,

---

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL AND CERTIFICATION -   13
Case No. 19-cv-02711-WMW-LIB

2014 WL 3519064, at *5 (S.D. Cal. 2014) (same). The Court also finds that the proposed costs associated with the Notice Plan appear to be fair and reasonable.

## V.    SCHEDULE AND PROCEDURES

The Court orders the following schedule and procedures for disseminating the Notice, requesting exclusion from the Settlement Class, objecting to the Settlement, filing the Fee and Service Award Application, and filing the motion for final approval:

| Date | Event |
| --- | --- |
| 14 days from Preliminary Approval Order | Caliber to provide Settlement Class Member List to the Settlement Administrator |
| 30 days from the date that the Defendant provides the Settlement Class Member List to the Settlement Administrator | Settlement Administrator to cause Email Notice to be sent to Settlement Class Members with email addresses |
| 30 days from the date that the Defendant provides the Settlement Class Member List to the Settlement Administrator | Settlement Administrator to cause Postcard Notice to be sent to Settlement Class Members without email addresses |
| 30 days from Preliminary Approval Order | Settlement Administrator to establish Settlement Website and toll-free telephone line |
| 84 days from Preliminary Approval Order | Deadline for Class Counsel to file Fee and Service Award Application |
| 105 days from Preliminary Approval Order | Response Deadline (deadline to request exclusion or file objections) |
| 14 days prior to Final Approval Hearing | Deadline to file Motion for Final Approval |
| 7 days prior to Final Approval Hearing | Deadline for the Parties to respond to objections |
| [_____] | Final Approval Hearing |

## VI.    FINAL APPROVAL HEARING

DocuSign Envelope ID: CAC4DE65-ADE9-4A2A-8CCA-642895396A45

The Court shall hold a Final Approval Hearing before the Honorable Wilhelmina M. Wright, for a final determination whether the proposed Settlement is fair, reasonable, and adequate. The Hearing will be conducted [LOCATION/URL IF ON ZOOM]. Further information about the hearing [,including the public URL for the videoconference,] will be available on the Court's website at **https://www.mnd.uscourts.gov/WMW**. Objections by Settlement Class Members will be considered if filed in writing with the clerk by the Response Deadline above. Settlement Class Members who have not requested exclusion may be heard orally in support of or opposition to the Settlement. Settlement Class Members who wish to appear at the Final Approval Hearing through counsel are required to file a notice with the Clerk of his or her desire to appear personally, and counsel must file a notice of appearance on the docket. Settlement Class Members proceeding *pro se* are requested, but not required, to file a notice with the Clerk of his or her desire to appear personally.  These written notice requirements may be excused upon a showing of good cause.

## VII.    OTHER PROVISIONS

Class Counsel and Defendant are authorized to take, without further Court approval, all necessary and appropriate steps to implement the Settlement, including the proposed Notice Plan and confirmatory discovery. The deadlines set forth in this Order may be extended by Order of the Court without further notice to Settlement Class Members, except that notice shall be posted on the Settlement Website. Settlement Class Members should check the Settlement Class Website regularly for updates and further details regarding the deadlines. Exclusions and objections must meet the deadlines and follow the requirements set forth in the approved Class Notice to be valid, although the Court will accept exclusions and objections deemed to be in substantial compliance.

If for any reason the Court does not execute and file an Order of Final Approval, or if the Effective Date does not occur for any reason, the Parties will be restored to the *status quo ante* as set forth more specifically in the Settlement.

