UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Stephen Phillips, Mary Tourville-Phillips, Sandi Barnett, Gregory Benjamin, Tyrus Davis, and Christopher Bingham, *on behalf of themselves and all others similarly situated*,

Plaintiffs,

v.

Caliber Home Loans, Inc.,

Defendant.

Case No. 19-cv-2711 (WMW/LIB)

**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

---

Plaintiffs Stephen Phillips, Mary Tourville-Phillips, Sandi Barnett, Gregory Benjamin, Tyrus Davis and Christopher Bingham (collectively, Plaintiffs or Settlement Class Representatives), on behalf of themselves and the proposed Settlement Class, seek preliminary approval of a proposed settlement of claims against Defendant Caliber Home Loans, Inc. ("Caliber").  For the reasons addressed below, the Court grants Plaintiffs' unopposed motion for preliminary approval of the class action settlement and preliminary certification of the Settlement Class for settlement purposes only.

**BACKGROUND**

**I.      Procedural Background**

Plaintiffs commenced separate actions in Minnesota, North Carolina, and Texas, respectively.  Plaintiff Phillips and Plaintiff Tourville-Phillips initiated a class action lawsuit in Lake County District Court (Sixth Judicial District) in Minnesota, which Caliber

removed to this Court on October 14, 2019, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. *Phillips v. Caliber Home Loans, Inc.*, No. 0:19-cv-02711 (the "Phillips Lawsuit"). Plaintiff Barnett and Plaintiff Benjamin initiated a class action lawsuit in the United States District Court for the Southern District of Texas, alleging breach of contract and violations of the Texas Debt Collection Act (TDCA). *Barnett v. Caliber Home Loans, Inc.*, No. 2:19-cv-309 (the "Barnett Lawsuit"). Plaintiff Davis and Plaintiff Bingham initiated a class action lawsuit in the United States District Court for the Middle District of North Carolina. *Davis v. Caliber Home Loans, Inc.*, No. 1:20-cv-00338 (the "Davis Lawsuit"). Plaintiff Davis alleged that Caliber violated the North Carolina Debt Collection Act, the North Carolina Mortgage Debt Collection and Servicing Act, and the North Carolina Unfair and Deceptive Trade Practices Act. Plaintiff Bingham alleged that Caliber violated the Maryland Consumer Debt Collection Act. Although the three putative class actions were commenced separately, each is based on one common factual allegation: Caliber charged and collected millions of dollars in Pay-to-Pay Fees from homeowners, in addition to their regular mortgage payments. Plaintiffs allege that this practice violated the laws of Minnesota, North Carolina, and Texas, and breached their mortgage agreements. Caliber denies the allegations in the complaints and denies any wrongdoing.

On December 11, 2019, Caliber moved to dismiss the Phillips Lawsuit. This Court denied Caliber's motion to dismiss the Phillips' breach-of-contract claim and unjust-enrichment claim but granted Caliber's motion to dismiss the Phillips' claim for breach of

the implied covenant of good faith and fair dealing.  Thereafter, the Phillips Plaintiffs filed a Second Amended Complaint adding a claim that Caliber's conduct also violated the Fair Debt Collections Practices Act.  This Court subsequently stayed the proceedings in the Phillips Lawsuit pending mediation.

On December 9, 2019, Caliber moved to dismiss the Barnett Lawsuit.  The district court denied Caliber's motion to dismiss the TDCA claim but granted Caliber's motion to dismiss the breach-of-contract claim.  The district court subsequently stayed the proceedings in the Barnett Lawsuit pending mediation.

On May 29, 2020, Caliber moved to dismiss the Davis Lawsuit.  While Caliber's motion to dismiss the Davis Lawsuit remained pending, the district court stayed the proceedings in the Davis Lawsuit pending mediation.