## VIII.    CONCLUSION

Accordingly, the Court having considered the Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of the Settlement Class, it is hereby ORDERED that:

DocuSign Envelope ID: CAC4DE65-ADE9-4A2A-8CCA-642895306A45

1.    The Motion is GRANTED;

2.    The proposed Settlement Class is certified for settlement purposes only pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure;

3.    The proposed Settlement is preliminarily approved as being fair, reasonable, and adequate pursuant to Rule 23(e);

4.    Stephen Phillips, Mary Tourville-Phillips, Sandi Barnett, Gregory Benjamin, Tyrus Davis, and Christopher Bingham are appointed as Class Representatives;

5.    James L. Kauffman, Randy Pulliam, Hassan A. Zavareei and Kristen G. Simplicio are appointed as Class Counsel;

6.    Caliber is ordered to provide the Settlement Class Member List to the Settlement Administrator, including email addresses where available, who is ordered to follow the confidentiality provisions set forth in the Settlement Agreement with respect to such information; and

7.    The proposed Notice Plan complies with the requirements of Rule 23 and Due Process, and Class Notice is to be sent to the Settlement Class Members as set forth in the Settlement Agreement and pursuant to the deadlines above.

**IT IS SO ORDERED.**

Dated: _____                              _____

                                                                                Hon. Wilhelmina M. Wright

                                                                                United States District Judge

DocuSign Envelope ID: CAC4DE65-ADE9-4A2A-8CCA-542895396A45

# EXHIBIT C

1
2
3
4
5
6
7
8
9
## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
10
11

| | |
|---|---|
| STEPHEN PHILLIPS, MARY TOURVILLE-PHILLIPS, SANDI BARNETT, GREGORY BENJAMIN, TYRUS DAVIS, and CHRISTOPHER BINGHAM, on behalf of themselves and all others similarly situated, | Case No. 19-cv-02711-WMW-LIB |
| | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR CERTIFICATION OF SETTLEMENT CLASS** |
| Plaintiffs, | |
| v. | |
| CALIBER HOME LOANS, INC. | |
| Defendant. | |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

[PROPOSED] ORDER GRANTING FINAL APPROVAL -
Case No. 19-cv-02711-WMW-LIB

Plaintiffs Stephen Phillips, Mary Tourville-Phillips, Sandi Barnett, Gregory Benjamin, Tyrus Davis and Christopher Bingham ("Plaintiffs" or "Settlement Class Representatives"), on behalf of themselves and the proposed Settlement Class,[1] seek final approval of a proposed Settlement of claims against defendant Caliber Home Loans, Inc. ("Caliber"). For the reasons set forth herein, the Court GRANTS the motion.

## I.    BACKGROUND

Plaintiffs commenced separate actions in Minnesota, North Carolina, and Texas, respectively. Plaintiff Phillips and Plaintiff Tourville-Phillips initiated a class action lawsuit in Lake County District Court which was removed to this Court on October 14, 2019, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. *Phillips, et al. v. Caliber Home Loans, Inc.*, Case No. 0:19-cv-02711 (the "Phillips Lawsuit"). Plaintiff Barnett and Plaintiff Benjamin initiated a class action lawsuit in the United States District Court for the Southern District of Texas, alleging breach of contract and violations of the Texas Debt Collection Act, Tex. Fin. Code § 392. *Barnett, et al. v. Caliber Home Loans, Inc.*, Case No. 2:19-cv-309 (the "Barnett Lawsuit"). Plaintiff Davis and Plaintiff Bingham initiated a class action lawsuit in the United States District Court for the Middle District of North Carolina. *Davis, et al. v. Caliber Home Loans, Inc.*, Case No. 1:20-cv-00338 (the "Davis Lawsuit"). Plaintiff Davis alleged that Caliber violated the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-55(2), the North Carolina Mortgage Debt Collection and Servicing Act, § 45-91(4), and the North Carolina Unfair and Deceptive Trade Practices Act, § 75-1.1. Plaintiff Bingham alleged that Caliber violated the Maryland Consumer Debt Collection Act, Md. Code, Com. L. § 14-202(8). Although the three putative class actions were brought separately, each is based on one allegation: Caliber charged and collected millions of dollars in Pay-to-Pay Fees from homeowners, in addition to their regular mortgage payments, and Plaintiffs allege that this practice violated the laws of Minnesota, North Carolina, and Texas, and breached their mortgage agreements. Caliber denies the allegations in the complaints and denies any wrongdoing.