On March 31, 2021, the parties participated in a full day mediation session conducted by Jill Sperber. With the assistance of the mediator, the parties reached mutually agreeable terms of a global settlement.  Notices of settlement subsequently were filed in the Phillips Lawsuit, the Barnett Lawsuit, and the Davis Lawsuit (collectively referred to as the "Related Cases"). Each notice provided that a global settlement (the "Settlement") had been reached and that Plaintiffs Davis, Bingham, Barnett, and Benjamin would be added as named plaintiffs to the Phillips Lawsuit.  On April 16, 2021, the Phillips Plaintiffs filed a Third Amended Complaint on April 16, 2021, adding Plaintiffs Davis, Bingham, Barnett, and Benjamin to the Phillips Lawsuit.

On May 14, 2021, the parties executed a settlement agreement (Settlement Agreement), which memorializes the terms and conditions of the proposed Settlement and embodies all relevant exhibits thereto.

## II.     Settlement Terms

### A.     The Proposed Settlement Class

The Settlement Agreement contemplates certification of the following Settlement Class for settlement purposes only:

> All persons who (1) were borrowers on residential mortgage loans on properties in the United States whose loans were serviced by Caliber, and (2) paid a fee to Caliber for making a loan payment by telephone, [interactive voice response ("IVR")], or the internet, from January 1, 2013, to January 21, 2020.

### B.     Benefits to the Settlement Class

The Settlement Agreement, if approved, will create a $5,000,000 non-reversionary common fund and will resolve the claims of Plaintiffs and the Settlement Class Members deriving from Caliber's practice of charging additional processing fees when borrowers paid their monthly mortgage by telephone, interactive voice response ("IVR"), or the internet ("Pay-to-Pay Fees").  The common fund, which represents approximately 29.38 percent of damages, will provide cash payments to Settlement Class Members, as well as Administrative Costs to provide notice and administer the settlement, and any Fee and Expense Award and Service Awards that the Court may approve.  Settlement Class Members need not submit a claim form to receive monetary compensation pro rata according to the amount of Pay-to-Pay Fees they were charged.  In addition to the common

fund, the Settlement includes important and valuable injunctive relief.  As of January 21, 2020, Caliber has ceased charging or collecting Pay-to-Pay Fees to any Settlement Class Member and to any borrower in the country.  As a result of this Settlement, Caliber agrees to refrain from charging or collecting Pay-to-Pay Fees from borrowers for a period of at least two years after entry of the Final Approval Order.

### C.      Settlement Administrator and Administration Costs

The proposed Settlement Administrator is Kroll Business Services ("Kroll"), a leading class action administration firm in the United States.  The parties reviewed proposals from several prominent settlement administrators before deciding on Kroll based on overall cost and value to the Settlement Class.  The Administrative Costs will be paid from the Gross Settlement Fund.

### D.      Class Member Release

In exchange for the benefits conferred by the Settlement, all Settlement Class Members will be deemed to have released the Released Entities from all claims that were or could have been asserted by the Class Representatives or Settlement Class Members, through the date of this Order, relating to the charging, collection, or attempted collection of Pay-to-Pay Fees.

### E.      Proposed Plan of Notice

The parties' proposed Notice Plan consists of direct notice in the form of Email and Postcard Notice, as well as a Settlement Website where Settlement Class Members may

view and download a Long Form Notice.  Settlement Class Members also may request that the Settlement Administrator mail or email them a copy of the Long Form Notice.

Within 14 days after the date of this Order, Caliber, at its own expense, will compile the Settlement Class Member List and provide it to the Settlement Administrator and Class Counsel.

As soon as practicable, but no later than 30 days after the date that Caliber provides the Settlement Class Member List to the Settlement Administrator, the Settlement Administrator shall cause the Email Notice to be sent to all Settlement Class Members for whom the Settlement Class Member List includes an email address.

As soon as practicable, but no later than 30 days after Caliber provides the Settlement Class Member List to the Settlement Administrator, the Settlement Administrator shall cause the Postcard Notice to be sent to all Settlement Class Members for whom no email address appears on the Settlement Class Member List.  Before mailing Class Notice, the Settlement Administrator will update the last known addresses of the members of the Settlement Class using the National Change of Address database.  Within a reasonable time before the Response Deadline, the Settlement Administrator shall also cause the Postcard Notice to be sent to all Settlement Class Members whose Email Notices are returned undeliverable, after running those Settlement Class Members' last known addresses through the National Change of Address database.  If the Postcard Notice is returned with a forwarding address, the Settlement Administrator shall make one attempt to remail the Postcard Notice to that forwarding address, as soon as possible before the

Response Deadline.  If the Postcard Notice is returned undeliverable without a forwarding address, the Settlement Administrator shall make a reasonable attempt to locate an updated address and make one attempt to remail the Postcard Notice to the updated address, as soon as possible before the Response Deadline.