---

[1] Unless otherwise specifically defined herein, all capitalized terms have the same meanings as those set forth in the parties' Settlement Agreement, attached as Exhibit 1 to the Declaration of James Kauffman ("Kauffman Decl.").

On November 6, 2019, Defendant filed a Motion to Dismiss with a supporting memorandum of law in the Phillips Lawsuit. On November 27, 2019, the Plaintiffs Phillips filed an Amended Class Action Complaint in the Phillips Lawsuit, superseding their initial complaint and mooting Defendant's Motion to Dismiss the initial complaint. On December 11, 2019, Defendant filed a Motion to Dismiss the Amended Class Action Complaint with a supporting memorandum of law. On January 10, 2020, the Plaintiffs Phillips filed their response in opposition to Caliber's motion. On September 15, 2020, this Court entered an order denying Caliber's motion to dismiss the Plaintiffs Phillips' breach of contract claim and unjust enrichment claim, but granting Caliber's motion to dismiss the Plaintiffs Phillips' claim for breach of the implied covenant of good faith and fair dealing.

On November 12, 2020, the Plaintiffs Phillips filed a Stipulation to file a Second Amended Complaint, seeking leave to file an amended complaint to additionally allege that in engaging in the challenged practices, Caliber also violated the FDCPA, 15 U.S.C. § 1692, et seq. The Court entered an order that same day approving the Stipulation to file a Second Amended Complaint. In accord therewith, the Plaintiffs Phillips filed their Second Amended Complaint the following day, November 13, 2020. On December 11, 2020, the parties filed a joint motion to vacate the scheduling order and stay all proceedings pending mediation, which the Court granted on December 14, 2020, staying the proceedings through February 8, 2021. On February 8, 2021, the parties filed a joint motion to continue the stay of proceedings pending mediation, which had been rescheduled to March 31, 2021. The parties' motion was granted by this Court on February 9, 2021.

On December 9, 2019, Defendant filed a Motion to Dismiss the Barnett Lawsuit with a supporting memorandum of law. On January 17, 2020, Plaintiffs Barnett and Benjamin filed their response in opposition to Caliber's motion. On September 10, 2020, the court entered an order in the Barnett Lawsuit denying Caliber's motion to dismiss the TDCA claim, but granting Caliber's motion to dismiss the breach of contract claim. On September 24, 2020, Caliber filed its Answer.

On November 25, 2020, Caliber filed a motion to transfer venue or, in the alternative, to stay pursuant to the first-to-file rule. On December 11, 2020, the parties filed a joint motion to vacate the scheduling order and stay all proceedings pending mediation, which the Court granted on December 12,

2020, staying the proceedings through February 8, 2021. On February 8, 2021, the parties filed a joint motion to continue the stay of proceedings pending mediation, which had been rescheduled to March 31, 2021. The court granted the parties' joint motion on February 9, 2021.

On May 29, 2020, Defendant filed a Motion to Dismiss the Davis Lawsuit with a supporting memorandum of law, to which Plaintiffs Davis and Bingham filed a response in opposition. On November 25, 2020, Caliber filed a motion to transfer venue or, in the alternative, to stay pursuant to the first-to-file rule. On December 15, 2020, the parties filed a joint motion to vacate the scheduling order and stay all proceedings pending mediation, which the Court granted on December 12, 2020, staying the proceedings through February 8, 2021. On February 8, 2021, the parties filed a joint motion to continue the stay of proceedings pending mediation, which had been rescheduled to March 31, 2021. The court granted the parties' joint motion on February 9, 2021.

On March 31, 2020, the parties participated in a full day mediation session conducted by Jill Sperber. With the assistance of the mediator, the parties reached mutually agreeable terms of a global settlement.

On March 31, 2020, the parties participated in a full day mediation session conducted by Jill Sperber. With the assistance of the mediator, the parties reached mutually agreeable terms of a global settlement.