The Settlement Administrator shall mail or email the Long Form Notice to any Settlement Class member who requests a copy.

Prior to the date on which the Settlement Administrator mails the Postcard Notice, the Settlement Administrator shall establish the Settlement Website.  The Settlement Website shall contain: (1) the Long Form Notice in downloadable PDF format; (2) the Long Form Notice in HTML format with a clickable table of contents, described as answers to frequently asked questions; (3) a contact information page with contact information for the Settlement Administrator, and addresses and telephone numbers for Class Counsel and Defense Counsel; (4) the Settlement Agreement; (5) the signed Preliminary Approval Order and publicly filed motion papers and declarations in support thereof; (6) the operative complaints in each of the Actions; and (6) when they become available, the Fee and Service Award Application, the motion for entry of the Final Approval Order, and any motion papers and declarations filed publicly in support thereof.  The Settlement Website shall remain accessible until 30 days after the Settlement Administrator has completed its obligations under the Settlement Agreement.

The Settlement Administrator shall establish a 24-hour toll-free telephone line with information about frequently asked questions about the Settlement.  The number shall be

included in the Class Notice and on the Settlement Website.  The Settlement Administrator also will ensure that necessary and timely notice is provided to any state and federal officers as required by the Class Action Fairness Act, 28 U.S.C. § 1715.

###### F.      Opt-Outs and Objections

The Class Notice will advise Settlement Class Members of their right to opt out of the Settlement or to object to the Settlement and/or to Class Counsel's application for attorneys' fees, costs, and expenses and/or Service Award to the Class Representative, and of the associated deadlines to opt out or object.

Settlement Class Members who choose to opt out must submit a written request for exclusion.  Any request for exclusion must be postmarked on or before the "Response Deadline"—105 days after entry of the Preliminary Approval Order.  Any request for exclusion must include the name of the case, and the name, address, phone number, and signature of the borrower or borrowers seeking exclusion and must contain language clearly indicating a request for exclusion.  If there are co-borrowers on the loan, all co-borrowers must sign the request for exclusion.  Any Settlement Class Member who does not submit a request to opt out in accordance with the deadlines and other requirements will be bound by the Settlement absent a court order to the contrary.

Settlement Class Members who wish to object to the Settlement must mail a written objection, postmarked on or before the Response Deadline, to the Clerk of the Court or by filing it in person before the Response Deadline.  Copies of any written objection shall be sent to both Class Counsel and Defense Counsel via mail, hand, or overnight delivery.  All

objections must be in writing and personally signed by the Settlement Class Member and include: (1) the objector's name, address, email address if any, and telephone number; (2) the case caption; (3) the specific factual basis and legal grounds for the objection; (4) a list of all cases in which the objector has objected to a class action settlement, including case name, court, and docket number; (5) if the objector is represented by counsel, a list of all cases in which the objector's counsel has represented an objector in objecting to a class action settlement, case name, court, and docket number; (6) a statement indicating whether the Settlement Class Member and/or their lawyer(s) intend to appear at the Final Fairness Hearing; (7) a list of witnesses, if any, that the objecting Settlement Class Member intends to call; and (8) whether the objection relates only to the objector, or to a subset of the Settlement Class, or to the entire Settlement Class. The objector also should comply with the Local Rules and promptly file a Certification of Interested Entities or Persons on the docket.

Any Settlement Class Member who has not submitted a timely request for exclusion may appear at the Final Fairness Hearing either in person or through an attorney. However, if the Settlement Class Member intends to appear through counsel, the Settlement Class Member must have submitted a written objection pursuant to this section. Any lawyer who intends to appear at the Final Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the Response Deadline. Any Settlement Class Member who intends to request the Court to allow him or her to call

witnesses at the Final Fairness Hearing must make such a request in a written brief, which contains a list of such witnesses and a summary of their requested testimony.