On April 9, 2021, notices of settlement were filed in the Phillips Lawsuit, the Barnett Lawsuit, and the Davis Lawsuit (collectively referred to as the "Related Cases"). Each notice advised that a global settlement had been reached and as part of the Settlement, the Plaintiffs Phillips would be adding Plaintiffs Davis, Bingham, Barnett, and Benjamin as named plaintiffs to the Phillips Lawsuit.

On April 16, 2021, the Plaintiffs Phillips filed a Third Amended Complaint, which added Plaintiffs Davis, Bingham, Barnett, and Benjamin to the Phillips Lawsuit as named plaintiffs.

Finally, on May 7, 2021, the parties executed the Settlement Agreement, which memorializes the terms and conditions of the proposed Settlement and embodies all relevant exhibits thereto. A copy of the Settlement Agreement is being contemporaneously filed herewith.

## II.   SETTLEMENT TERMS

### A.   The Proposed Settlement Class

The Settlement Agreement contemplates certification of the following Settlement Class for settlement purposes only:

> All persons who (1) were borrowers on residential mortgage loans on properties in the United States whose loans were serviced by Caliber, and (2) paid a fee to Caliber for making a loan payment by telephone, IVR, or the internet, from January 1, 2013 to January 21, 2020.

The proposed Settlement Class is identical to the class definition included in the Amended Complaint.

### B.   Benefits to the Settlement Class

The Settlement Agreement, if approved, will create a $5,000,000 non-reversionary common fund and will resolve the claims of Plaintiffs and the Settlement Class Members deriving from Caliber's practice of charging additional processing fees when borrowers paid their monthly mortgage by telephone, interactive voice response ("IVR"), or the internet ("Pay-to-Pay Fees"). The common fund, which represents approximately 29.38% of damages, will provide cash payments to Settlement Class Members, as well as Administrative Costs to provide notice and administer the settlement, and any Fee and Expense Award and Service Awards that the Court may approve. Settlement Class Members need not submit a claim form in order to receive monetary compensation *pro rata* according to the amount of Pay-to-Pay Fees they were charged. In addition to the common fund, the Settlement includes important and valuable injunctive relief. As of January 21, 2020, Defendant has ceased charging or collecting Pay-to-Pay Fees to any Settlement Class Member and to any borrower in the country. As a result of this Settlement, Defendant agrees to refrain from the charging or collection of Pay-to-Pay Fees from borrowers for a period of at least two years after entry of the Final Approval Order.

### C.   Settlement Administrator and Administration Costs

The proposed Settlement Administrator is Kroll Business Services ("Kroll")[2], a leading class action

---

[2] Kroll Business Services was formerly known as Heffler Claims Group.

1    administration firm in the United States. The Parties reviewed proposals from several prominent

2    settlement administrators before deciding on Kroll based on overall cost and value to the Settlement

3    Class. The Administrative Costs will be paid from the Gross Settlement Fund.

4        **D.**      **Class Member Release**

5          In exchange for the benefits conferred by the Settlement, all Settlement Class Members will be

6    deemed to have released the Released Entities from all claims that were or could have been asserted by the

7    Class Representatives or Settlement Class Members from the beginning of the world through the date that

8    the Court enters this Order, relating to the charging, collection, or attempted collection of Pay-to-Pay fees.

9        **E.**      **Notice to the Settlement Class**

10          Notice was sent to Settlement Class members pursuant to the Settlement Agreement and the

11    Court's Order granting preliminary approval. The Class Notice consisted of direct notice in the form of

12    Postcard Notice and Email Notice, as well as a Settlement Website where Class Members could view and

13    request to be sent the Long Form Notice. The Class Notice adequately describes the litigation and the

14    Settlement Agreement and the procedures to opt out and object. The Notices further explained the

15    amount of the Settlement, the plan of allocation, Class Counsel's intent to apply for an award of attorneys'