No person who has opted out of the Settlement may object to it. Any Settlement Class Member who does not provide a timely written objection or who does not make a record of his or her objection at the Final Approval Hearing shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, Fee and Service Awards Application, or the Fee and Expense Award or Service Awards.

### G.   Attorneys' Fees and Costs and Service Award

The Settlement Agreement contemplates Class Counsel petitioning the Court for attorneys' fees, as well as documented, customary costs incurred by Class Counsel. The Settlement Agreement provides that Class Counsel may seek attorneys' fees in an amount not to exceed one third of the Gross Settlement Fund (33.33 percent) as well as reasonable expenses incurred in the litigation. Any approved Fee and Expense Award will be paid from the Gross Settlement Fund prior to distribution to the Settlement Class Members.

On or before 21 days before the Response Deadline, Class Counsel will file a petition for attorneys' fees and costs explaining why the requested Fee and Expense Award is reasonable. Class Counsel will provide lodestar information sufficient for the Court to perform a lodestar cross-check should the Court choose to exercise its discretion to perform one. Caliber has not agreed to any award of attorneys' fees or expenses and reserves the right to respond as it deems appropriate.

Class Counsel also may petition the Court for up to $5,000 each for Stephen Phillips, Mary Tourville-Phillips, Sandi Barnett, Gregory Benjamin, Tyrus Davis, and Christopher Bingham as Service Awards as compensation for their time and effort in the Action. Any approved awards will be deduced from the Gross Settlement Fund prior to distribution to the Settlement Class Members. Plaintiffs will submit declarations detailing their participation in the Action along with the Fee and Service Award Application.

Neither final approval, nor the size of the Common Fund, are contingent on approval of the full amount of requested Fee and Expense Award or Service Awards.

## ANALYSIS

### I.      Legal Standard

Court approval of a class action settlement is within the sound discretion of the district court. Fed. R. Civ. P. 23(e). The procedure for judicial review of a proposed class action settlement proceeds in two stages. First, "before scheduling the fairness hearing, the court makes preliminary determinations with respect to the fairness of the settlement terms, approves the means of notice to class members, and sets the date for that final hearing." *Schoenbaum v. E.I. Dupont De Nemours & Co.*, No. 4:05CV01108, 2009 WL 4782082, at *2 (E.D. Mo. Dec. 8, 2009); *see also Liles v. Del Campo*, 350 F.3d 742 (8th Cir. 2003). "Because class members will subsequently receive notice and have an opportunity to be heard on the settlement, [a] Court need not review the settlement in detail at [the preliminary approval stage]; instead, preliminary approval is appropriate so long as the proposed settlement falls within the range of possible judicial approval." *In re M.L.*

*Stern Overtime Litig.*, No. 07-CV-0118, 2009 WL 995864, at \*3 (S.D. Cal. April 13, 2009) (internal quotation marks omitted); *see also Martin v. Cargill, Inc.*, 295 F.R.D. 380, 383 (D. Minn. 2013) ("At the preliminary-approval stage, the fair, reasonable, and adequate standard is lowered, with emphasis only on whether the settlement is within the *range* of possible approval due to an absence of any glaring substantive or procedural deficiencies." (internal quotation marks omitted)).

To grant preliminary approval and justify providing notice to the Settlement Class, the district court must conclude that the proposed Settlement is "within the range of possible approval" and "does not disclose grounds to doubt its fairness." *See* Manual for Complex Litigation § 30.41, at 237 (3d ed. 1975). Such a finding "is at most a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n-E. R.R.s*, 627 F.2d 631, 634 (2d Cir. 1980); *In re Zurn Pex Plumbing Prods. Liab. Litig.*, No. 08-MDL-1958 ADM/AJB, 2012 WL 5055810, at \*5 (D. Minn. Oct. 18, 2012) (finding that "there is probable cause to submit the proposal to class members and hold a full-scale hearing as to its fairness" (internal quotation marks omitted)).

## II.   Findings of Fact, Conclusions of Law, and Order

### A.   The Settlement Agreement Warrants Preliminary Approval

The Court finds, on a preliminary basis, that the Settlement Agreement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court.