16    fees and expenses (and in what amount), and that the Class Representatives would apply for Service

17    Awards. Notice was also provided to any state and federal officers as required by the Class Action

18    Fairness Act, 28 U.S.C. § 1715.

19        **F.**      **Attorneys' Fees and Costs and Service Award**

20          The Settlement Agreement contemplates Class Counsel petitioning the Court for attorneys' fees,

21    as well as documented, customary costs incurred by Class Counsel. The Settlement Agreement provides

22    that Class Counsel may seek attorneys' fees in an amount not to exceed one third of the Gross Settlement

23    Fund (33.33%) as well as reasonable expenses incurred in the litigation. Any approved Fee and Expense

24    Award will be paid from the Gross Settlement Fund prior to distribution to the Settlement Class

25    Members. The Settlement Agreement also authorizes Class Counsel to petition the Court for up to $5,000

26    each for Stephen Phillips, Mary Tourville-Phillips, Sandi Barnett, Gregory Benjamin, Tyrus Davis, and

27    Christopher Bingham as Service Awards as compensation for their time and effort in the Action. Any

1   approved awards will be deducted from the Gross Settlement Fund prior to distribution to the Settlement

2   Class Members. Neither final approval, nor the size of the Common Fund, are contingent upon approval

3   of the full amount of requested Fee and Expense Award or Service Awards.

4   **III.   LEGAL STANDARD FOR FINAL APPROVAL**

5        The settlement of complex cases greatly contributes to the efficient utilization of scarce judicial

6   resources and achieves the speedy provision of justice. Federal Rule of Civil Procedure 23 requires court

7   approval of a class action settlement, a decision that is committed to the sound discretion of the trial

8   judge.   Fed. R. Civ. P. 23(e). A court, when deciding whether to approve a class settlement, "must

9   consider whether it is 'fair, reasonable, and adequate.'" *Van Horn v. Trickey*, 840 F. 2d 604, 606 (8th Cir.

10  1988) (quoting *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 123 (8th Cir. 1975)). To determine whether a

11  settlement satisfies that standard, the court considers: "the merits of the plaintiff's case, weighed against

12  the terms of the settlement; the defendant's financial condition; the complexity and expense of further

13  litigation; and the amount of opposition to the settlement." *In re Airline Ticket Comm'n Antitrust Litig.*, 953

14  F. Supp. 280, 282 (D. Minn. 1997) (quoting *Van Horn*, 840 F.2d at 607). "Of these factors, the most

15  important is the balance of the settlement terms against the strength of plaintiff's case." *Id.*

16  **IV.   FINDINGS AND ORDERS**

17        The Court finds that the Settlement Agreement is fair, reasonable, and adequate and warrants final

18  approval.

19        1.      It appears to the Court that the Settlement was negotiated at arm's length between

20  experienced and sophisticated counsel, affording it the presumption that it is fair and reasonable.  *See* 1

21  Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 11.41 at 90 (4th ed. 2002); *Grove v. Principal*

22  *Mut. Life Ins. Co.*, 200 F.R.D. 434, 445 (S.D. Iowa 2001). Based on the vigorous litigation of the issues, the

23  exchange of informal discovery, and the rigorous negotiations described in Plaintiffs' submission, it

24  appears to the Court that the Settlement was negotiated at arms' length and under circumstances

25  evidencing a lack of collusion.

26        2.      It appears to the Court that the relatively early resolution of this Action will conserve the

27  resources of the Parties and the Court, while at the same time, the Parties have vigorously litigated the

1  legal issues and Caliber provided sufficient informal discovery to permit Class Counsel and the Court to

2  intelligently evaluate the Settlement offered against the risks and benefits of continued litigation.

3       3.     The Court finds that early resolution of this Action will conserve the resources of the

4  Parties and the Court, while at the same time, the Parties have vigorously litigated the legal issues and

5  Caliber provided sufficient informal discovery to permit Class Counsel and the Court to intelligently

6  evaluate the Settlement offered against the risks and benefits of continued litigation.