1.      It appears to the Court that the Settlement was negotiated at arms' length between experienced and sophisticated counsel, affording it the presumption that it is fair and reasonable. *See Grove v. Principal Mut. Life Ins. Co.*, 200 F.R.D. 434, 445 (S.D. Iowa 2001). Based on the vigorous litigation of the issues, the exchange of informal discovery, and the rigorous negotiations described in Plaintiffs' submission, it appears to the Court that the Settlement was negotiated at arms' length and under circumstances demonstrating a lack of collusion.

2.      It appears to the Court that the relatively early resolution of this Action will conserve the resources of the Parties and the Court, that the parties have vigorously litigated the legal issues, and that Caliber has provided sufficient informal discovery to permit Class Counsel and the Court to intelligently evaluate the Settlement offered against the risks and benefits of continued litigation.

3.      It appears to the Court that the Settlement is fair, reasonable, and adequate when balanced against the probable outcome of further litigation, liability, and damages issues, and potential appeals of rulings. The amount offered in Settlement represents 29.38 percent of damages, as well as significant injunctive relief. Plaintiffs' motion describes the legal issues that would be decided before this Court and before the Barnett Lawsuit and Davis Lawsuit courts should the Settlement not be approved, both on the merits and at class certification. Although litigation presents serious risks at many stages, as well as substantial expense and delay without any guarantee of additional benefit to the Settlement Class, the Settlement provides immediate and substantial benefits to more than one million

Settlement Class Members.  Moreover, continued litigation likely would take several years to resolve and involve expensive discovery.  *See Holden v. Burlington N., Inc.*, 665 F. Supp. 1398, 1414 (D. Minn. 1987) (observing that "many of the immediate and tangible benefits" of settlement would be lost through continued litigation, making the proposed settlement "an attractive resolution" of the case).  This is especially true when, as here, the defendant vigorously denies the Plaintiffs' allegations.  *Cf. Strougo ex rel. Brazilian Equity Fund, Inc. v. Bassini*, 258 F. Supp. 2d 254, 259–60 (S.D.N.Y. 2003).

4.     It appears to the Court that the parties' proposed allocation of the Settlement is fair and reasonable.  Payments will be made on a pro rata basis depending on the number of Pay-to-Pay Fees each Settlement Class Member paid.  According to this allocation, Class Members are treated fairly as to one another because they are compensated according to the amount of Pay-to-Pay Fees they were charged.  *See* Fed. R. Civ. P. 23(e)(2)(D); *Valencia v. Greater Omaha Packing*, No. 8:08CV161, 2014 WL 284461, at *3 (D. Neb. Jan. 23, 2014) (finding a pro rata distribution to the class was fair and equitable).

5.     It appears to the Court that the Class Representatives and Class Counsel have adequately represented the proposed Settlement Class.  *See* Fed. R. Civ. P. 23(e)(2)(A). Class Counsel are experienced and sophisticated, with years of experience in complex class action litigation and litigation involving mortgage servicers, financial institutions and fees. The Class Representatives also have supervised the litigation by reviewing pleadings, reviewing the Settlement and communicating with Class Counsel regarding the litigation.

In advance of final approval, the Class Representatives shall submit declarations detailing their involvement in the litigation.

6.     It appears to the Court that the terms of the proposed award of attorneys' fees and expenses are fair and reasonable.  However, before final approval, Class Counsel shall file a separate motion seeking approval of attorneys' fees and expenses in an amount not to exceed one third (33.33 percent) of the Gross Settlement Fund, plus their reasonable expenses of litigation.  In this submission, Class Counsel will set forth the specific legal and factual bases for their request for attorneys' fees and expenses and provide lodestar information.  It also appears to the Court that the proposed Service Awards are fair and reasonable.

**B.     Certification of the Settlement Class for Settlement Purposes is Appropriate**

On a motion for preliminary approval, the parties must also show that the Court "will likely be able to . . . certify the class for purposes of judgment on the proposal."  Fed. R. Civ. P. 23(e)(1)(B)(ii).  The Court finds, for purposes of settlement only, that the Settlement Class meets all the requirements of Fed. R. Civ. P. 23(a) and (b)(3).