7       3.     The Court finds that the Parties' proposed allocation of the Settlement is fair and

8  reasonable. Payments will be made on a *pro rata* basis depending on the number of Pay-to-Pay Fees each

9  Settlement Class Member paid. According to this allocation, Class Members are treated fairly as to one

10  another because they are compensated according to the amount of Pay-to-Pay Fees they were charged. *See*

11  Fed. R. Civ. P. 23(e)(2)(D); *see Valencia v. Greater Omaha Packing*, No. 8:08CV161, 2014 WL 284461, at *3

12  (D. Neb. Jan. 23, 2014) (finding a pro rata distribution to the class was fair and equitable).

13       4.     The Court finds that the Class Representatives and Class Counsel have adequately

14  represented the proposed Settlement Class. *See* Fed. R. Civ. P. 23(e)(2)(A). Class Counsel are experienced

15  and sophisticated, with years of experience in complex class action litigation and litigation involving

16  mortgage servicers, financial institutions, and fees. The Class Representatives have also supervised the

17  litigation by reviewing pleadings, reviewing the Settlement, and communicating with Class Counsel

18  regarding the litigation. In advance of final approval, the Class Representatives shall submit declarations

19  detailing their involvement in the litigation.

20       5.     The Court confirms the certification for settlement purposes of the Settlement Class.

21       6.     The Court confirms the appointment of Stephen Phillips, Mary Tourville-Phillips, Sandi

22  Barnett, Gregory Benjamin, Tyrus Davis, and Christopher Bingham as Class Representatives.

23       7.     The Court confirms the appointment of James L. Kauffman of Bailey & Glasser LLP,

24  Randy Pulliam of Carney Bates & Pulliam, PLLC, and Hassan A. Zavareei and Kristen G. Simplicio of

25  Tycko & Zavareei LLP, as Class Counsel.

26       8.     The Court finds that the approved Class Notice constituted the best notice practicable

27  under the circumstances and was in full compliance with the applicable laws and the requirements of due

DocuSign Envelope ID: CAC4DE65-ADE9-4A2A-8CCA-542895396A45

process. The Court further finds that the Class Notice fully and accurately informed the Settlement Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement. The Court also finds that the Class Notice complied with the Class Action Fairness Act, 28 U.S.C. § 1715.

9.    All timely objections have been considered and are overruled.

10.    All members of the Settlement Class who timely requested exclusion are excluded from the Settlement.

11.    The Court confirms the *cy pres* recipient as Habitat for Humanity.

12.    All Settlement Class Members who did not timely request exclusion are hereby bound by the terms of the Settlement Agreement, including the release.

Accordingly, the Court having considered the Unopposed Motion for Final Approval of Class Action Settlement and Certification of the Settlement Class, it is hereby ORDERED that:

1.    The Motion is GRANTED;

2.    The proposed Settlement is approved as being fair, reasonable, and adequate pursuant to Rule 23(e);

3.    Stephen Phillips, Mary Tourville-Phillips, Sandi Barnett, Gregory Benjamin, Tyrus Davis, and Christopher Bingham are confirmed as Class Representatives;

4.    Hassan A. Zavareei, Kristen G. Simplicio, and James L. Kauffman are confirmed as Class Counsel;

5.    The Court awards _____ in attorneys' fees to Class Counsel along with _____ in expenses;

6.    The Court approves Service Awards to Stephen Phillips, Mary Tourville-Phillips, Sandi Barnett, Gregory Benjamin, Tyrus Davis, and Christopher Bingham of _____;

7.    Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over this matter for purposes of resolving issues related to interpretation, administration, implementation, effectuation, and enforcement of the Settlement;

1       8.    This Action is **DISMISSED WITH PREJUDICE**,

2

3    **IT IS SO ORDERED.**

4

5    Dated: _____                  _____

6                                         Hon. Wilhelmina M. Wright

7                                         United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27