1.     It appears to the Court, for purposes of settlement only, that the proposed Settlement Class is sufficiently numerous that joinder would be logistically impossible. The proposed Settlement Class consists of approximately 456,663 Settlement Class Members, who are associated with approximately 322,404 loans.  The numerosity requirement is satisfied.

2.     It appears to the Court, for purposes of settlement only, that there is a commonality of interests between the Settlement Class Members, including both questions of law and questions of fact.  Plaintiffs' claims here depend on the common contentions that Pay-to-Pay Fees are neither authorized by Class Members' mortgages nor permitted by law.  For the same reason, the predominance requirement of Fed. R. Civ. P. 23(b)(3) is satisfied for settlement purposes.

3.     It appears to the Court, for purposes of settlement only, that the Class Representatives' claims are typical of those of the Settlement Class Members.  The Class Representatives' claims arise from the same alleged course of conduct as those of the Settlement Class Members.  The typicality requirement is satisfied.

4.     It appears to the Court, for purposes of settlement only, that the Class Representatives and Class Counsel are adequate representatives and have no conflicts with the proposed Settlement Class.

5.     It appears to the Court, for purposes of settlement only, that a class action is a superior method of resolving the claims of the Settlement Class Members, which are of modest amounts.

### C.     The Proposed Notice Plan is Approved

Due process under Rule 23 requires that class members receive notice of the settlement and an opportunity to be heard and participate in the litigation.  *See* Fed. R. Civ. P. 23(c)(2)(B); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175–76 (1974) ("[I]ndividual notice must be provided

to those class members who are identifiable through reasonable effort.").  The mechanics of the notice process are left to the discretion of the district court, subject only to the broad "reasonableness" standards imposed by due process.  *See Tapia v. Zale Del. Inc.*, No. 13cv1565-PCL, 2017 WL 1399987, at *4 (S.D. Cal. April 18, 2017); *see also Rosenburg v. I.B.M.*, No. CV06–00430PJH, 2007 WL 128232, *5 (N.D. Cal. Jan. 11, 2007) (providing that notice should inform class members of essential terms of settlement, including claims procedures and the right to accept, object or opt-out of settlement).

It appears to the Court that the proposed Notice Plan, which consists of Email Notice and Postcard Notice to be sent directly to Settlement Class Members, as well as a Long Form Notice, Settlement Website, and toll-free phone line, comports with due process, Rule 23, and all other applicable law.  Given the relatively small value at stake for each Class Member, the Court finds that email notice is the best practicable notice under the circumstances and orders that Caliber provide email addresses to the Settlement Administrator for each Settlement Class Member for whom it is in possession of such information.  The Ninth Circuit has approved class notice in the form of email and postcard notice.  *See, e.g.*, *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 946 (9th Cir. 2015) (finding that notice satisfied due process and Rule 23(e) when an initial email notice was supplemented by a postcard notice to those whose emails bounced back).

Moreover, the substance of the proposed Class Notice will fully apprise Class Members of their rights.  Under Rule 23(e), notice to class members "must generally describe the terms of the settlement in sufficient detail to alert those with adverse

viewpoints to investigate and to come forward and be heard." *Lane v. Facebook, Inc.*, 696 F.3d 811, 826 (9th Cir. 2012) (internal quotation marks omitted).  The Notice contains all of the critical information required to apprise Class Members of their rights under the Settlement, directs them to the Settlement Website where they can obtain more detailed information, and provides a toll-free number for Class Members to call with questions. This approach to notice is adequate.  *See, e.g.*, *Sarabri v. Weltman, Weinberg & Reis Co., L.P.A.*, No. 10cv1777 AJB (NLS), 2012 WL 3809123, at *2 (S.D. Cal. Sept. 4, 2012) (approving mailed notice where notice would include the settlement website with a full settlement details and the claim administrator's toll-free number); *Knutson v. Schwan's Home Serv., Inc.*, No. 3:12-cv-00964-GPC-DHB, 2014 WL 3519064, at *5–*6 (S.D. Cal. July 14, 2014) (same).  The Court also finds that the proposed costs associated with the Notice Plan appear to be fair and reasonable.

## III.      Schedule and Procedures

The Court orders the following schedule and procedures for disseminating the Notice, requesting exclusion from the Settlement Class, objecting to the Settlement, filing the Fee and Service Award Application, and filing the motion for final approval:

| Date | Event |
|---|---|
| 14 days after Preliminary Approval Order | Caliber to provide Settlement Class Member List to Settlement Administrator |
| 30 days after the date that Caliber provides the Settlement Class Member List to the Settlement Administrator | Settlement Administrator to cause Email Notice to be sent to Settlement Class Members with email addresses |
| 30 days after the date that Caliber provides the Settlement Class Member | Settlement Administrator to cause Postcard Notice to be sent to Settlement Class |

| List to the Settlement Administrator | Members without email addresses |
|---|---|
| 30 days after Preliminary Approval Order | Settlement Administrator to establish Settlement Website and toll-free telephone line |
| 84 days after Preliminary Approval Order | Deadline for Class Counsel to file Fee and Service Award Application |
| 105 days after Preliminary Approval Order | Response Deadline (deadline to request exclusion or file objections) |
| 21 days before Final Fairness Hearing | Deadline to file motion for final approval |
| 14 days before Final Fairness Hearing | Deadline to respond to objections |
| December 16, 2021, at 9:00 a.m. | Final Fairness Hearing |

## IV.     Final Fairness Hearing

The Court will hold a Final Fairness Hearing for a final determination of whether the proposed Settlement is fair, reasonable, and adequate. The Final Fairness Hearing will be held in Courtroom 7A of the Saint Paul Courthouse on December 16, 2021, at 9:00 a.m. Objections by Settlement Class Members will be considered if filed in writing by the Response Deadline above. Settlement Class Members who have not requested exclusion may be heard orally in support of or opposition to the Settlement. Settlement Class Members who wish to appear at the Final Fairness Hearing through counsel are required to file a notice of his or her desire to appear personally, and counsel must file a notice of appearance on the docket. Settlement Class Members proceeding *pro se* are requested, but not required, to file a notice of his or her desire to appear personally. These written notice requirements may be excused upon a showing of good cause.

## V.      Other Provisions

Class Counsel and Caliber are authorized to take, without further Court approval, all necessary and appropriate steps to implement the Settlement, including the proposed Notice Plan and confirmatory discovery.  The deadlines set forth in this Order may be extended by Order of the Court without further notice to Settlement Class Members, except that notice shall be posted on the Settlement Website.  Settlement Class Members should check the Settlement Website regularly for updates and further details regarding the deadlines.  Exclusions and objections must meet the deadlines and follow the requirements set forth in the approved Class Notice to be valid, although the Court will accept exclusions and objections deemed to be in substantial compliance.

If for any reason the Court does not execute and file an Order of Final Approval, or if the Effective Date does not occur for any reason, the parties will be restored to the *status quo ante* as set forth more specifically in the Settlement.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.      Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of the Settlement Class, (Dkt. 80), is **GRANTED**;

2.      The proposed Settlement Class is certified for settlement purposes only pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure;

3.      The proposed Settlement is preliminarily approved as being fair, reasonable and adequate pursuant to Rule 23(e);

4.      Plaintiffs Stephen Phillips, Mary Tourville-Phillips, Sandi Barnett, Gregory Benjamin, Tyrus Davis, and Christopher Bingham are appointed as Class Representatives;

5.      James L. Kauffman, Randy Pulliam, Hassan A. Zavareei and Kristen G. Simplicio are appointed as Class Counsel;

6.      Caliber is ordered to provide the Settlement Class Member List, including email addresses when available, to the Settlement Administrator, who is ordered to follow the confidentiality provisions set forth in the Settlement Agreement with respect to such information; and

7.      The proposed Notice Plan complies with the requirements of Rule 23 and due process, and Class Notice is to be sent to the Settlement Class Members as set forth in the Settlement Agreement and pursuant to the deadlines above.


Dated:  July 19, 2021                                     s/Wilhelmina M. Wright
                                                          Wilhelmina M. Wright
                                                          United States District Judge